1  DARIN SNYDER (S.B. #136003)
   dsnyder@omm.com
2  DAVID R. EBERHART (S.B. #195474)
   deberhart@omm.com
3  O'MELVENY & MYERS LLP
   Two Embarcadero Center, 28th Floor
4  San Francisco, CA 94111-3823
   Telephone:  (415) 984-8700
5  Facsimile:   (415) 984-8701

6  Attorneys for Defendant
   ATOPTECH, INC.

7

8              UNITED STATES DISTRICT COURT

9             NORTHERN DISTRICT OF CALIFORNIA

10               SAN FRANCISCO DIVISION

11

12 SYNOPSYS, INC.,                    Case No. 3:13-CV-02965 SC

13              Plaintiff,            DEFENDANT ATOPTECH, INC.'S
                                      NOTICE OF MOTION, MOTION, AND
14      v.                            MEMORANDUM IN SUPPORT OF
                                      ITS MOTION TO DISMISS
15 ATOPTECH, INC.,                    SYNOPSYS, INC.'S AMENDED
                                      COMPLAINT FOR FAILURE TO
16              Defendant.            STATE A CLAIM

17                                    Hearing Date:    Date to Be Determined

18                                    Time:            10:00 a.m.

19                                    Judge:           Samuel Conti

20                                    Courtroom:       1-17th Floor

21

22

23

24

25

26

27

28

1

# TABLE OF CONTENTS

2

**Page**

3   NOTICE OF MOTION AND MOTION .................................................................... 1

4   MEMORANDUM OF POINTS AND AUTHORITIES .............................................. 2

5   INTRODUCTION AND ISSUES TO BE DECIDED ................................................. 2

6   ARGUMENT ............................................................................................................ 4

7       I.     LEGAL STANDARDS.................................................................. 4

8             A.     The Motion to Dismiss Should be Granted with Prejudice......................... 4

9       II.    THE COPYRIGHT INFRINGEMENT CLAIM SHOULD BE
           DISMISSED FOR FAILURE TO PLEAD NECESSARY FACTS.

10              (COUNT I) ......................................................................................... 4

11       III.   THE BREACH OF CONTRACT SHOULD BE DISMISSED FOR
           FAILURE TO PLEAD BREACH AND DAMAGES (COUNT XI) ..................... 8

12

13       IV.   SYNOPSYS FAILS TO PLEAD A BREACH OF THE IMPLIED
           COVENANT OF GOOD FAITH AND FAIR DEALING.  (COUNT XII).......... 10

14             A.     Branch One: The Implied Covenant Claim Based on "Audit Right"
              Fails. .......................................................................................... 10

15

16             B.     Branch Two:  Implied Covenant Claim Based on SolvNet Access
              Fails. .......................................................................................... 12

17       V.    SYNOPSYS FAILS TO ADEQUATELY PLEAD THE NECESSARY
           KNOWLEDGE AND INTENT FOR WILLFUL AND INDIRECT

18              PATENT INFRINGEMENT. .................................................................. 13

19             A.     Synopsys Fails to Sufficiently Plead Willful Infringement. ...................... 14

20             B.     Synopsys Fails to Sufficiently Plead Induced Infringement..................... 14

21             C.     Synopsys Fails to Adequately Plead Contributory Infringement.............. 16

22   CONCLUSION ........................................................................................................ 17

23

24

25

26

27

28

# TABLE OF AUTHORITIES

**Page**

**CASES**

AMini Innovation Corp. v. KTY Int'l Mktg.,
   768 F. Supp. 2d 1049 (C.D. Cal. 2011) ................................................................. 7

Ashcroft v. Iqbal,
   556 U.S. 662 (2009) ................................................................................................. 4

Bascom Research LLC v. Facebook, Inc.,
   C 12-6293 SI, 2013 WL 968210 (N.D. Cal. Mar. 12, 2013) ........................... 14, 16

Bauer v. Tacey Goss, P.S.,
   C 12-00876 JSW, 2012 WL 2838834 (N.D. Cal. July 10, 2012) ........................... 5

Bell Atl. Corp. v. Twombly,
   550 U.S. 544 (2007) ................................................................................................. 7

Brandywine Commc'ns Techs., LLC v. Casio Computer Co.,
   912 F. Supp. 2d 1338 (M.D. Fla. 2012) ................................................................ 16

Chestang v. Yahoo!, Inc.,
   No. CIV 2:11-cv-0989 MCE AC PS, 2012 WL 6088320 (E.D. Cal. Dec. 6,
   2012) ....................................................................................................................... 6

Daniels-Hall v. Nat'l Educ. Ass'n,
   629 F.3d 992 (9th Cir. 2010) ................................................................................... 4

i4i Ltd. P'ship v. Microsoft Corp.,
   598 F.3d 831 (Fed. Cir. 2010) ............................................................................... 14

In re Netflix, Inc.,
   2013 WL 4479255 (N.D. Cal. Aug. 20, 2013) ........................................................ 4

In re Seagate Tech., LLC,
   497 F.3d 1360 (Fed. Cir. 2007) ............................................................................. 14

Infineon Technologies AG v. Volterra Semiconductor Corp.,
   C-11-6239 MMC, 2012 WL 3939353 (N.D. Cal. Sept. 10, 2012) ......................... 15

Lee v. City of L.A.,
   250 F.3d 668 (9th Cir. 2001) ................................................................................... 7

Lippman v. Sears, Roebuck & Co.,
   44 Cal. 2d 136 (1995) ....................................................................................... 11, 12

Parrino v. FHP, Inc.,
   146 F.3d 699 (9th Cir. 1998) ................................................................................. 12

Phillips v. Murdock,
   543 F. Supp. 2d 1219 (D. Haw. 2009) ..................................................................... 6

**TABLE OF AUTHORITIES**
(continued)

Page

*Proxyconn Inc. v. Microsoft Corp.*,
  SACV 11-1681 DOC ANx, 2012 WL 1835680 (C.D. Cal. May 16, 2012) ........................... 15

