| | |
|---|---|
| Robert A. Mittelstaedt (SBN 60359)<br>ramittelstaedt@jonesday.com<br>Krista S. Schwartz (Admitted *Pro Hac Vice*)<br>ksschwartz@jonesday.com<br>Joe C. Liu (SBN 237356)<br>jcliu@jonesday.com<br>Nathaniel P. Garrett (SBN 248211)<br>ngarrett@jonesday.com<br>JONES DAY<br>555 California Street, 26th Floor<br>San Francisco, CA 94104<br>Telephone: (415) 626-3939<br>Facsimile: (415) 875-5700<br><br>Patrick T. Michael (SBN 169745)<br>pmichael@jonesday.com<br>Heather N. Fugitt (SBN 261588)<br>hfugitt@jonesday.com<br>JONES DAY<br>1755 Embarcadero Road<br>Palo Alto, CA 94303<br>Telephone: (650) 739-3939<br>Facsimile: (650) 739-3900<br><br>Attorneys for Plaintiff<br>SYNOPSYS, INC. | Jeffrey A. Miller (SBN 160602)<br>Deborah E. Fishman (SBN 197584)<br>Katie J.L. Scott (SBN 233171)<br>Assad H. Rajani (SBN 251143)<br>Michael S. Tonkinson (SBN 265011)<br>DICKSTEIN SHAPIRO LLP<br>1841 Page Mill Road, Suite 150<br>Palo Alto, CA 94304<br>Telephone: (650) 690-9500<br>Facsimile: (650) 690-9501<br>millerj@dicksteinshapiro.com<br>fishmand@dicksteinshapiro.com<br>scottk@dicksteinshapiro.com<br>rajania@dicksteinshapiro.com<br>tonkinsonm@dicksteinshapiro.com<br><br>Paul G. Novak (SBN 261388)<br>DICKSTEIN SHAPIRO LLP<br>2049 Century Park East, Suite 700<br>Los Angeles, CA 90067<br>Telephone: (310) 772-8300<br>Facsimile: (310) 772-8301<br>novakp@dicksteinshapiro.com<br><br>Attorneys for Defendant<br>ATOPTECH, INC. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SYNOPSYS, INC.,<br><br>        Plaintiff,<br><br>v.<br><br>ATOPTECH, INC.,<br><br>        Defendants. | **Case No. 3:13-cv-02965-MMC (DMR)**<br><br>**STIPULATION WALLING OFF MR. JEFFREY MILLER AND WITHDRAWING SYNOPSYS'S MOTION TO DISQUALIFY DICKSTEIN SHAPIRO LLP**<br><br>**Date:** August 15, 2014<br>**Time:** 9:00 a.m.<br>**Judge:** Hon. Maxine M. Chesney<br>**Courtroom:** 7, 19th Floor |

1  WHEREAS, on November 25, 2013, Synopsys filed an Amended Complaint (ECF No. 43) in this action, alleging claims for copyright infringement, patent infringement, breach of contract and breach of the implied covenant of good faith and fair dealing;

4  WHEREAS, on March 7, 2014, this Court disqualified ATopTech's counsel O'Melveny Meyers (ECF No. 91) and on May 29, 2014 the Federal Circuit denied ATopTech's petition for a writ of mandamus appealing this Court's disqualification order (ECF No. 113);

7  WHEREAS, this Court ordered ATopTech to cause new counsel to appear by June 16, 2014 (ECF No. 112);

9  WHEREAS, on June 10, 2014, attorneys from Dickstein Shapiro, including Mr. Jeffrey Miller, appeared on behalf of ATopTech (ECF Nos. 116-120);

11  WHEREAS, on July 11, 2014 Synopsys filed a Motion to Disqualify Dickstein Shapiro LLP (ECF No. 128), which motion is set for hearing on August 15, 2014;

13  WHEREAS, this Court ordered a stay of Synopsys's patent claims (Counts II-V) pending *inter partes* review pursuant to the parties' stipulation (ECF No. 142);

