United States District Court

For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SYNOPSYS, INC.,

               Plaintiff,

   v.

ATOPTECH, INC.,

               Defendant.

_____/

No. C 13-2965 MMC

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**

Before the Court is defendant ATopTech, Inc.'s ("ATopTech") "Motion to Dismiss Counts XI and XII of Synopsys, Inc.'s Amended Complaint," filed October 15, 2014, by which ATopTech seeks dismissal, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, of two claims, breach of contract and breach of the implied covenant of good faith and fair dealing, as set forth in plaintiff Synopsys, Inc.'s ("Synopsys") Amended Complaint ("AC"). Synopsys has filed opposition, to which ATopTech has replied.[1] Having read and considered the papers filed in support of and in opposition to the motion, the Court hereby rules as follows.[2]

_____

[1]On November 13, 2014, Synopsys filed an Administrative Motion, by which it seeks an order striking portions of ATopTech's reply or, in the alternative, the Court's consideration of arguments made in one of Synopsys' earlier filings. ATopTech has filed opposition to the Administrative Motion. The Court hereby GRANTS Synopsys' alternative request and will consider the designated arguments made in Synopsys' prior filing.

[2]By order filed November 17, 2014, the Court took the motion under submission.

1

**I. Breach of Contract**

2

A. Breach Allegations

3

1. Copying and Unauthorized Use

4   In its AC, Synopsys, as in its initial complaint, alleges ATopTech breached the

5   parties' Connections Program License Agreement ("CPLA") by "cop[ying] PrimeTime and

6   GoldTime input and output formats into [ATopTech's] Aprisa user documentation and

7   software" (AC ¶ 35) and "possessing and using proprietary PrimeTime and GoldTime input

8   and output formats and other proprietary confidential information following the CPLA's

9   termination" (id. ¶ 99).  In its prior order, the Court[3] found Synopsys' allegations of copying

10  impermissibly vague and conclusory to the extent Synopsys did not identify the "other"

11  information that allegedly was copied.  (See Order Granting in Part and Denying in Part

12  Defendant's Motion to Dismiss ("Order"), filed October 24, 2013, at 29:14-18.)  In that

13  regard, the AC provides no additional specificity.

14  Accordingly, for the reasons stated in the Court's prior order, the AC is subject to

15  dismissal to the extent it alleges a breach based on the copying or use of "other proprietary

16  information."

17  By the same order, however, the Court found the complaint sufficiently alleged

18  copying of GoldTime and PrimeTime input and output formats.  (See Order at 29:11-14, 20-

19  23).  As to those allegations, ATopTech argues the CPLA prohibits copying and use only

20  for purposes other than those allowed therein, that the AC includes no facts identifying any

21  such prohibited use, and, further, that the input and output formats are not confidential

22  information because all such material, as Synopsys alleges (see AC ¶¶ 23-24), was

23  publicly filed with the Copyright Office.  As set forth in the Court's prior order, Synopsys has

24  alleged sufficient facts to show copying and use, and, given the CPLA's provision

25  precluding ATopTech from "mak[ing] copies . . . without the prior written consent of

26  ────────────────

27  [3]The prior order referenced herein was issued October 24, 2013 by the Honorable
    Samuel Conti.  On January 8, 2014, the above-titled action was reassigned to the

28  undersigned.

2

[Synopsys]" (see Alexander Decl., filed October 15, 2014, Ex. A, Section 3.2(viii)), whether such conduct was or was not in accordance with the CPLA's provisions is a factual dispute not properly subject to resolution on a motion to dismiss.  See Newcal Indus., v. Ikon Office Solution, 513 F.3d 1038, 1051 (9th Cir. 2008) (holding dismissal under Rule 12(b)(6) improper where argument in support thereof "hinge[d] on factual disagreements rather than legal deficiencies").  The Court agrees, however, that any information filed with the Copyright Office is no longer confidential.  See KEMA, Inc. v. Koperwhats, No. C-09-1587 MMC, 2010 WL 726640, at *4 (N.D. Cal. Mar. 1, 2010) (rejecting argument that, in light of Copyright Office's restrictions on access and copying, source code submitted to Copyright Office remained protected as trade secret).

Accordingly, the AC is not subject to dismissal to the extent it alleges a breach by ATopTech's copying and unauthorized use of proprietary GoldTime and PrimeTime input and output formats prior to Synopsys' filing such material with the Copyright Office, and is subject to dismissal to the extent it alleges a breach after the time of such filing.

