United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SYNOPSYS, INC.,

      Plaintiff,

v.

ATOPTECH, INC.,

      Defendant.
_____/

No. C 13-2965 MMC

**ORDER GRANTING SYNOPSYS' MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**

      Before the Court is the "Motion for Leave to File Motion for Reconsideration," filed January 15, 2015, by plaintiff Synopsys, Inc. ("Synopsys"). By said motion, Synopsys challenges certain of the rulings made in the Court's January 7, 2015 order granting in part and denying in part defendant ATopTech, Inc.'s ("ATopTech") motion to dismiss, and argues reconsideration of the order is warranted due to an asserted "failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before [said] interlocutory order." (See Mot. for Leave at 2:2-12 (citing Civil L.R. 7-9(b)(3)).) Although the Court does not agree that all of the arguments made in the instant motion were presented prior to the rulings Synopsys now challenges, the Court finds it appropriate to afford Synopsys leave to move for reconsideration.[1]

---

[1] The arguments the Court accepted in issuing the challenged rulings were raised for the first time in ATopTech's reply in support of its motion to dismiss. In lieu of granting Synopsys' motion to strike those arguments, the Court adopted Synopsys' alternative request that the Court consider arguments made by Synopsys in response to an earlier

In the interest of time, the Court will consider the instant motion as Synopsys' motion for reconsideration, and hereby sets the following briefing schedule:

1. ATopTech's opposition shall be filed on or before February 4, 2015;

2. Synopsys' reply shall be filed on or before February 11, 2015;

3. Unless otherwise ordered, the matter will stand submitted as of February 11, 2015.

**IT IS SO ORDERED**.

Dated: January 21, 2015

MAXINE M. CHESNEY
United States District Judge

---

motion filed by ATopTech.  In retrospect, although not requested, it would have been preferable to afford Synopsys leave to file a sur-reply directly responsive to ATopTech's reply.