Robert A. Mittelstaedt (SBN 60359)
ramittelstaedt@jonesday.com
Patrick T. Michael (SBN 169745)
pmichael@jonesday.com
Krista S. Schwartz (Admitted *Pro Hac Vice*)
ksschwartz@jonesday.com
Joe C. Liu (SBN 237356)
jcliu@jonesday.com
Nathaniel P. Garrett (SBN 248211)
ngarrett@jonesday.com
JONES DAY
555 California Street, 26th Floor
San Francisco, CA  94104
Telephone:    (415) 626-3939
Facsimile:    (415) 875-5700

Heather N. Fugitt (SBN 261588)
hfugitt@jonesday.com
JONES DAY
1755 Embarcadero Road
Palo Alto, CA  94303
Telephone:    (650) 739-3939
Facsimile:    (650) 739-3900

Attorneys for Plaintiff
SYNOPSYS, INC.

Paul Alexander (#49997)
ARNOLD & PORTER LLP
1801 Page Mill Road
Suite 110
Palo Alto, CA 94304-1216
Telephone:  (650) 798-2920
Fax:  (650) 798-2999
E-Mail:  paul.alexander@aporter.com

Martin R. Glick (#40187)
Emily C. Hostage (#287116)
ARNOLD & PORTER LLP
7th Floor
Three Embarcadero Center
San Francisco, CA 94111-4024
Telephone:  (415) 471-3100
Fax:  (415) 471-3400
E-Mail:  Marty.Glick@aporter.com
E-Mail:  Emily.Hostage@aporter.com

Denise McKenzie (#193313)
ARNOLD & PORTER LLP
777 South Figueroa Street
Forty-Fourth Floor
Los Angeles, CA 90017-5844
Telephone:  (213) 243-4000
Fax:  (213) 243-4199
E-Mail:  Denise.McKenzie@aporter.com

Attorneys for Defendant
ATOPTECH, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| SYNOPSYS, INC.,<br><br>                Plaintiff,<br><br>        v.<br><br>ATOPTECH, INC.,<br><br>                Defendant. | Case No. 3:13-cv-02965-MMC (DMR)<br><br>**[PROPOSED] STIPULATED PROTECTIVE ORDER** |

## 1.  PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of

confidential, proprietary, or private information, including, but not limited to, financial

information, proprietary information, confidential sales information, and/or commercially

valuable information that the respective Parties maintain in confidence in the ordinary course of

business, for which special protection from public disclosure and from use for any purpose other

than prosecuting this litigation may be warranted.  Accordingly, the Parties hereby stipulate to

and petition the Court to enter the following Stipulated Protective Order.  The Parties

acknowledge that this Order does not confer blanket protections on all disclosures or responses to

discovery and that the protection it affords from public disclosure and use extends only to the

limited information or items that are entitled to confidential treatment under the applicable legal

principles.  The Parties further acknowledge, as set forth in Section 15.4 below, that this

Stipulated Protective Order does not entitle them to file confidential information under seal; Civil

Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be

applied when a Party seeks permission from the Court to file material under seal.

**2.  <u>DEFINITIONS</u>**

2.1     <u>Challenging Party</u>:  a Party or Non-Party that challenges the designation of

information or items under this Order.

2.2     <u>"CONFIDENTIAL" Information or Items</u>:  information, documents, and things the

Designating Party believes in good faith comprises or includes confidential, proprietary and/or

trade secrets or other confidential research, development, or sensitive commercial information

that is not generally known to others, and which the Designating Party (i) would not normally

reveal to third parties except in confidence or has undertaken with others to maintain in

confidence, or (ii) believes in good faith is protected by a right to privacy under federal or state

law or any other applicable privilege or right related to confidentiality or privacy.

2.3     <u>Counsel (without qualifier)</u>:  Outside Counsel of Record and House Counsel (as

well as their support staff).

2.4     <u>Corporate Designee</u>:  An employee of a Party who is not an attorney and seeks

access to "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY"

information in this matter.

2.5     Designated House Counsel:  House Counsel who seek access to "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" information in this matter.

2.6     Designating Party:  a Party or Non-Party that designates information, documents or things that it produces in disclosures or in responses to discovery as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY - SOURCE CODE."

2.7     Disclosure or Discovery Material:  all items or information, including from a non-party, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced, disclosed or generated in connection with discovery in this matter, including documents, deposition testimony or discovery responses.

