UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYNOPSYS, INC.,<br>　　　　Plaintiff,<br>　　v.<br>ATOPTECH, INC,<br>　　　　Defendant. | Case No. 13-cv-02965-MMC   (DMR)<br><br>**ORDER TAKING MOTION FOR SANCTIONS UNDER SUBMISSION WITHOUT ORAL ARGUMENT; ORDER FOR SUPPLEMENTAL DECLARATIONS ON MOTIONS TO SEAL** |

TO ALL PARTIES AND COUNSEL OF RECORD:

The court has received Synopsys's motion for sanctions [Docket No. 273] and finds that the matter is appropriate for resolution without oral argument pursuant to Civil Local Rule 7-1(b). Accordingly, the May 14, 2015 hearing on the motion is hereby **VACATED**. The court will issue a written order on the motion.

ATopTech has filed a motion to seal certain exhibits and declarations related to its opposition to the motion for sanctions. [Docket No. 283.] Specifically, ATopTech moves to seal Exhibit A to the Declaration of Henry Chang, which is a copy of a chart that shows all the commands that are available an executable file. ATopTech notes that it "does not claim this chart is confidential, but understands that Synopsys may." [Docket No. 283-1 at ¶ 3.] Synopsys has not filed a responsive declaration as required by Civil Local Rules 79-5(e)(1) and 79-5(d)(1)(A) establishing that Exhibit A to the Declaration of Henry Chang is sealable. By **May 14, 2015**, Synopsys shall file either a responsive declaration or a statement of non-opposition to ATopTech's motion to seal.

Synopsys moves to seal portions of its reply to its motion for sanctions that refer to the Declaration of Andrew Kahng. [Docket No. 287.] Synopsys also moves to seal the portions of

the Second Supplemental Declaration of Martin Walker that refer to information previously marked "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" by ATopTech. Synopsys does not contend that either of these documents contains materials that Synopsys has designated as confidential, but rather notes that it has filed its motion to seal to give ATopTech "notice of its burden to establish that the material designated confidential solely by ATopTech is properly sealable." [Docket No. 287 at 1]. ATopTech has not filed a responsive declaration as required by Civil Local Rules 79-5(e)(1) and 79-5(d)(1)(A) establishing that the relevant portions of the Second Supplemental Declaration of Martin Walker or the Declaration of Andrew Kahng are sealable. By **May 14, 2015**, ATopTech shall file either a responsive declaration or a statement of non-opposition to Synopsys's motion to seal.

**IT IS SO ORDERED**.

Dated: May 11, 2015

_____

DONNA M. RYU
United States Magistrate Judge