UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYNOPSYS, INC., <br> Plaintiff, <br> v. <br> ATOPTECH, INC, <br> Defendant. | Case No. 13-cv-02965-MMC   (DMR) <br><br> **ORDER RE: MOTIONS TO SEAL** <br> Re: Dkt. Nos. 192, 274, 283, 287 |

Before the court are several motions to seal filed by Synopsys and Defendant ATopTech Inc. [Docket Nos. 192, 274, 283, 287.] These motions to seal were filed in conjunction with joint discovery letters filed by the parties; this order addresses only the motions to seal, which are appropriate for resolution without oral argument pursuant to Civil Local Rule 7-1(b).

## I.   LEGAL STANDARDS

Civil Local Rule 79-5(b) states that "no document may be filed under seal (i.e., closed to inspection by the public) except pursuant to a court order that authorizes the sealing of the particular document, or portions thereof. A sealing order may issue only upon a request that establishes that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law (hereinafter referred to as 'sealable')." "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)." *Id.* Furthermore, "[r]eference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." Civ. L.R. 79-5(d)(1)(A).

Pursuant to Civil Local Rule 79-5(e), a party must file under seal a document designated as confidential by the opposing party or a document containing information so designated by an

1    opposing party.  "Within 4 days of the filing of the Administrative Motion to File Under Seal, the
2    Designating Party must file a declaration as required by subsection 79-5(d)(1)(A) establishing that
3    all of the designated material is sealable."  Civ. L.R. 79-5(e)(1).  "If the Designating Party does
4    not file a responsive declaration as required by subsection 79-5(e)(1) and the Administrative
5    Motion to File Under Seal is denied, the Submitting Party may file the document in the public
6    record no earlier than 4 days, and no later than 10 days, after the motion is denied."  Civ. L.R. 79-
7    5(e)(2).

## II.    DOCKET NO. 192

In Docket No. 192, Synopsys moves to seal portions of the parties' December 15, 2014 discovery letter brief (Docket No. 193).  Those portions refer to parameters and values found in Synopsys' software.  Synopsys has filed the declaration of Synopsys' senior litigation counsel Shanee Nelson, which states that these parameters and values are highly confidential information.  [Docket No. 192-1] at ¶ 4.  ATopTech opposes the motion on the basis that Synopsys deposited the information which it seeks to seal with the United States Copyright Office in Synopsys' application for a copyright for the information, which ATopTech claims rendered the information open for public inspection.  [Docket No. 195.]

In some circumstances, submitting information to the Copyright Office can affect its status as confidential or protected information.  For example, one court has held that source code cannot be protected as a trade secret once it has been submitted to the Copyright Office.  *Kema, Inc. v. Koperwhats*, No. C09-1587MMC, 2010 WL 726640, at *4 (N.D. Cal. Mar. 1, 2010).  However, other courts have held that submission of information to the Copyright Office does not necessarily alter the confidentiality status of that information.  *See, e.g.*, *Commerce Bancorp, LLC v. Hill*, No. CIV 08-5628 (RBK/KMW), 2010 WL 2545166, at *23 (D.N.J. June 18, 2010) (denying summary judgment on whether confidentiality provisions of contract could be breached by disclosure of information that had been deposited in the Copyright Office).  Recently, in this case, Judge Chesney found that information deposited with the Copyright Office could form the basis of Synopsys' claim that ATopTech breached the parties' agreements by improperly copying and using Synopsys' confidential information.  *See* Docket Nos. 197 at 3 (original order on motion to

1  dismiss stating that "any information filed with the Copyright Office is no longer confidential"
2  and dismissing breach of contract claims based on disclosure of that information); 203-3 at 3
3  (Synopsys' motion for reconsideration of that portion of the motion to dismiss order); 236 at 1
4  (granting motion for reconsideration).

5  Accordingly, because it is not clear that the act of depositing information with the
6  Copyright Office renders that information unsealable pursuant to Civil Local Rule 79-5, the court
7  acts out of an abundance of caution and **grants** Synopsys' motion to seal.  *See* Docket No. 34
8  (granting Synopsys' motion to seal over ATopTech's objection that the material was not sealable
9  because Synopys had deposited the material with the Copyright Office, and noting that it was
10 acting "out of an abundance of caution" and explicitly not reaching the merits of Synopsys' trade
11 secret claim).

