IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SYNOPSYS, INC.,

    Plaintiff,

v.

ATOPTECH, INC.,

    Defendant.

No. C 13-2965 MMC

**ORDER RE: RESPONSIVE DECLARATION IN SUPPORT OF ADMINISTRATIVE MOTION TO FILE UNDER SEAL**

On August 6, 2015, plaintiff Synopsys, Inc. ("Synopsys") filed two administrative motions for leave to file under seal various documents, including documents designated confidential by defendant ATopTech, Inc. ("ATopTech"). Pursuant to the local rules of this district, ATopTech bears the burden of demonstrating the propriety of sealing any material so designated, and was required to make such showing no later than August 11, 2015. See Civil L.R. 79-5(d)-(e) (providing, where party seeks to file under seal material designated confidential by another party, such party shall file motion for sealing order, after which designating party must file, "within 4 days," declaration "establishing that all of the designated information is sealable").

As of August 13, 2015, ATopTech had not filed a declaration in support of sealing, and, consequently, the Court denied the motions to the extent such motions sought leave to file under seal documents designated confidential by ATopTech. Specifically, the Court directed the Clerk to file in the public record exhibits C - K and P - R to the Declaration of Patrick Michael filed in support of Synopsys' motion for leave to file a Second Amended

Complaint, as well as the portions of such motion that cite to those exhibits.  (See Order, filed Aug. 13, 2015.)   Thereafter, on August 20, 2015, ATopTech filed a responsive declaration by its counsel, asserting all said material is sealable.  (See Declaration of Paul Alexander ("Alexander Declaration").)  Having read and considered the declaration, the Court hereby rules as follows.

In said declaration, Alexander, citing Civil Local Rule 79-5(e), states it was and is his understanding that ATopTech's responsive declaration was not due until August 20, 2015, which date, the Court notes is fourteen days, not the requisite four days, after Synopsys filed its administrative motions for leave to file under seal.  See Civil L.R. 79-5(e)(1) (requiring designating parting to file responsive declaration "within 4 days of the filing of the [opposing party's] Administrative Motion to File Under Seal").  Nevertheless, even assuming ATopTech had timely filed its responsive declaration, such request "must be narrowly tailored to seek sealing only of sealable material," see Civil L.R. 79-5(b), and ATopTech's submission lacks the necessary "tailoring."  Rather, Alexander states, on information and belief, that "some, but not all, of the documents contained in Exhibits C - K and P - R contain confidential information." (See Alexander Declaration ¶ 3.)

In light of the above, AtopTech's request to consider the Alexander Declaration is granted, but the Court's order denying sealing of the above-referenced exhibits remains unchanged, without prejudice to ATopTech's filing a declaration that meets the requirements of Rule 79-5(a).

**IT IS SO ORDERED**.

Dated: August 25, 2015

_____
MAXINE M. CHESNEY
United States District Judge