*Redd Grp., LLC v. Glass Guru Franchise Sys., Inc.*,
  12-CV-04070-JST, 2013 WL 3462078 (N.D. Cal. July 8, 2013) ........................... 16

*Ren v. Wells Fargo Bank, N.A.*,
  No. 13-0272 SC, 2013 WL 5340388 (N.D. Cal. Sept. 24, 2013) ........................... 4

*Rosenburg v. Bank of Am., N.A.*,
  No. CV 11-10597–CAS(CWx), 2013 WL 1191436 (C.D. Cal. Mar. 21, 2013) ..................... 9

*Salt Optics, Inc. v. Jand, Inc.*,
  No. 10-0828 DOC, 2010 WL 4961702 (C.D. Cal. Nov. 19, 2010) ........................... 6

*Starr v. Baca*,
  652 F.3d 1202 (9th Cir. 2011) ........................... 4

*Symantec Corp. v. Veeam Software Corp.*,
  C 12-00700 SI, 2012 WL 1965832 (N.D. Cal. May 31, 2012) ........................... 17

*Third Story Music, Inc. v. Waits*,
  41 Cal. App. 4th 798 (1995) ........................... 11

*Ubiquiti Networks, Inc. v. Kozumi USA Corp.*,
  No. C 12–2582 CW, 2013 WL 368365 (N.D. Cal. Jan. 29, 2013) ........................... 13

*Wilson v. Frito-Lay N. Am., Inc.*,
  2013 WL 5777920 (N.D. Cal. Oct. 24, 2013) ........................... 4

ATOPTECH'S MOTION TO DISMISS
SYNOPSYS'S AMENDED COMPLAINT
CASE NO. 13-CV-02965 SC

1   **NOTICE OF MOTION AND MOTION**

2   **TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

3         **PLEASE TAKE NOTICE THAT** on the date and time to be determined in consultation

4   with the Courtroom Deputy or ordered by the Court, in Courtroom 1 at the United States

5   Courthouse, 450 Golden Gate Avenue, San Francisco, California, 94102, 17th Floor, the

6   Honorable Samuel Conti presiding, Defendant ATopTech, Inc. ("ATopTech") will and hereby

7   does move to dismiss Counts I, Counts II-V as to willful, induced, and contributory infringement,

8   and Counts XI-XII of Plaintiff Synopsys, Inc.'s ("Synopsys") Amended Complaint under Federal

9   Rule of Civil Procedure 12(b)(6) for failure to state a claim, or, in the alternative as to Count I, for

10  a more definite statement under Federal Rule of Civil Procedure 12(e).

11        This Motion is based on this Notice of Motion and Motion, the attached Memorandum of

12  Points and Authorities, the Declaration of Melody Drummond Hansen and Exhibits, cited

13  pleadings on file with the Court in this action, and on such other materials and evidence as may

14  be presented to the Court.

15

16        Dated:  December 5, 2013          O'MELVENY & MYERS LLP

17                                      By: _/s/ *David R. Eberhart*_

18                                      DARIN SNYDER (S.B. #136003)

19                                      dsnyder@omm.com
    DAVID R. EBERHART (S.B. #195474)

20                                      deberhart@omm.com

21                                      Attorneys for Defendant
    ATOPTECH, INC.

22

23

24

25

26

27

28

ATOPTECH'S MOTION TO DISMISS
SYNOPSYS'S AMENDED COMPLAINT
CASE NO. 13-CV-02965 SC

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION AND ISSUES TO BE DECIDED

The Court dismissed the majority of Synopsys's twelve original claims, providing specific descriptions of their deficiencies and how to remedy them. Synopsys's amended complaint, however, does not mend those deficiencies. Instead, Synopsys largely reorganizes the same deficient allegations into seven claims for relief in an attempt to improperly broaden the scope of the case and to imply widespread wrongdoing by ATopTech. Like its predecessor, Synopsys's amended complaint should be dismissed.

Synopsys initially alleged eight non-patent claims for relief: trade secret misappropriation, common law misappropriation, violation of the Computer Fraud and Abuse Act and California Penal Code Section 502, unfair competition, copyright infringement, breach of contract, and breach of the implied covenant of good faith and fair dealing. Synopsys based all eight of these claims primarily on two general allegations: (1) ATopTech allegedly copied information it received under a license (the "CPLA") with Synopsys (and its predecessor Extreme DA) to achieve product interoperability, and (2) ATopTech allegedly accessed Synopsys's SolvNet website and obtained materials related to Synopsys's PrimeTime and IC Compiler products. The Court found Synopsys's Complaint sufficient only for those parts of the copyright and unfair competition claims based on Synopsys's allegations that a small portion of documentation for ATopTech's Aprisa product copied GoldTime input and output formats it received under the CPLA. The Court dismissed all of the other the non-patent claims—including all claims based on allegations related to SolvNet.

Synopsys's amended complaint abandons its claims for trade secret misappropriation, common law misappropriation, violation of the Computer Fraud and Abuse Act and California Penal Code Section 502, and unfair competition. And in attempting to re-plead plausible claims for copyright infringement, breach of contract, and breach of the implied covenant, Synopsys ignores the deficiencies the Court instructed it to remedy and makes other changes that doom those claims. Synopsys removes the specific allegations that the Court found adequate to state a claim, even while improperly attempting to smuggle in its deficient allegations regarding SolvNet

as alleged support for its claim for breach of implied covenant of good faith and fair dealing.

Synopsys's current copyright claim should be dismissed because it does not plead facts sufficient to state a plausible claim.  The Court previously found that Synopsys had adequately pled a narrow copyright claim, but Synopsys deleted the allegation that the Court cited to uphold that claim.  Synopsys now tries to plead a broader claim than the Court upheld, but Synopsys pleads no new facts to support that broader claim.  Synopsys's amended copyright claim should be dismissed or, at the least, Synopsys should be required to plead new facts supporting the broadened claim.