15  Plaintiff Synopsys, Inc. ("Synopsys") and Defendant ATopTech, Inc. ("ATopTech," and together with Synopsys, the "Parties"), by and through their respective counsel of record, stipulate and agree, subject to the Court's approval, as follows:

18  1.  Mr. Jeffrey Miller will immediately withdraw his appearance in this district court case and Dickstein Shapiro will immediately implement an ethical wall of the kind described in ABA Model Rule 1.10(a)(2) that effectively screens Mr. Miller from participating, contributing, discussing, or otherwise being involved with any and all aspects of this district court case.

22  2.  Dickstein Shapiro will immediately implement an ethical wall of the kind described in ABA Model Rule 1.10(a)(2) that effectively screens Mr. Miller from participating, contributing, discussing, or otherwise being involved with any and all aspects of the *inter partes* review proceedings for the '967 patent.

26  3.  For purposes of the above paragraphs of this Stipulation and without prejudice to Dickstein Shapiro's and ATopTech's stated position that Synopsys is not a former client of Dickstein Shapiro, the law firm's screening notices and certificates of compliance shall be made

to Jones Day on behalf of Synopsys. The certificates of compliance shall be provided at six-month intervals for so long as the screening is required under the Stipulation.

4. Synopsys will withdraw its Motion to Disqualify Dickstein Shapiro LLP (ECF No. 128) and its Motion for Sanctions (ECF No. 135) and the August 15, 2014 hearing date for both Synopsys's Motion to Disqualify Dickstein Shapiro LLP and its Motion for Sanctions is vacated.

5. Absent new material facts that differ from Mr. Miller's declaration, Synopsys will not use Mr. Miller's participation in the prosecution of the '967 patent to challenge Mr. Miller's participation in the *inter partes* review proceedings for the '348, '941 and '127 patents.

6. Absent new material facts that differ from Mr. Miller's declaration, Synopsys will not use Mr. Miller's participation in the prosecution of the '967 patent and Mr. Miller's participation in this case to date to challenge Dickstein Shapiro's participation in the *inter partes review* proceedings for the '967 patent.

7. Synopsys agrees not to oppose any request by ATopTech to defer any deadline to provide discovery until September 8, 2014 to provide additional time for ATopTech to find additional counsel.

8. This Stipulation is without prejudice to ATopTech's ability to have Mr. Miller participate in this district court case should all claims of the '967 patent be finally cancelled as a result of the *inter partes* review process (including associated appeals) or if the '967 patent is dismissed from suit and, absent new material facts, Synopsys will not in such event use Mr. Miller's involvement with the '967 patent as a basis to seek disqualification of either Mr. Miller or Dickstein Shapiro LLP.

9. Synopsys will withdraw its Subpoena To Produce Documents, Information, Or Objects Or To Permit Inspection Of Premises In a Civil Action, served on Dickstein Shapiro LLP, on July 28, 2014.

10. Synopsys will withdraw its Second Set Of Requests For Production of Documents (Nos. 56-66), served on July 28, 2014.

11. This Stipulation will not disturb the currently scheduled dates for the hearing regarding the parties' discovery dispute and the Further Case Management Conference.

**IT IS SO STIPULATED.**

Dated: August 14, 2014

Respectfully submitted,

JONES DAY

By: */s/ Robert A. Mittelstaedt*
　　Robert A. Mittelstaedt

Attorneys for Plaintiff
SYNOPSYS, INC.

In accordance with Local Rule 5-1(i)(3), the above signatory attests that concurrence in the filing of this document has been obtained from the signatory below.

Dated: August 14, 2014

DICKSTEIN SHAPIRO LLP

By: */s/ Deborah E. Fishman*
　　Deborah E. Fishman

Attorneys for Defendant
ATOPTECH, INC.

**APPROVED.**

DATED: August 14, 2014

By: [signature]
Hon. Maxine M. Chesney