## 2. Disclosure

In its AC, Synopsys alleges ATopTech breached the CPLA by "disclosing to its customers Synopsys' proprietary PrimeTime and GoldTime input and output formats" (AC ¶ 97).  As in its initial complaint, Synopsys alleges it is in possession of Aprisa documentation "revealing that Aprisa includes proprietary PrimeTime and GoldTime input and output formats" in its software and user documentation (see id. ¶ 35).  In response to the Court's prior order dismissing such claim, Synopsys has added an allegation that ATopTech "distributes" such software and user documents to its customers.  (See id. ¶ 97).  The Court finds Synopsys' allegations now suffice to support its claim of breach based on disclosure. Further, as set forth above, and contrary to ATopTech's argument, the AC sufficiently alleges such formats were confidential prior to Synopsys' filing them with the Copyright Office.

Accordingly, the AC is not subject to dismissal to the extent it alleges a breach by

ATopTech's disclosure of proprietary PrimeTime and GoldTime input and output formats prior to Synopsys' filing such material with the Copyright Office.

### 3. Reverse Engineering

In its AC, Synopsys, for the first time, alleges ATopTech breached the CPLA by "using reverse engineering of Synopsys' GoldTime software."  (AC ¶ 36.)  In support thereof, Synopsys alleges ATopTech advertises its product, Aprisa, as having "'excellent correlation with sign-off timing' and a 'tight correlation' with Synopsys' PrimeTime software" (id.), and further alleges, "on information and belief," that such degree of correlation was achieved solely by copying and "improperly using reverse engineering" of said software (id.).

ATopTech argues Synopsys has alleged insufficient facts to support an inference of reverse engineering. The Court disagrees.  See, e.g., Brocade Commc'ns Sys., Inc. v. A10 Networks, Inc., 2011 WL 1044899, at *8 (N.D. Cal. Mar. 23, 2011) (finding complaint sufficient, in context of copyright infringement, where plaintiff alleged defendant had access to protected material and that there was substantial similarity between parties' products; noting "many" of plaintiff's allegations were made on information and belief and that, "[i]f discovery reveal[ed]" facts to the contrary, defendant could move for summary judgment); see also Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007) (holding plaintiff need only plead "enough facts to state a claim to relief that is plausible on its face").

ATopTech additionally argues Synopsys' allegations do not suffice to raise an inference of breach, pointing out the CPLA only prohibits reverse engineering for certain specified purposes, which, ATopTech argues, Synopsys has not alleged.  Again, the Court disagrees.  As Synopsys points out, the CPLA prohibits reverse engineering for, inter alia, the purpose of "discover[ing] any . . . underlying ideas, underlying user interface techniques, or algorithms" (see Opp'n at 6) and, as discussed below, Synopsys alleges AtopTech improperly used Synopsys's proprietary material to unfairly compete with Synopsys.  Further, whether any reverse engineering was or was not in accordance with

the CPLA's provisions is, as noted above in connection with copying and use, a factual

dispute not properly subject to resolution on a motion to dismiss.  See Newcal, 513 F.3d at

1051.

Accordingly, the AC is not subject to dismissal to the extent it alleges a breach

based on reverse engineering.

### B. Damages Allegations

In its prior order, the Court found Synopsys had failed to adequately plead damages,

in that the initial complaint only alleged ATopTech "sought commercial gain and competitive

advantage" by its use of Synopsys's proprietary information (see Compl. ¶ 40), noting "the

mere fact that [ATopTech] sought those things does not indicate harm to [Synopsys]"

(see Order at 30).  In the AC, Synopsys now alleges ATopTech's breaches allowed

ATopTech to "accelerate substantially the development and improvement of its products to

unfairly compete with Synopsys, including Synopsys' IC Compiler," which has resulted in

"lost sales and price erosion of Synopsys' products."  (See AC ¶ 98.)  Synopsys further

specifies that its products compete with ATopTech's Aprisa.  (See AC ¶ 4.)

ATopTech argues Synopsys' new allegations are conclusory and thus inadequate to

plead damages.  The Court disagrees.  See, e.g., Benedict v. Hewlett-Packard Co., 2014

WL 234218, at *21 (N.D. Cal. Jan. 21, 2014) (finding, where plaintiff brought breach of

contract claim based on misuse of confidential information, complaint sufficiently pleaded

damages based on allegation of "lost profits, unjust enrichment, and/or reasonable

royalties").