2.8     Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or a Party's competitor.

2.9     "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" Information or Items:  information, documents, and things the Designating Party believes in good faith are not generally known to others and have significant competitive value such that unrestricted disclosure to others would create a substantial risk of serious injury, and which the Designating Party (i) would not normally reveal to third parties except in confidence or has undertaken with others to maintain in confidence, or (ii) believes in good faith is significantly sensitive and protected by a right to privacy under federal or state law or any other applicable privilege or right related to confidentiality or privacy.

2.10    "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY - SOURCE CODE" Information or Items:  extremely sensitive "Confidential Information or Items" representing Source Code and associated comments and revision histories, formulas, engineering

STIPULATED PROTECTIVE ORDER
Case No.  3:13-cv-02965-MMC (DMR)

specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm to the competitive position of the Designating Party that could not be avoided by less restrictive means.

2.11    House Counsel:  attorneys who are employees of a Party to this action.  House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.12    Non-Party or Non-Parties:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.13    Outside Counsel of Record or Outside Counsel:  outside counsel who appear on the pleadings as counsel for a Party, or partners, associates, and employees of such outside counsel to whom it is reasonably necessary to disclose the information for this litigation, including supporting personnel employed by the attorneys, such as paralegals, legal translators, legal secretaries, legal clerks and shorthand reporters.

2.14    Party or Parties:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.15    Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.16    Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.   This definition includes a professional jury or trial consultant retained in connection with this litigation and mock jurors retained by such a consultant to assist them in their work.  Professional Vendors do not include consultants who fall within the definition of Outside Consultant.

2.17    Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," or

"HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY - SOURCE CODE" Material produced by a Party or Non-Party in discovery in this action.

2.18    Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

2.19    Source Code:  computer instructions, data structures, and data definitions expressed in a form suitable for input to an assembler, compiler, translator, or other data processing module.

**3.  SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above in Section 2.17), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.  Any use of Protected Material at trial shall be governed by a separate agreement or order.  Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure.

**4.  DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs, except with respect to information, documents and things that become a matter of public record in this action.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.  DESIGNATING PROTECTED MATERIAL**

5.1    Exercise of Restraint and Care in Designating Material for Protection.  Subject to the limitations set forth in this Order, (a) a Designating Party may designate as "CONFIDENTIAL" information the Designating Party believes in good faith meets the definition

STIPULATED PROTECTIVE ORDER
Case No.  3:13-cv-02965-MMC (DMR)

set forth in Section 2.2 above; (b) a Designating Party may designate as "HIGHLY

CONFIDENTIAL - ATTORNEYS' EYES ONLY" information the Designating Party believes in

good faith meets the definition set forth in Section 2.9 above; (c) a Designating Party may

designate as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY - SOURCE CODE"

information the Designating Party believes in good faith meets the definition set forth in Section

2.10 above ; and (d) a Designating Party may designate as "SUBJECT TO PROSECUTION

BAR" information the Designating Party believes in good faith meets the definition set forth in

Section 8 below.

To the extent it is practical to do so, the Designating Party must designate for protection

only those parts of material, documents, items, or oral or written communications that qualify,  so

that other portions of the material, documents, items, or communications for which protection is

not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are

shown to be clearly unjustified or that have been made for an improper purpose (e.g., to

unnecessarily encumber or retard the case development process or to impose unnecessary

expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated

for protection do not qualify for protection at all or do not qualify for the level of protection

initially asserted, that Designating Party must promptly notify all other Parties that it is

withdrawing the mistaken designation.

5.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order

(see, e.g., section 5.2(d) below), or as otherwise stipulated or ordered, Disclosures or Discovery

Material that qualifies for protection under this Order must be clearly so designated before the

material is disclosed or produced.

Designation in conformity with this Order requires:

(a)    *Information in documentary form* (e.g., paper or electronic documents, but

excluding transcripts of depositions or other pretrial or trial proceedings).  The Producing Party

should affix the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS'

EYES ONLY," or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY - SOURCE CODE" to the first page and each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

A discovery response is to be designated as Protected Material by placing, on the first page of the set of responses and on each page that contains information that the Designating Party claims to be Protected Material, one of the legends specified in this subsection.