### III.   DOCKET NO. 274

Synopsys moves to seal portions of its motion for sanctions and the accompanying declarations of Patrick Michael and Martin Walker.

| Designation # | Document | Portions |
|---|---|---|
| 1 | Motion for Sanctions | 9:5, 9:6, 9:9-11 |
| 2 | Michael Decl. | 5:6-7 |
| 3 | Michael Decl. Exs. 2, 3, 4 | Entire document |
| 4 | Michael Decl. Ex. 5 | Entire document |
| 5 | Michael Decl. Ex. 6 (Walker Decl.) | ¶¶ 11, 33, 37 |
| 6 | Walker Decl. Ex. B. | Entire document |
| 7 | Supplemental Walker Decl. | Portions |

The parties agree that Designations #3-4 contain confidential information, public disclosure of which could harm ATopTech.  Accordingly, Synopsys's motion to seal these materials is **granted.**

With respect to Designation #7, ATopTech notes that references to the name of

3

ATopTech's project tracking software "JIRA" are not confidential, but that certain portions of Designation #7 refer to details about the JIRA database that are confidential. *See* Docket No. 293 at ¶ 11 (noting specific numbers appearing in portions of Designation #7 that are confidential). Synopsys does not dispute ATopTech's characterization of which portions of Designation #7 should be sealed. Accordingly, Synopsys's motion to seal is **granted** with respect to the specific portions of Designation #7 described by ATopTech in Docket No. 293 as being sealable, but otherwise **denied**.

With respect to the remaining Designations (#1-2 and 5-6), ATopTech raises the same objection: the portions that Synopsys seeks to file under seal appear to be "common command terms" and there is therefore no basis for claiming the confidentiality of these terms. Docket No. 293 at ¶¶ 5-6, 9-10. Synopsys responds to ATopTech's objection by arguing that ATopTech's objection lacks a proper evidentiary foundation. *See* Docket No. 300. It is Synopsys' burden, not ATopTech's, to show that the material Synopsys seeks to file under seal is actually sealable. *See* Civil L.R. 79-5(b) ("A sealing order may issue only upon a request that establishes that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law"); *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (citation and formatting omitted) ("[A] particularized showing under the 'good cause' standard of Rule 26(c) will suffice to warrant preserving the secrecy of sealed discovery material attached to non-dispositive motions."). Synopsys's declaration in support of its motion to seal states that the materials it seeks to seal contains "Synopsys proprietary input formats from Synopsys's software products and technical documentation that provide Synopsys with a technical and economic advantage over competitors," and refers to to earlier-filed declarations from a Synopsys employee explaining in greater detail why Synopsys contends these input formats are sealable. *See* Docket No. 274 at 3 (referring to Docket Nos. 25-1 and 222-1). The court finds that Synopsys has met its burden of showing, for purposes of this motion to seal, that the materials in Designations #1-2 and 5-6 are sealable and therefore **grants** the motion to seal to this extent. However, the court notes the nature of the input formats is at issue in Synopsys' copyright claim, and the court's order granting Synopsys to seal references to the disputed input formats has no

4

1 bearing on the merits of that claim.

## IV.    DOCKET NO. 283

ATopTech moves to seal certain exhibits and declarations related to its opposition to the motion for sanctions. [Docket No. 283.]

ATopTech moves to seal Exhibit A to the Declaration of Henry Chang, which is a copy of a chart that shows all the commands that are available an executable file. ATopTech notes that it "does not claim this chart is confidential, but understands that Synopsys may." [Docket No. 283-1 at ¶ 3.] Synopsys has filed a responsive declaration as required by Civil Local Rules 79-5(e)(1) and 79-5(d)(1)(A) establishing that Exhibit A to the declaration of Henry Chang is sealable. [Docket No. 299.] Accordingly, ATopTech's motion to seal is **granted** with respect to this exhibit.

ATopTech also moves to seal the Declaration of Andrew Kahng and Exhibit A to that Declaration. ATopTech has sufficiently explained that these materials contain confidential and sensitive information about ATopTech's software, public disclosure of which would harm ATopTech's competitive interest. [Docket No. 283-1 at 4-5.] Accordingly, ATopTech's motion to seal is **granted** with respect to the Declaration of Andrew Kahng and Exhibit A to that Declaration.

## V.    DOCKET NO. 287

Synopsys moves to seal portions of its reply to its motion for sanctions. These portions refer to the Declaration of Andrew Kahng, which is attached to ATopTech's opposition to the motion for sanctions and which ATopTech has sought to file under seal. Synopsys also moves to seal the portions of the Second Supplemental Declaration of Martin Walker that refer to information previously marked "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" by ATopTech.

Synopsys does not contend that either of these documents contains materials that Synopsys has designated as confidential, but rather notes that it has filed its motion to seal to give ATopTech "notice of its burden to establish that the material designated confidential solely by ATopTech is properly sealable." [Docket No. 287 at 1].

1    ATopTech has filed a responsive declaration as required by Civil Local Rules 79-5(e)(1)
2 and 79-5(d)(1)(A). [Docket No. 301.] In the declaration, ATopTech states that it does not
3 contend that the redacted portions of the reply brief and the Second Supplemental Declaration of
4 Martin Walker are confidential and sealable. Accordingly, Synopsys's request to file under seal
5 those portions is **denied**.

7    No further action is required for Docket Nos. 192 and 283. For Docket Nos. 274 and 287,
8 Synopsys shall file unredacted or partially unredacted versions of the documents sought to be
9 sealed within 7 days of this order. *See* Civ. L.R. 79-5(f).

11   **IT IS SO ORDERED.**

13 Dated: July 2, 2015

_____
Donna M. Ryu
United States Magistrate Judge