Synopsys's amended breach of contract claim should be dismissed because it does not "plausibly explain the alleged breach and how it damaged Plaintiff," as the Court instructed. (Order at 30.)  Instead, Synopsys includes a few conclusory allegations of supposed breaches "on information and belief,"  but it does not allege any facts to explain the claimed breaches or how Synopsys was damaged.

Synopsys's amended implied covenant claim should likewise be dismissed.  Synopsys again asserts ATopTech's alleged violation of an "audit right," but, as in its original complaint, Synopsys does not plausibly allege that such an "audit right" exists.  Synopsys's amended implied covenant claim also relies on alleged unauthorized access to SolvNet, supposedly in breach of three separate agreements.  But those three agreements have nothing to do with SolvNet.  In fact, not one of them even mentions SolvNet.  And Synopsys's amended complaint nowhere pleads facts plausibly alleging that ATopTech breached any implied covenant in bad faith or alleging Synopsys's damage, both of which are required for a properly pled claim.

Synopsys similarly ignores the Court's instructions on its willful, induced, and contributory patent infringement claims.  Synopsys fails to allege the essential element that ATopTech knew about the patents before the lawsuit.  And Synopsys fails to allege a factual basis for any claim that ATopTech intended to infringe Synopsys patents, directly or indirectly.

Synopsys's claims for copyright infringement, breach of contract, breach of implied covenant of good faith and fair dealing, and willful, induced, and contributory infringement should be dismissed with prejudice.

ATOPTECH'S MOTION TO DISMISS
SYNOPSYS'S AMENDED COMPLAINT
CASE NO. 13-CV-02965 SC

1

**ARGUMENT**

2   **I.      LEGAL STANDARDS**

3            **A.      The Motion to Dismiss Should be Granted with Prejudice**

4            A plaintiff must allege sufficient facts to "state a claim to relief that is plausible on its

5   face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  When considering a motion to dismiss, a

6   court assumes the truth of well-pled facts, but need not accept as true allegations that are "merely

7   conclusory, unwarranted deductions of fact, or unreasonable inferences." *Daniels-Hall v. Nat'l*

8   *Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).  A complaint's allegations should be both

9   "sufficiently detailed to give fair notice to the [opposing party] of the nature of [the] claim" and

10  sufficiently plausible that it is "not unfair to require the opposing party to be subjected to the

11  expense of discovery." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).  A plaintiff's claims

12  are properly dismissed with prejudice where a court has already given leave to amend and

13  provided instructions on how a plaintiff may successfully plead its claims.  *Wilson v. Frito-Lay N.*

14  *Am., Inc.*, 2013 WL 5777920, at *2-3 (N.D. Cal. Oct. 24, 2013) (dismissing claims with

15  prejudice).  *See also In re Netflix, Inc.*, 2013 WL 4479255, at *7 (N.D. Cal. Aug. 20, 2013)

16  (dismissing amended complaint with prejudice because additional pled allegations "do not

17  provide plausible support for Plaintiffs' claims" and were "too vague and conclusory"); *Ren v.*

18  *Wells Fargo Bank, N.A.*, No. 13-0272 SC, 2013 WL 5340388 (N.D. Cal. Sept. 24, 2013)

19  (dismissing claims with prejudice on second motion to dismiss).

20  **II.     THE COPYRIGHT INFRINGEMENT CLAIM SHOULD BE DISMISSED FOR
            FAILURE TO PLEAD NECESSARY FACTS.  (COUNT I)**

21

22           The copyright claim should be dismissed because Synopsys has not pled facts to support

23  that claim—instead, Synopsys has ***deleted*** some of the facts that the Court cited to uphold a

24  narrow portion of the previously pled claim and has pled no new facts to support any broader

25  claim.  If Synopsys believes it can plead a claim broader than the Court upheld, Synopsys must

26  plead additional facts to support that broader claim.  What it surely cannot do is "unplead" facts

27  that provided the basis for a narrow copyright claim in order to plead a broader claim.  The claim

28  should be dismissed or, at the least, Synopsys should be required to plead facts supporting the

ATOPTECH'S MOTION TO DISMISS
SYNOPSYS'S AMENDED COMPLAINT
CASE NO. 13-CV-02965 SC

claim.

The Court previously dismissed most of Synopsys's copyright claim but permitted a portion to proceed.  The Court wrote:

> Plaintiff states, in full, "Synopsys is in possession of *a small portion of* Aprisa documentation—provided by ATopTech—revealing that Aprisa includes proprietary PrimeTime and GoldTime input and output formats." *Id.*  Since Plaintiff has specifically asserted that these input and output formats from PrimeTime and GoldTime documentation are copyrighted and were duplicated in Defendant's materials, this portion of the complaint is sufficient enough, taken as true, for Plaintiff to state a claim for copyright infringement based on that limited set of materials.

(Order at 11 (emphasis added).)  As to the remainder of the copyright claim, Synopsys never made "clear what Defendant copied which [made] it impossible for the Court to find Plaintiff's claim plausible."  (*Id.* at 10.)  The Amended Complaint does not cure this defect; instead, it worsens it.

Synopsys deletes the phrase "a small portion of" from the sentence the Court cited to uphold the claim, thereby recasting the allegation as "Synopsys is in possession of Aprisa documentation—provided by ATopTech—revealing that Aprisa includes proprietary PrimeTime and GoldTime input and output formats."  (*Compare* Compl. ¶ 35 *with* Am. Compl. ¶¶ 35, 54.)  Synopsys pleads no new facts to support the notion that it possesses any broader collection of Aprisa documentation, and Synopsys cannot escape the specific admission of its original pleading by simply deleting the now-inconvenient phrase.  *Bauer v. Tacey Goss, P.S.*, C 12-00876 JSW, 2012 WL 2838834, at *3 (N.D. Cal. July 10, 2012) (allegations in an original complaint are judicial admissions if Plaintiff does not provide "any legitimate basis for withdrawing these allegations").  That "small portion" of documentation provided by ATopTech to Synopsys comprises a mere *four pages*.  That documentation is submitted herewith and discussed further below.