Accordingly, the AC is not subject to dismissal based on an asserted failure to plead

damages.

### II. Breach of the Implied Covenant of Good Faith and Fair Dealing

### A. Breach Allegations

### 1. Right to Audit

Synopsys alleges ATopTech breached the implied covenant of good faith and fair

dealing by "frustrating Synopsys' ability to verify ATopTech's performance" under the CPLA.  (See AC ¶ 109.)  In its prior order, the Court found essentially the same allegation insufficient, noting Synopsys had not alleged the CPLA "contained any clause that granted it a right to verify [ATopTech's] compliance."  (See Order at 31:24-26.)  In the AC, Synopsys now alleges "Section 7 of the CPLA . . . provides that Synopsys has the right to verify ATopTech's performance under the CPLA" and that ATopTech breached the implied covenant by "refus[ing] to provide Synopsys with the information Synopsys requested under its contractual audit rights" (AC ¶ 48).  ATopTech does not argue that it cooperated in Synopsys' effort to obtain an audit, but instead contends there is no right to an audit set forth in the CPLA and that Synopsys cannot create one through the implied covenant.  The parties' dispute over the meaning and scope of Section 7 is factual in nature and, consequently, is not appropriate for resolution on a motion to dismiss.  See Newcal, 513 F.3d at 1051 (holding dismissal under Rule 12(b)(6) improper where argument in support thereof "hinge[d] on factual disagreements rather than legal deficiencies").

Accordingly, the AC is not subject to dismissal to the extent it alleges ATopTech breached the implied covenant by "frustrat[ing] Synopsys' ability to verify ATopTech's performance" of the CPLA (see AC ¶ 109).

## 2. Unauthorized Access and Downloading

In the AC, Synopsys, for the first time, alleges the CPLA and two other license agreements between the parties contain an implied covenant that ATopTech, when given access to certain material subject to the above-referenced agreements, would not access, use and/or copy any other material.  ATopTech argues the actions ATopTech took with regard to any material not referenced in said agreements cannot provide the basis for a breach of the implied covenant.  The Court agrees.  Indeed, such material is, in Synopsys' own words, "outside the scope of the parties' agreements."  (See Opp'n at 12:22-25); see also Guz v. Bechtel Nat. Inc., 24 Cal. 4th 317, 349-50, (2000) (holding implied covenant "cannot impose substantive duties or limits on the contracting parties beyond those

1  incorporated in the specific terms of their agreement"); <u>Plastino v. Wells Fargo Bank</u>, 873

2  F. Supp. 2d 1179 (N.D. Cal. 2012) (finding plaintiff failed to allege breach of implied

3  covenant where plaintiff did not identify "specific contractual provision that was frustrated").

4      Accordingly, the AC is subject to dismissal to the extent it alleges ATopTech

5  breached the implied covenant by accessing and downloading materials not referenced in

6  the parties' agreements.

7          B. Damages Allegations

8      Synopsys' damages allegations as to its surviving claim for breach of the implied

9  covenant are the same as the above-discussed allegations made in connection with its

10  claim for breach of contract, with the additional allegation that it incurred "monetary costs

11  relating to [its] attempts to verify ATopTech's compliance." (<u>See</u> AC ¶ 112.)  As discussed

12  above, the AC is not subject to dismissal based on an asserted failure to plead damages.

13                          **CONCLUSION**

14      For the reasons stated above, ATopTech's motion to dismiss is hereby GRANTED in

15  part and DENIED in part as follows:

16      1. The motion is GRANTED to the extent Synopsys' breach of contract claim is

17  based on copying and use of material other than PrimeTime and GoldTime input and

18  output formats and to the extent it is based on copying, use, and/or disclosure of material

19  after Synopsys filed such material with the Copyright Office.

20      2. The motion is GRANTED to the extent Synopsys' breach of the implied covenant

21  claim is based on access to, downloading of, and/or any other use of material not

22  referenced in the parties' agreements.

23      3. In all other respects, the motion is DENIED.

24      **IT IS SO ORDERED**.

25

26  Dated: January 7, 2015

27                          MAXINE M. CHESNEY
                           United States District Judge

28

7