(b)     *Information produced in some form other than documentary and for any other tangible items*.  Information or material produced in an electronic or magnetic medium (such as CD, DVD, floppy diskette or tape) is to be designated as Protected Material by marking or labeling the medium container with the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY - SOURCE CODE." If any person or entity who receives such a designated magnetic medium prints or otherwise transfers to another medium any of the information contained on the magnetic medium, any resulting document or other medium shall be marked by that person or entity as Protected Material in accordance with this subsection.

A physical exhibit is to be designated as Protected Material by affixing to it a label with one of the legends specified in this subsection.

(c)     *Information made available for inspection*.  The procedures for inspecting source code are governed by Section 9 below.  A Party or Non-Party that makes original documents or materials (excluding source code) available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate

STIPULATED PROTECTIVE ORDER
Case No.  3:13-cv-02965-MMC (DMR)

legend ("CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY - SOURCE CODE") to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies *for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by* making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(d)      *Testimony given in deposition or in other pretrial or trial proceedings*.  The Designating Party should identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to fifteen (15) business days following the receipt of the final transcript to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted.  Only those portions of the testimony that are appropriately designated for protection within the fifteen (15) business days following the receipt of the final transcript shall be covered by the provisions of this Stipulated Protective Order. Alternatively, a Designating Party may specify, at the deposition or up to fifteen (15) business days after receipt of the final transcript, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."

Parties shall give the other Parties notice if they reasonably expect a deposition, hearing, or other proceeding to include Protected Material so that the other Parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings.  The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY - SOURCE CODE. "

If a portion of a deposition is designated on the record, during the deposition, as

STIPULATED PROTECTIVE ORDER
Case No.  3:13-cv-02965-MMC (DMR)

"CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY - SOURCE CODE," the deposition shall continue, and if any persons not approved for access to Protected Material under this Protective Order are attending the deposition, they shall leave.

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 15-business-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

5.3     Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**6.   CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1     Timing of Challenges. Any Party or Non-Party is permitted to challenge a designation of confidentiality at any time. A Party or Non-Party shall not be obligated to challenge the propriety of any designation of Discovery material under this Order at the time the designation is made, and the failure to do so shall not preclude a subsequent challenge thereto.

6.2     Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order and shall particularly identify each document by Bates

STIPULATED PROTECTIVE ORDER
Case No.  3:13-cv-02965-MMC (DMR)

number and set forth the specific reason the Challenging Party believes the designation is improper for that document. The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall follow the procedures in this Court's standing order regarding discovery disputes, see ECF No. 159, within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Failure by the Designating Party to seek judicial intervention through the procedure described above shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may challenge a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript of any portions thereof. Any joint letter brought pursuant to this provision must be accompanied by a competent declaration affirming that the parties have complied with the meet and confer requirements imposed by this Court's standing order regarding discovery disputes.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's

STIPULATED PROTECTIVE ORDER
Case No. 3:13-cv-02965-MMC (DMR)

designation until the Court rules on the challenge.

**7.** **ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1 <u>Basic Principles</u>. Unless otherwise ordered by the Court or agreed to in writing by the Parties, a Receiving Party is permitted to use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation and a Receiving Party shall not use Protected Material for any other purpose. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 16 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 <u>Disclosure of Materials Designated as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.</u>" Information and material designated as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" may be disclosed only to the following persons, unless the Designating Party first otherwise agrees in writing or the Court first otherwise orders:

(a) Outside Counsel of Record for the Parties to this litigation, and employees, or in-house contractors or vendors of such Outside Counsel (or such counsel's law firm) who work under the supervision of and support such counsel, provided, however, that none has a financial interest in the outcome of the case and/or any relationship whatsoever, except for the relationship arising from work relating to the prosecution or defense of this litigation, to any Party to this litigation;

(b) Independent consultants or Expert witnesses performing consulting or testifying services in connection with the prosecution or defense of this litigation, provided that each such person:

(i) is not an officer, director, owner or employee of any Party; and

(ii) executes a copy of the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

STIPULATED PROTECTIVE ORDER
Case No. 3:13-cv-02965-MMC (DMR)

(c)     Non-Parties specifically retained to assist Outside Counsel in copying or computer coding of Disclosures or Discovery Material provided that each such person executes a copy of Exhibit A attached to this Protective Order;