Synopsys attempts to further broaden the scope of its copyright claim by adding the allegation that ATopTech "copied *significant portions* of the PrimeTime and GoldTime proprietary input and output formats." (Am. Compl. ¶ 54 (emphasis added).)  The emphasized language does not appear in the original Complaint.  (*See* Compl. ¶ 35.)  Here again, Synopsys

provides no facts to support this broadened allegation.  As it did in its original Complaint, Synopsys is simply, and impermissibly, "speculating on how widespread the copying may be, without describing the acts or works that infringe Plaintiff's Copyrighted Software."  (Order at 10.)

As ATopTech's original motion to dismiss noted, Synopsys fails to adequately plead facts supporting its copyright claims in multiple ways:

- by failing to identify the allegedly infringed work, instead pointing to 10,000+ pages of copyright deposits as comprising the "Copyrighted Software" that ATopTech may have infringed.  *Compare Salt Optics*, *Inc. v. Jand, Inc.*, No. 10-0828 DOC, 2010 WL 4961702, at *6 (C.D. Cal. Nov. 19, 2010) (requiring specificity in pleading of allegedly infringed works); *see also* Mot. at 6:15-20;

- by failing to identify the allegedly infringing work—i.e., which versions of Aprisa are accused—a particularly important point because Aprisa was launched prior to any of ATopTech's alleged access to GoldTime.  *Compare Chestang v. Yahoo!, Inc.*, No. CIV 2:11-cv-0989 MCE AC PS, 2012 WL 6088320, at *1 (E.D. Cal. Dec. 6, 2012) (dismissing complaint with prejudice in part for failure to "identify or describe the website allegedly violating plaintiff's rights")  (Mot. at 6:22-26);

- by failing to plead facts supporting the claim that ATopTech had access to Synopsys's copyrighted PrimeTime software through ATopTech's alleged access to Extreme DA's GoldTime software—indeed, Synopsys pleads no facts supporting access at any time prior to the launch of Aprisa in 2010 up to the signing of the CPLA and no facts supporting access at any time to copyrighted PrimeTime works that reside within the "Copyrighted Software" but were created after Synopsys acquired Extreme DA in 2011.  (Mot at 7:1-14);

- by failing to plead any facts supporting substantial similarity between the accused Aprisa product and any copyrighted work.  *Compare Phillips v. Murdock*, 543 F. Supp. 2d 1219, 1226 (D. Haw. 2009) (allegations of substantial similarity based on defendant's advertising insufficient); *see also* Mot. at 7:14-16;

ATOPTECH'S MOTION TO DISMISS
SYNOPSYS'S AMENDED COMPLAINT
CASE NO. 13-CV-02965 SC

- by failing to plead any facts supporting copying of any copyrighted work beyond the previous allegation that a "***small portion of*** Aprisa documentation" supposedly "includes proprietary PrimeTime and GoldTime input and output formats." (Mot. at 8:3-10); and

- by failing to plead any facts supporting willful infringement. *Compare AMini Innovation Corp. v. KTY Int'l Mktg.*, 768 F. Supp. 2d 1049, 1054-55 (C.D. Cal. 2011) (conclusory pleading of willfulness insufficient); *see also* Mot. at 8;12-14.xxx

These omissions are intentional and strategic. Synopsys seeks to plead the broadest claim possible in the hope that it can overwhelm its much-smaller competitor with expansive discovery that might support some claim falling within that broad scope. Such pleading is improper under *Iqbal* and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and it should not be permitted. If the Court declines to dismiss the copyright claim entirely, it should at least require Synopsys to provide a more definite statement that details the specific "input and output formats" that were allegedly copied by Extreme DA into its GoldTime product and thereafter allegedly copied by ATopTech into Aprisa. There is no allegation that ATopTech ever had access to PrimeTime; Synopsys alleges only that ATopTech had access to Extreme DA's GoldTime. And, in the course of suing and later acquiring Extreme DA, Synopsys surely learned which Synopsys "input and output formats" were supposedly copied into Extreme DA's GoldTime product. In fact, both complaints specifically alleged such knowledge but fail to disclose any of the substance of that knowledge. (*See* Compl. ¶ 20; Am. Compl. ¶ 22.)

ATopTech attaches hereto the four pages of Aprisa documentation that are the basis of Synopsys's allegation in the original Complaint and in the Amended Complaint. (Exhibit ("Ex.") A; Drummond Hanson Decl. ¶ 2.) These are the only pages of relevant Aprisa documentation that ATopTech has provided to Synopsys. (*Id.*) This document is properly considered on a motion to dismiss because the Amended Complaint "necessarily relies on [it]." *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001). As the Court will see, it is far from clear in those four pages what comprises an "input format" or an "output format," let alone what of that material might have originated with GoldTime or, in turn, PrimeTime. *Iqbal* and *Twombly* teach

1   that ATopTech cannot be left guessing at the fundamental substance of Synopsys's copyright

2   claim.  The Court should dismiss the claim or, at the very least, order Synopsys to provide a more

3   definite statement identifying the specific "input and output formats" it claims were copied by

4   ATopTech.

### III. THE BREACH OF CONTRACT SHOULD BE DISMISSED FOR FAILURE TO PLEAD BREACH AND DAMAGES (COUNT XI)

7   Synopsys fails to plead a viable claim for breach of contract because, as before, it does not

8   "plausibly explain the alleged breach and how it damaged Plaintiff."  (Order at 30.)  The

9   Amended Complaint adds a handful of conclusory allegations without supporting facts.  First,

10  Synopsys adds "on information and belief" that ATopTech "improperly us[ed] reverse

11  engineering of Synopsys' GoldTime software in violation of the CPLA to improve and modify

12  ATopTech's products."  (Am. Compl. ¶ 96.)  But Synopsys pleads no facts to plausibly support

13  this new assertion of reverse engineering.  This bare allegation no more supports the claim than

14  did Synopsys's argument in its opposition to ATopTech's motion to dismiss that reverse

15  engineering had transpired, even though the original complaint alleged no reverse engineering.