(d)     Non-Parties specifically retained by Outside Counsel in preparing demonstrative or other exhibits for deposition, trial or other court proceedings in this action provided that each such person executes a copy of Exhibit A attached to this Protective Order;

(e)     Non-Parties such as non-technical jury or trial consulting services, including mock jurors, or other counsel retained by the Parties or by Counsel who have not entered an appearance in this action, provided that each such person executes a copy of Exhibit A attached to this Protective Order;

(f)     Qualified persons taking or recording testimony involving Protected Material and their employees and their co-workers whose duties require access to Protected Materials;

(g)     Professional Vendors retained by the Parties or by Counsel;

(h)     The Court, Court personnel, and court reporters;

(i)     Any mediators and their personnel selected or appointed by the Court;

(j)     Deposition witnesses, where at least one of the following conditions applies:

(i)     the witness is an employee of the Designating Party when the disclosure is made;

(ii)     the attorney taking the deposition and showing the witness the Protected Material represents the Designating Party;

(iii)     the witness's name appears on the Protected Material as a person who has previously seen or received the Protected Material, or it is otherwise established that the witness has previously seen or received the Protected Material or knows the information contained within it;

(iv)     the Designating Party has consented on the record of the deposition to the showing of the Protected Material to the witness; or

(v)     at least three (3) business days before the deposition, the Party wishing to show the witness the Protected Material notifies the Designating Party in writing of its intent to

STIPULATED PROTECTIVE ORDER
Case No.  3:13-cv-02965-MMC (DMR)

do so, with a specific listing of the Protected Material to be shown, and the Designating Party fails to provide, within one (1) business day of receipt of the notice, written objection to this use of Protected Material.  If a timely written objection is provided, the Protected Material identified in the written objection shall not be shown to the witness unless and until the Party wishing to show that Protected Material to the witness moves for and obtains appropriate relief from the Court.

(vi)    Witnesses being shown Protected Material under subsection (v) above must sign Exhibit A before being shown the Protected Material.  Counsel defending the deponent to whom Protected Material is disclosed during deposition shall provide to Counsel for the Designating Party, prior to the start of the deposition, a copy of the executed Exhibit A.  Such witnesses may not retain copies of Designated Material unless permitted by other provisions of this Order.

7.3    Disclosure of "CONFIDENTIAL" Information or Items. Materials designated as "CONFIDENTIAL" may be disclosed to any of the categories of persons designated in section 7.2 above as well as to two (2) House Counsel for each Party ("Designated House Counsel") who are members of a United States state bar or of the Bar of the District of Columbia and any administrative staff or paralegals who report to the Designated House Counsel, provided that each Designated House Counsel, before receiving the materials, signs a copy of Exhibit A attached to this Order and be identified by name and title to the Designating Party.

7.4    Disclosure of "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" Information or Items to Designated House Counsel and Corporate Designees.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or items designated as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" only to:

(a)    up to two (2) Designated House Counsel (i) who are members of a United States state Bar or of the Bar of the District of Columbia, (ii) who have no involvement in competitive decision-making activities such as pricing and product design, (iii) who have no involvement in patent prosecution related to electronic design automation, (iv) who have signed the

"Acknowledgment and Agreement to be Bound" (Exhibit A) and (v) as to whom the procedures set forth in paragraph 7.4(c) below have been followed.   In addition, any Designated House Counsel shall not engage in any competitive decision-making or restricted patent prosecution for two (2) years after the individual's last access of "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" information.

(b)      up to two (2) Corporate Designees (i) who have no involvement in competitive decision-making activities such as pricing and product design, (ii) who have no involvement in patent prosecution related to electronic design automation, (iii) who have read, understood, and executed the "Corporate Designee's Acknowledgment and Agreement to be Bound" (Exhibit B), and (iv) as to whom the procedures set forth in paragraph 7.4(c) below have been followed.   In addition, any Corporate Designee shall not engage in any competitive decision-making or restricted patent prosecution for two (2) years after the individual's last access of "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" information.

(c)      Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to Designated House Counsel or Corporate Designees any information or item that has been designated  "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" material pursuant to paragraphs 7.4 (a) and (b) first must make a written request to the Designating Party that (1) sets forth the full name of the Designated House Counsel or Corporate Designee and the city and state of his or her residence, and (2) describes the Designated House Counsel's or Corporate Designee's current and reasonably foreseeable future primary job duties and responsibilities in sufficient detail to determine if the House Counsel or Corporate Designee is involved, or may become involved, in any competitive decision making.