16  (ECF No. 24 at 12-13.)

17  Second, Synopsys replaces its prior claim that ATopTech breached the CPLA by

18  "disclosing confidential information in its Aprisa documentation" (Compl. ¶ 123) with a claim

19  "on information and belief" that ATopTech breached the CPLA by "disclosing to its customers

20  Synopsys's proprietary PrimeTime and GoldTime input and output formats in violation of the

21  confidentiality restrictions contained in the CPLA" (Am. Compl. ¶ 97).  But this amended

22  allegation adds words without adding facts to the previous allegations: the original, defective

23  complaint claimed ATopTech copied those vague "input and output formats" into its product

24  documentation which, of course, was provided to customers.  (*See* Compl. ¶ 35.)  The additional

25  words in the Amended Complaint do not "plausibly explain the alleged breach" (Order at 10),

26  particularly where  the CPLA excludes from protection information that was publicly known.

27  (*See* Ex. B § 5.1).  Although Synopsys has not adequately described what those "input and output

28  formats" comprise, one thing is clear: they exist somewhere in the 10,000+ pages of material

1   Synopsys filed publicly with the Copyright Office.  (*See, e.g.*, ATopTech Motion to Dismiss at

2   9-10, ECF Nos. 10-2 and 10-3, ATopTech Reply at 6-7, Order at 16.)  As such, that information

3   is public, Synopsys has not pled plausible facts showing a violation of the CPLA's confidentiality

4   clause, and Synopsys has ignored the Court's directive that it explain "what other parts of the

5   software were copied or how Defendant breached any confidentiality clause."  (Order at 29.)

6          Finally, Synopsys again fails to plausibly allege damages.  Synopsys makes no effort to

7   plead facts plausibly supporting any damage caused by ATopTech allegedly "possessing and

8   using PrimeTime and GoldTime software and other confidential information following the

9   CPLA's termination."  (Am. Compl. ¶ 99.)  And Synopsys again provides only unsupported

10  speculation for its other damage theories.  For example, Synopsys alleges that "[t]hrough its

11  breaches, ATopTech was able to accelerate substantially the development and improvement to its

12  products to unfairly compete with Synopsys, including Synopsys' IC Compiler."  (Am. Compl.

13  ¶ 98.)  Synopsys also alleges "Synopsys has suffered and will continue to suffer economic injury

14  and monetary loss to its business, including, for example, lost sales and price erosion of

15  Synopsys' products, as well as monetary costs relating to Synopsys' attempts to verify

16  ATopTech's compliance with the CPLA."  However, the amended complaint is devoid of facts

17  supporting the notion that ATopTech "accelerated" the development of its products through any

18  of the alleged breaches, that it "unfairly compet[ed] with Synopsys," or that any losses to

19  Synopsys actually occurred—indeed, Synopsys fails to allege even the most basic facts, such as

20  which ATopTech product supposedly took sales from IC Compiler.  Nor does Synopsys allege

21  how its supposed "monetary costs" related to its attempt to "verify compliance" with the CPLA

22  could be cognizable damage, particularly since Synopsys does not allege that ATopTech breached

23  the CPLA by refusing to "verify compliance."  *See Rosenburg v. Bank of Am., N.A.*, No. CV

24  11-10597–CAS(CWx), 2013 WL 1191436, at *5 (C.D. Cal. Mar. 21, 2013) (dismissing breach of

25  contract claim because alleged breach was "not related to plaintiff's harm in any cognizable

26  way.")  Synopsys's allegations are pure speculation, and they do not constitute the well-pled facts

27  necessary to save its contract claim.

28

ATOPTECH'S MOTION TO DISMISS
SYNOPSYS'S AMENDED COMPLAINT
CASE NO. 13-CV-02965 SC

1

2

**IV.     SYNOPSYS FAILS TO PLEAD A BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING.  (COUNT XII)**

3     The Court dismissed Synopsys's original breach of implied covenant claim because

4     Synopsys never alleged that the CPLA contained any clause that granted it a right to verify

5     ATopTech's compliance, the alleged breach of confidentiality obligations duplicated the breach

6     of contract claim, and the allegations of bad faith were "unacceptably conclusory."  (Order at

7     31-32.)  The Amended Complaint pleads additional facts, but it does not cure these defects.  The

8     implied covenant claim fails for various independently sufficient reasons: alleging breaches

9     relating to obligations and benefits that nowhere exist in the contracts, making conclusory claims

10    of bad faith, failing to plead facts showing breach, and failing to allege damages plausibly.

11    **A.     Branch One: The Implied Covenant Claim Based on "Audit Right" Fails.**

12    Synopsys again alleges that the CPLA granted it an "audit" right to verify ATopTech's

13    compliance with that agreement.  (Am. Compl. ¶¶ 43-45, 47-48.)  The Court previously dismissed

14    this portion of the implied covenant claim for failing to identify any contractual term granting

15    such a right (Order at 31-32); Synopsys now purports to have found that right in Section 7 of the

16    CPLA (Am. Compl. ¶¶ 108-110).   According to Synopsys, that section "provides that Synopsys

17    has the right to verify ATopTech's performance under the CPLA," to "verify the extent and

18    nature of ATopTech's non-compliance with the CPLA," and to "protect [Synopsys's] intellectual

19    property."  (*Id.*)  Section 7, however, says no such thing.