(d)      A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Designated House Counsel or Corporate Designees unless, within 14 days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

STIPULATED PROTECTIVE ORDER
Case No.  3:13-cv-02965-MMC (DMR)

(e)     A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to Designated House Counsel or Corporate Designees may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to Designated House Counsel or Corporate Designees is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding, the Party opposing disclosure to Designated House Counsel or Corporate Designees shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Designated House Counsel or Corporate Designees.

(f)     Designated House Counsel and Corporate Designees may only view material marked "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" in the presence of Outside Counsel at the Outside Counsel's Office.  Designated House Counsel and Corporate Designees shall not possess any copies of material or excerpts of material marked "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."

**8.  PROSECUTION BAR**

(a)     Absent written consent from the Producing Party, any individual on behalf of the Receiving Party who receives access to Producing Party's "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY - SOURCE CODE" information shall not be involved in the following activities relating to electronic design automation:

1          (i)        prosecution of patents or patent applications, including without limitation

2   the patents asserted in this action and any patent or application claiming priority to or otherwise

3   related to the patents asserted in this action, before any foreign or domestic agency, including the

4   United States Patent and Trademark Office ("the Patent Office").  For purposes of this paragraph,

5   "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting

6   the scope or maintenance of patent claims.  To avoid any doubt, "prosecution" as used in this

7   paragraph does not include representing a Party before a domestic or foreign agency (including,

8   but not limited to, a reissue protest, *ex parte* reexamination, *inter partes* reexamination, or *inter*

9   *partes* review) so long as such activities do not involve directly or indirectly drafting or amending

10  the patent claims.  However, any individual who receives one Party's "HIGHLY

11  CONFIDENTIAL - ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL -

12  ATTORNEYS' EYES ONLY - SOURCE CODE" and who represents the Party before a

13  domestic or foreign agency (including, but not limited to, a reissue protest, *ex parte*

14  reexamination, *inter partes* reexamination, or *inter partes* review), may not use the other Party's

15  information in that proceeding.

16        (b)     This Prosecution Bar shall begin when access to "HIGHLY CONFIDENTIAL -

17  ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY -

18  SOURCE CODE" information is first received by the affected individual and shall end two (2)

19  years after final termination of this action.

20  **9.  <u>REVIEW OF SOURCE CODE</u>**

21       The Producing Party shall make available for inspection a password-protected, text

22  searchable, electronic copy of properly discoverable Source Code in its possession, custody or

23  control ("Designated Code").  All Designated Code shall be subject to the same restrictions as

24  information designated as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," as well

25  as the following additional restrictions:

26        (a)     Such Designated Code may be provided only to persons falling within the

27  categories specified in Section 7.2 of this Protective Order and only as set forth in this section.

28  Designated Code shall not be provided to Designated House Counsel.

STIPULATED PROTECTIVE ORDER
Case No.  3:13-cv-02965-MMC (DMR)

(b)     Any Source Code produced in discovery shall be made available for inspection, in a format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, at an office of the Producing Party's Outside Counsel of Record. The Source Code shall be made available for inspection on a secured computer in a secured room without Internet access or network access to other computers, and the Receiving Party shall not copy, remove, or otherwise transfer any portion of the Source Code onto any recordable media or recordable device.  The Producing Party may visually monitor the activities of the Receiving Party's representatives during any Source Code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the Source Code.  Use or possession of any input/output device (e.g., USB memory stick, cameras or any camera-enabled device, CDs, floppy disk, portable hard drive, laptop, etc.) is prohibited.  All persons inspecting the Source Code must agree to submit to reasonable security measures to ensure they are not carrying any prohibited items before they will be given access to the secured computer.

(c)     The Receiving Party shall be permitted to take notes relating to the Source Code, but shall not copy any portion of the Source Code into those notes.  No copies of all or any portion of the Source Code is permitted to leave the room in which the Source Code is inspected, except as otherwise provided herein.

(d)     The Receiving Party is permitted to request paper copies of limited portions of Source Code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purposes of reviewing the Source Code other than electronically as set forth in paragraph (c) in the first instance.  The Producing Party shall provide all such Source Code in paper form including Bates numbers and the label "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY - SOURCE CODE."  The Producing Party is permitted to challenge the amount of Source Code requested in hard copy form pursuant to the dispute resolution procedure and timeframes set forth in Paragraph 6 whereby the Producing Party is the "Challenging Party" and the Receiving Party is the "Designating Party" for purposes of dispute resolution.