20    Instead, Section  7 is entitled "Term And Termination" and relates to ATopTech's efforts

21    to make available an interoperable product, not to ATopTech's protection of Synopsys's

22    intellectual property.  It provides:

23    
24    
25    

> During the term of this Agreement, from time to time, Extreme DA may verify Participant's efforts pursuant to this Agreement.  Extreme DA reserves the right to suspend or terminate Participant's participation in the Program based on the lack of a commercially available integration or as a result of actions by Participant that Extreme DA, in its sole discretion, deems not in the best interests of the Program or Extreme DA.

26    

27    (Ex. B at § 7.2.)  Not only does the subject matter of Section 7 not match Synopsys's claim, that

28    section imposes no obligation on ATopTech, let alone an obligation to participate in an audit.

Synopsys "cannot look to the courts to amend that terms that prove unsatisfactory." *Third Story Music, Inc. v. Waits*, 41 Cal. App. 4th 798, 809 (1995).  Moreover, if Synopsys contends the express terms of the CPLA provide an audit right, its claim also fails, because "there can be no implied covenant where the subject is completely covered by the contract."  *Lippman v. Sears, Roebuck & Co.*, 44 Cal. 2d 136, 142 (1995).

Nor does anything in the CPLA suggest an audit right was "so clearly within the contemplation of the parties that they deemed it unnecessary to express it."  *Id*.  When Synopsys wanted to reserve an audit right, it knew how to do it.  The POCV agreement—entered into by the same parties (ATopTech and Synopsys's predecessor in interest Extreme DA) and referenced at paragraphs 5, 34, 43, and 45 of the Amended Complaint—expressly includes an audit right, providing that ATopTech would keep certain records "which support compliance with this Agreement" and "Extreme DA shall have the right to engage an independent accounting firm to examine and audit" such records.  (Ex. 4 § 6.)  Although Synopsys discussed the POCV Agreement in its Amended Complaint, Synopsys does not allege a breach of the express or implied terms of that agreement.  (Am. Comp. ¶¶ 5, 34, 43, 45.)

Synopsys's implied covenant claim based on an audit right also fails for the independent reason that Synopsys inadequately pleads bad faith.  Synopsys alleges "bad faith" in the same "unacceptably conclusory" manner that led the Court to dismiss its initial claim.  Synopsys alleges only that "ATopTech intentionally and wrongfully delayed Synopsys' right to verify ATopTech's performance" and "forc[ed] Synopsys to expend significant resources to obtain information ATopTech never had any intention of providing."  (Am. Compl. ¶¶ 109, 110; *Cf.* Compl. ¶ 130 and Order at 32.)  These conclusory allegations do not provide the facts necessary to state a plausible claim of bad faith.

Finally, Synopsys does not plausibly allege damage to Synopsys.  Synopsys alleges that "Synopsys has suffered and will continue to suffer economic injury and monetary loss to its business, including, for example, lost sales and price erosion of Synopsys' products, as well as monetary costs relating to Synopsys' attempts to verify ATopTech's compliance with the CPLA."  (Compl. ¶ 112.)  But Synopsys pleads no facts to make these conclusions plausible: Synopsys

1    neither links the "frustrated audit" to any lost sales or price erosion nor pleads facts establishing

2    that, if it had an audit right, Synopsys was entitled to recover its costs when attempting to exercise

3    that right.  For this independently sufficient reason, the implied covenant claim based on an audit

4    right fails.

5             **B.        Branch Two:  Implied Covenant Claim Based on SolvNet Access Fails.**

6             Now that the Court has dismissed Synopsys's CFAA and CDAFA claims relating to

7    SolvNet, Synopsys recasts those claims as allegations that ATopTech's purported unauthorized

8    access to SolvNet breached implied covenants of the CPLA and two other, newly referenced

9    agreements: a SpringSoft Agreement and a MAP-in License agreement.  (Am. Compl. ¶¶ 102-

10   107.)  Synopsys claims two implied covenants exist in all three agreements:  ATopTech "would

11   not abuse its access to SolvNet as a means to improperly access, use, or copy materials beyond

12   certain GoldTime, SpringSoft and Milkway materials," and "ATopTech would respect and

13   protect Synopsys' proprietary and confidential information, including on SolvNet."  (*Id.* ¶¶ 105,

14   107.)  These dismissed claims cannot be resuscitated using the implied covenant.

15            This branch of Synopsys's implied covenant claim fails because the cited agreements

16   establish no limitations on access to SolvNet or use of materials located there.  In fact, those

17   agreements make ***no reference whatsoever*** to SolvNet.  Attached to this motion are copies of

18   these agreements, and a review of their terms demonstrates that they include no guidelines or

19   restrictions on SolvNet access or access to some arguable equivalent to SolvNet.  (Exs. D, E.)

20   *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998) (contract provisions referenced in

21   complaint can be considered in motion to dismiss).  Nor do they include any provisions obligating

22   ATopTech to "respect and protect" materials on SolvNet, contrary to Synopsys's allegation.

23   (Am. Compl. ¶ 107.)  Synopsys "cannot simply add a contractual term after the fact."  (*See* Order

24   at 31-32.)  And if Synopsys contends ATopTech violated an express provision in the agreements,

25   its claim fails as alleging no more than a breach of contract claim.  *Lippman*, 44 Cal. 2d at 142.

26            This branch of Synopsys's implied covenant claim also fails for the independently

27   sufficient reason that Synopsys does not plausibly plead facts showing that ATopTech acted in

28   "bad faith," *i.e.*, that ATopTech's acts were "prompted not by an honest mistake, bad judgment or

1  negligence but rather by a conscious and deliberate act."  *Ubiquiti Networks, Inc. v. Kozumi USA*

2  *Corp.*, No. C 12–2582 CW, 2013 WL 368365, at *4-5 (N.D. Cal. Jan. 29, 2013).  Instead,

3  Synopsys merely repleads the same allegations the Court dismissed as "unacceptably conclusory

4  and defective," stating "The wrongful acts of ATopTech described herein . . . were at all relevant

5  times undertaken in bad faith."  (Am. Compl. ¶ 111; Compl. ¶ 131; Order at 32.)