(e)     The Receiving Party shall maintain a record of any individual who has inspected any portion of the source code in electronic or paper form.  The Receiving Party shall maintain all paper copies of any printed portions of the source code in a secured, locked area.  The Receiving Party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format.  The Receiving Party shall only make additional paper copies if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report), (2) necessary for deposition, or (3) otherwise necessary for the preparation of its case.  Any paper copies used during a deposition shall be retrieved by the Producing Party at the end of each day and shall not be given to or left with a court reporter or any other unauthorized individual.

(f)     At the conclusion of the litigation any entity receiving Designated Code will certify that:  (a) all external media, print-outs, and copies containing Designated Code have been destroyed or erased in a manner that prevents any forensic recovery of the Designated Code, with the exception of portions of code that were included in filed or served pleadings or their exhibits, or as exhibits to depositions, or admitted into evidence; and (b) the print logs have been archived along with Counsel's other records from this litigation.  Other than as set forth in this subparagraph, Counsel may not maintain or retain a file copy of the Designated Code.

## 10. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY - SOURCE CODE," that Party must:

(a)     promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to

STIPULATED PROTECTIVE ORDER
Case No.  3:13-cv-02965-MMC (DMR)

this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

        (c)     cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY - SOURCE CODE " before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material - and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**11. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

        (a)     The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY – SOURCE CODE."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

        (b)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

        (i)     promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(ii)     promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(iii)     make the information requested available for inspection by the Non-Party.

(c)     If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

## 12. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 13. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

The disclosure of any testimony, information, thing or document governed by this Stipulation and Order shall be without prejudice to any claim by the Producing Party or Non-Party that the disclosed material is privileged or work product within the meaning of Fed. R. Civ. P. 26, and no Party or Non-Party shall be held to have waived any of its privilege or work product rights under Fed. R. Civ. P. 26 by such disclosure.  In addition to the provisions within this Order, Federal Rule of Evidence 502 shall also apply to inadvertent disclosures in this case.

If a Producing Party discovers that privileged or work product protected materials were

STIPULATED PROTECTIVE ORDER
Case No.  3:13-cv-02965-MMC (DMR)

inadvertently disclosed, that Party must, within a reasonable time after the discovery of the inadvertent disclosure, inform each Party to which the documents were disclosed in writing that such documents were inadvertently disclosed and that the Producing Party is not waiving the privilege or work product protection on those materials.  Each such Receiving Party shall then take reasonable steps to ensure that all copies of those documents are either (a) returned to Counsel for the Designating Party or, upon consent of the Designating Party, (b) destroyed, with a certification in writing that the documents have been destroyed.  If data or information has been extracted or copied from a document that is thus subsequently returned, that information and/or data shall be expunged and not used.  To the extent, however, that, before being notified of the inadvertent disclosure, the Receiving Party has in good faith used such information and/or data in documents filed with the Court or at depositions, the Receiving Party shall have no obligation to expunge such information and/or data from, or otherwise to alter, any such document filed with the Court or the transcript of any such deposition.  Pursuant to Federal Rule of Evidence 502(d), any disclosure under this Protective Order that does not result in a waiver of the attorney-client privilege or work product protection in connection with this case shall not constitute a waiver in any other Federal or State proceeding.  Nothing herein shall prevent the Receiving Party from challenging the propriety of the attorney-client privilege or work product immunity or other applicable privilege or immunity designation by submitting a written challenge to the Court.

**14. PROCEDURE FOR QUALIFYING INDEPENDENT EXPERTS AND CONSULTANTS**

In order for an independent expert or consultant to be permitted access to Protected Material, the Counsel wishing to provide such access must notify in writing the Designating Party, with a copy to all other Parties, at least six (6) business days before allowing such access (or such shorter period to which the Designating Party agrees in writing).  The identification of an Expert or consultant pursuant to this Order shall not be construed as the identification of an Expert trial witness under Federal Rule of Civil Procedure 26(a)(2), and shall not constitute a waiver of attorney work product protection or the attorney-client privilege.