6       Finally, Synopsys fails to plausibly allege damage caused by ATopTech's alleged access

7  to SolvNet.  Synopsys makes the conclusory allegation that ATopTech "misused Synopsys

8  confidential and proprietary information against Synopsys—and for the benefit of ATopTech—to

9  compete unfairly in the marketplace."  (Am. Compl. ¶ 112.)  Synopsys pleads no facts plausibly

10  alleging that ATopTech used SolvNet materials, much less misused them. Synopsys also pleads

11  no facts plausibly alleging that ATopTech's alleged access to SolvNet caused Synopsys

12  "monetary loss to its business, including, for example, lost sales and price erosion of Synopsys'

13  products."  (*Id.*)

14       Because Synopsys again fails to state a claim for breach of implied covenant for violating

15  a non-existent audit right and allegedly unauthorized SolvNet access, its claim should be

16  dismissed with prejudice.

17  **V.   SYNOPSYS FAILS TO ADEQUATELY PLEAD THE NECESSARY
18        KNOWLEDGE AND INTENT FOR WILLFUL AND INDIRECT PATENT
         INFRINGEMENT.**

19       The Court dismissed Synopsys's claims for willful and indirect patent infringement

20  because Synopsys did not plead facts supporting pre-suit knowledge of the patents and

21  Synopsys's allegations were otherwise "conclusory."  (Order at 36-40.)  The Court instructed

22  Synopsys how to plead sufficient facts, but Synopsys ignored those instructions.  Instead,

23  Synopsys added only: (1) that ATopTech had knowledge of the asserted patents "at least as of the

24  filing date of Synopsys' original Complaint or the date that ATopTech was served with

25  Synopsys' original Complaint" (Am. Compl. ¶¶ 63-65, 71-73, 79-81, and 87-89); and (2) vague

26  references to AToptech's "customers (including those identified on ATopTech's website)."  (*Id.*

27  ¶¶ 63, 71, 79, and 87.)  These allegations do not supply the additional facts that the Court

28  required, and Synopsys's willful and indirect infringement claims should be dismissed with

1    prejudice.

2         **A.    Synopsys Fails to Sufficiently Plead Willful Infringement.**

3         The Court rejected Synopsys's willfulness claim because "mere recitation of elements [of

4    willfulness] is insufficient."  (Order at 39.)   To state a claim for willful infringement, a plaintiff

5    must plead that the defendant (1) had pre-filing knowledge of the patent and (2) had specific

6    intent to infringe the patent.  *i4i Ltd. P'ship v. Microsoft Corp.*, 598 F.3d 831, 861 (Fed. Cir.

7    2010).

8         Synopsys does not plead that ATopTech had pre-filing knowledge of the asserted patents.

9    The Court previously considered the pre-filing correspondence on which Synopsys's original

10   complaint relied, and the Court found that plaintiff "fails to allege that Defendant was aware of

11   the Patents-in-Suit."  (Order at 39.)  Synopsys's amended complaint pleads even less than the

12   original—Synopsys removed references to ATopTech's pre-filing knowledge, and instead it relies

13   on knowledge based on the filing of Synopsys's original complaint.  (Am. Comp. ¶¶ 63-65, 71-

14   73, 79-81).  But as a matter of law, post-filing knowledge is insufficient to establish willfulness.

15   *In re Seagate Tech., LLC*, 497 F.3d 1360, 1374 (Fed. Cir. 2007).

16        Synopsys also fails to plead facts that ATopTech had specific intent to infringe.  Synopsys

17   simply re-pleads the same allegations that the Court rejected as "nothing more than a recitation of

18   the claim's elements."  (Order at 40.)  Those claims are "devoid of factual allegations" and must

19   be dismissed.  *Bascom Research LLC v. Facebook, Inc.*, C 12-6293 SI, 2013 WL 968210, at *6

20   (N.D. Cal. Mar. 12, 2013).

21        Because Synopsys fails to allege either element of willful infringement, Synopsys's

22   willful infringement claim should therefore be dismissed with prejudice.

23        **B.    Synopsys Fails to Sufficiently Plead Induced Infringement.**

24        The Court dismissed Synopsys's claim of induced infringement because "descriptions of

25   the Patents-in-Suit and Defendant's products, coupled with bare pleading of the elements" do not

26   create "a reasonable inference of the Defendant's intent to induce infringement."  (Order at 37.)

27   The Court instructed that Synopsys could adequately allege induced infringement by pleading

28   "facts as to how Defendant's design or instruction were meant to induce or encourage"

ATOPTECH'S MOTION TO DISMISS
SYNOPSYS'S AMENDED COMPLAINT
CASE NO. 13-CV-02965 SC

1  infringement.  (Order at 37-38.)

2          Synopsys's amended complaint adds no details explaining how ATopTech's designs or

3  instructions were meant to induce or encourage infringement.  Instead, Synopsys again merely

4  recites legal elements, e.g., that ATopTech "instruct[s] customers (including those identified on

5  ATopTech's website) to use its products in a manner that directly infringes the [patents-in-suit]."

6  (Am. Compl. ¶¶ 63, 71, 79, and 87.)  These allegations are effectively the same as the ones the

7  Court dismissed; Synopsys adds only that ATopTech's customers "include[e] those identified on

8  ATopTech's website."  (*Id.*)  And as in its original complaint, Synopsys merely parrots general

9  descriptions of the asserted patents.[1]  This is far short of an adequately pled claim that, for

10  example, identifies similarities between the patent claims and the accused products and alleges

11  facts showing the defendant advertised an infringing use or instructed customers or third parties

12  regarding how to engage in an infringing use.  *Infineon Technologies AG v. Volterra*

13  *Semiconductor Corp.*, C-11-6239 MMC, 2012 WL 3939353, at *4 (N.D. Cal. Sept. 10, 2012).