(a) *Contents of the Written Notification*:  Such written notice shall include the following:  (1) the name of the Expert or consultant; (2) the present and past employers and titles of the Expert or consultant; (3) a copy of the executed Exhibit A; and (4) a current curriculum vitae that lists all employers and clients to whom the Expert or consultant has provided services in the past five (5) years and cases in which the Expert or consultant has testified as an expert at trial or by deposition at any time.

(b) *Objections by Designating Parties*:  Before the six (6) business day period from the receipt of the written notification has expired, a Designating Party may object in writing to the disclosure of Protected Materials to the Expert or consultant in question.  If no such written objection is made within the six (6) business day period, then Protected Materials may be disclosed to the Expert or consultant in question.  If an objection is made, the Parties must first meet and confer in an attempt to resolve the objection.  If the objection is not resolved within ten (10) business days of service of the notice of written objection to disclosure, the objecting Party shall file and serve a motion with respect to its objection within seventeen (17) business days after service of the notice of written objection to disclosure.  If the objecting Party does not file the appropriate motion with the Court within that time, or within any additional time within which to move as may be granted by the Court or agreed to by stipulation of the Parties, the objecting Party waives its right to challenge the disclosure of Protected Material to the identified Expert or consultant, and the Protected Material may then be disclosed to the identified Expert or consultant.  An identified Expert or consultant shall not be provided access to any Protected Material until a timely filed objection or motion challenging disclosure to that Expert or consultant is resolved.

(c) *Draft Expert Reports*:  The Parties agree that draft Expert reports and attorney communications with Experts will not be subject to discovery and shall not be admissible.  But all materials that an Expert relied upon in connection with a submitted declaration, final expert report, tutorial or testimony shall be discoverable.

**15. <u>MISCELLANEOUS</u>**

15.1 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

15.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

15.3 <u>Export Control</u>. Disclosure of Protected Material shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Protected Material, including the release of such technical data to foreign persons or nationals in the United States or elsewhere. The Producing Party shall be responsible for identifying any such controlled technical data, and the Receiving Party shall take measures necessary to ensure compliance.

15.4 <u>Filing Protected Material</u>. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(e) is denied by the Court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5(e)(2) unless otherwise instructed by the Court.

15.5 <u>Use of Protected Material by Designating Party</u>. Nothing in this Protective Order limits a Party's ability to show materials which that Party has designated as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY – SOURCE CODE," or "CONFIDENTIAL" to whomever the

1   Designating Party may deem appropriate.  Further, nothing in this Protective Order limits a

2   Party's ability to show materials designated by another Party as "HIGHLY CONFIDENTIAL -

3   ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY –

4   SOURCE CODE," or "CONFIDENTIAL" to the Party that designated the materials, including

5   any present officer, director, employee or representative thereof.

6       15.6    Use of Protected Material During Court Proceedings.  If any Protected Material is

7   used in any Court pretrial proceeding in this litigation (including, but not limited to, conferences,

8   oral arguments, and hearings), the Protected Material shall not lose its status as Protected Material

9   through such use so long as the Court agrees.  The Parties shall take all steps reasonably

10  necessary to protect the confidentiality of the Protected Material during any such use, including,

11  but not limited to, requesting *in camera* proceedings.  The terms of this Protective Order do not

12  preclude, limit, restrict or otherwise apply to the use of documents at trial.  The Parties agree to

13  meet and confer in good faith prior to trial to establish procedures for the use of Protected

14  Material at trial.

15      15.7    No Waiver of Other Objections.  This Protective Order is entered into without

16  prejudice to (1) any Party's claim as to the propriety or impropriety of this action or any of the

17  claims asserted therein; (2) any Party's right to assert objections to any discovery request

18  propounded in this action; (3) any Party's right to assert objections to the admissibility of any

19  Protected Material in this action; and/or (4) any Party's right to assert that certain material may

20  require additional or different confidentiality protections than those set forth herein.

21      15.8    No Admissions.  Compliance with this Protective Order in no way constitutes an

22  admission by any Party that any information designated pursuant to this Protective Order is or is

23  not proprietary, confidential or a trade secret.

24      15.9    Modification of Protective Order.  Each Party reserves the right to request that the

25  Court modify the terms of this Protective Order in the event that the Party believes that a

26  modification is necessary.  If such an application is made, all signatories of copies of the

27  Certification, as well as persons described herein, shall remain bound by this Protective Order

28  unless and until it is modified by the Court.