14          Even if the Court finds that Synopsys has now alleged induced infringement adequately,

15  that claim must be limited to inducement after Synopsys filed its first, deficient complaint.

16  Synopsys does not plead pre-filing knowledge of the patents.  (Am. Compl. ¶¶ 63-65, 71-73, 79-

17  81, 87-89.)  Instead, it relies on ATopTech's knowledge as of the filing or service of the original

18  complaint.  (*Id.*) While courts are split on whether notice via the complaint can meet the

19  knowledge requirement for induced infringement,[2] even courts that allow such claims to proceed

20  _____

21  [1] Synopsys alleges that ATopTech instructs its customers to:

22  • "run the Aprisa software products to analyze and reduce crosstalk effects on interconnects of an integrated circuit design represented as a netlist in a manner that infringes the '348 Patent" (Am. Compl. ¶ 63);

23  • "run the Aprisa or Apogee software products to provide off-grid routing that automatically

24    extends wire location representations from one grid to another grid in a manner that infringes the '941 Patent" (Am. Compl. ¶ 71);

25  • "run the Aprisa software products to provide static timing analysis that utilizes through exceptions in a manner that infringes the '127 Patent" (Am. Compl. ¶ 79); and

26  • "run the Aprisa or Apogee software products to physically design integrated circuits utilizing hierarchical partitioning in a manner that infringes the '967 Patent."  (Am. Compl. ¶ 687).

27  [2] *See, e.g.*, *Proxyconn Inc. v. Microsoft Corp.*, SACV 11-1681 DOC ANx, 2012 WL 1835680, at

28  *6 (C.D. Cal. May 16, 2012) (holding "knowledge after filing of the present action is not sufficient for pleading the requisite knowledge for indirect infringement."); *Brandywine*

ATOPTECH'S MOTION TO DISMISS
SYNOPSYS'S AMENDED COMPLAINT
CASE NO. 13-CV-02965 SC

1   limit the reach of such claims to post-filing conduct.  *See e.g.*, *Bascom*, 2013 WL 968210, at *4

2   ("If [plaintiff] alleges that defendants' knowledge is based on the filing of the complaints,

3   [plaintiff's] claims for induced infringement will be limited to post-filing conduct.")

4   **C.   Synopsys Fails to Adequately Plead Contributory Infringement.**

5   The Court dismissed Synopsys's claim for contributory infringement, holding "Plaintiff

6   has failed to raise the reasonable inference that Defendant's software has no substantial non-

7   infringing uses … Plaintiff's complaint is so vague as to its own claims and Defendant's

8   products, the Court cannot find that Defendant's software has no substantial non-infringing uses."

9   (Order at 39.)

10  Like its predecessor, Synopsys's amended complaint pleads no facts raising the

11  reasonable inference that ATopTech's products have no substantial non-infringing uses.  A

12  plaintiff must explain how the accused products relate to the asserted patents before a court "can

13  reasonably infer that [the asserted product] has no substantial non-infringing uses."  *Redd Grp.,*

14  *LLC v. Glass Guru Franchise Sys., Inc.*, 12-CV-04070-JST, 2013 WL 3462078, at *5 (N.D. Cal.

15  July 8, 2013).  But Synopsys's amended complaint does not allege any additional facts about the

16  accused products or the asserted patents.  The amended complaint adds only conclusory

17  statements of legal elements:  "ATopTech sells and offers to sell products … knowing that these

18  products are especially made or adapted for use in a manner that infringes the [asserted patent]

19  and knowing that these products are not staple articles or commodities of commerce suitable for

20  any substantial non-infringing use."  (*e.g.*, Am. Compl. ¶ 64.)  Because the amended complaint

21  still fails to raise the reasonable inference that ATopTech's software has no substantial non-

22  infringing uses, Synopsys's contributory infringement claim should be dismissed.

23  Like its induced infringement claim, Synopsys's contributory infringement claim must be,

24  at a minimum, limited to ATopTech's acts after the filing of Synopsys's first, deficient complaint.

25  Synopsys does not allege pre-suit knowledge of the patents.  (Compl. ¶¶ 63-65, 71-73, 79-81.)  If

26

27  *Commc'ns Techs., LLC v. Casio Computer Co.*, 912 F. Supp. 2d 1338, 1345 (M.D. Fla. 2012)
    ("The weight of authority addressing the knowledge required for indirect infringement, especially
    following the Supreme Court's decision in Global-Tech, requires a plaintiff to allege that

28  defendant had pre-suit knowledge of the patents-in-suit."); *Bascom*, 2013 WL 968210, at *4.

ATOPTECH'S MOTION TO DISMISS
SYNOPSYS'S AMENDED COMPLAINT
CASE NO. 13-CV-02965 SC

1    Synopsys relies on its original complaint as notice, its contributory infringement claims must be

2    limited to post-filing conduct.  *See, e.g.*, *Symantec Corp. v. Veeam Software Corp.*, C 12-00700

3    SI, 2012 WL 1965832 (N.D. Cal. May 31, 2012) (construing the complaints as pleading

4    contributory infringement only for post-filing conduct).

5                                              **CONCLUSION**

6            For all the foregoing reasons, ATopTech respectfully requests that the Court dismiss with

7    prejudice Count I for copyright infringement (or, in the alternative, require Synopsys to provide a

8    more definite statement identifying the specific "input and output formats" it contends ATopTech

9    has copied), Counts II-V as to willful, induced, and contributory infringement, and Counts XI-XII

10   for breach of contract and breach of implied covenant of good faith and fair dealing.

11

12   Dated:  December 5, 2013                              O'MELVENY & MYERS LLP

13                                                         By: /s/ *David R. Eberhart*

14                                                         Attorneys for Defendant

15                                                         ATOPTECH, INC.

16

17

18

19

20

21

22

23

24

25

26

27

28

ATOPTECH'S MOTION TO DISMISS
SYNOPSYS'S AMENDED COMPLAINT
CASE NO. 13-CV-02965 SC