1   **16. FINAL DISPOSITION**

2          Unless otherwise ordered or agreed in writing by the Producing Party, within 60 calendar

3   days after the final disposition of this action, as defined in section 4, each Receiving Party must

4   return all Protected Material to the Producing Party or destroy such material.  As used in this

5   subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and

6   any other format reproducing or capturing any of the Protected Material.  Whether the Protected

7   Material is returned or destroyed, the Receiving Party must submit a written certification to the

8   Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day

9   deadline that (1) identifies (by category, where appropriate) all the Protected Material that was

10  returned or destroyed and (2) affirms that the Receiving Party has not retained any copies,

11  abstracts, compilations, summaries or any other format reproducing or capturing any of the

12  Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival

13  copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda,

14  correspondence, deposition and trial exhibits, expert reports, attorney work product, and

15  consultant and expert work product, even if such materials contain Protected Material.  Any such

16  archival copies that contain or constitute Protected Material remain subject to this Protective

17  Order as set forth in Section 4 (DURATION).

18         IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

19  Dated:  January 23, 2015                By: */s/ Patrick Michael*
                                                Patrick T. Michael
20                                              Attorney for Plaintiff SYNOPSYS, INC.

21
    Dated:  January 23, 2015                By: */s/ Paul Alexander*
22                                              Paul Alexander
                                                Attorney for Defendant ATOPTECH, INC.
23

24

25

26

27

28

STIPULATED PROTECTIVE ORDER
Case No.  3:13-cv-02965-MMC (DMR)

1          PURSUANT TO STIPULATION, **IT IS SO ORDERED.**

2

3

4    DATED:  January 24, 2015          _____

5                                      Hon. Donna M. Ryu
                                       United States Magistrate Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED PROTECTIVE ORDER
Case No.  3:13-cv-02965-MMC (DMR)

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty

of perjury that I have read in its entirety and understand the Stipulated Protective Order that was

issued by the United States District Court for the Northern District of California on _____

[date] in the case of *Synopsys, Inc. v. ATopTech, Inc.,* Case No. 3:13-cv-02965-MMC (DMR).  I

agree to comply with and to be bound by all the terms of this Stipulated Protective Order, and I

understand and acknowledge that failure to so comply could expose me to sanctions and

punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner

any information or item that is subject to this Stipulated Protective Order to any person or entity

except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Northern District of California for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

[print or type full address and telephone number] as my California agent for service of process in

connection with this action or any proceedings related to enforcement of this Stipulated Protective

Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

STIPULATED PROTECTIVE ORDER
Case No.  3:13-cv-02965-MMC (DMR)

**EXHIBIT B**

CORPORATE DESIGNEE'S ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty

of perjury that I have read in its entirety and understand the Stipulated Protective Order that was

issued by the United States District Court for the Northern District of California on _____

[date] in the case of Synopsys, Inc. v. ATopTech, Inc., Case No. 3:13-cv-02965-MMC (DMR).  I

agree to comply with and to be bound by all the terms of this Stipulated Protective Order, and I

understand and acknowledge that failure to so comply could expose me personally to sanctions

and punishment in the nature of contempt of court, and that I have the same obligations to

observe the protective order as an attorney before this Court.  I further understand that I may be

responsible personally for any monetary or other sanctions the Court may award arising from a

violation by me of this order, and that such monetary or other sanctions may include any and all

sanctions that the Court could lawfully impose on an attorney before the Court.  I have reviewed

these obligations personally with ATopTech's counsel of record in this case and represent to the

Court that I understand my obligations under the Protective Order and will be responsible to the

Court in the same manner as a Designated House Counsel.  I solemnly promise that I will not

disclose in any manner any information or item that is subject to this Stipulated Protective Order

to any person or entity except in strict compliance with the provisions of this Order

I further agree to submit to the jurisdiction of the United States District Court for the

Northern District of California for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

[print or type full address and telephone number] as my California agent for service of process in

connection with this action or any proceedings related to enforcement of this Stipulated Protective

Order.

Date: _____

STIPULATED PROTECTIVE ORDER
Case No.  3:13-cv-02965-MMC (DMR)

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

STIPULATED PROTECTIVE ORDER
Case No. 3:13-cv-02965-MMC (DMR)