UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYNOPSYS, INC., <br>     Plaintiff, <br> v. <br> ATOPTECH, INC, <br>     Defendant. | Case No. 13-cv-02965-MMC  (DMR) <br><br> **ORDER RE: JOINT DISCOVERY LETTERS** <br><br> Dkt Nos. 327, 328, 331 |

The parties filed three joint discovery letters (Docket Nos. 327, 328, 331) that collectively raise over 30 discovery disputes relevant to Synopsys's non-patent claims against ATopTech. It is clear from the joint letters that the parties did not finish meeting and conferring about some of these disputes before filing the letters.

On August 24, 2015, the court issued a clerk's notice requiring the parties to indicate which, if any, of the issues had been resolved without court intervention. *See* Docket No. 350. The parties responded, *see* Docket No. 352, that they had only resolved one set of discovery disputes, despite the fact that many of the disputes in the joint letter appeared to be readily resolvable. *See, e.g.* Docket No. 327 at 1 (Synopsys stating that it moves to compel deposition of ATopTech on its Rule 30(b)(6) Topics 15-(a)-(d) but providing no argument regarding this aspect of motion to compel); at 4 (Synopsys moving to compel ATopTech to provide dates for depositions of two witnesses that ATopTech had agreed to provide); Docket No. 327 at 7 and Docket No. 328 at 6 (Synopsys moving to compel ATopTech to produce additional documents for Y.Z. Liao, and ATopTech agreeing to produce those documents); Docket No. 328 at 6 (ATopTech "is working to resolve" Synopsys's request that ATopTech correlate attachments from JIRA database entries to the entries themselves).

In addition, this court's standing order requires the parties to "provide each party's final

proposed compromise" for each discovery issue, and the parties failed to so provide. *See* Docket No. 159 at 2. In short, the court is concerned that the parties have not made adequate efforts to prioritize their disputes, and to reach reasonable compromises on matters that should not require judicial intervention. *See also* NDCA's "Guidelines for Professional Conduct," Section 10(a) ("Before filing a motion, a lawyer should engage in a good faith effort to resolve the issue. In particular, civil discovery motions should be filed sparingly.").

In an order dated September 4, 2015, the court notified the parties that the court's motion calendar on the scheduled hearing date of September 10, 2015 is long, and the parties will only be permitted to make limited argument. *See* Docket No. 360.

Below is a list of all of the discovery disputes that the parties have identified in the three joint discovery letters (except for the ones that the parties have resolved, *see* Docket No. 352). By **Tuesday, September 8, 2015 at 12:00 p.m.**, each party shall identify **four** of the below disputes **by corresponding number**. The parties will only be permitted to present argument on the identified disputes. For the remainder of the disputes, the parties shall meet and confer about them in the Attorney Lounge of the Oakland Courthouse on September 10, 2015 starting at 10:00 a.m. (as previously ordered in Docket No. 360), and recommencing after the hearing. Counsel shall be prepared to stay until the end of the day if necessary.

**DISCOVERY DISPUTES IDENTIFIED IN DOCKET NOS. 327, 328, 331**

1. Synopsys 30(b)(6) Topic 1: ATopTech's document retention and storage
2. Synopsys 30(b)(6) Topic 2: ATopTech's search for/review of documents in this case
3. Synopsys 30(b)(6) Topic 3: Synopsys documents in ATopTech's possession
4. Synopsys 30(b)(6) Topic 4: Extreme DA documents in ATopTech's possession
5. Synopsys 30(b)(6) Topic 8: JIRA database
6. Synopsys 30(b)(6) Topic 9: ATopTech's source code management or version control software
7. Synopsys 30(b)(6) Topic 11: ATopTech's knowledge of Synopsys's products, including knowledge of input/out formats

8. Synopsys 30(b)(6) Topic 14: ATopTech's access to and use of Solvnet

9. Synopsys 30(b)(6) Topic 15: ATopTech's sales and marketing

10. Synopsys 30(b)(6) Topic 16: knowledge and use of Synopsys Design Constraints

11. Synopsys 30(b)(6) Topic 19: all facts supporting all ATopTech's affirmative defenses

12. Additional Deposition Testimony from Already-Deposed Witnesses (Wang and Thune)

13. Scheduling Depositions of Kaiwin Lee and Sofie Vandeputte

14. Additional Deposition Testimony and Documents from Y.Z. Liao

15. ATopTech 30(b)(6) Topics 1 and 9, Rog Nos. 3 and 6, RFP Nos. 32 and 36: Synopsys's creation of PrimeTime's input/output formats

16. ATopTech's Search Terms Regarding Input and Output Formats

17. ATopTech 30(b)(6) Topic 4: aspects of Aprisa that infringe copyright

18. ATopTech's Pre-2009 Financial Statements

19. ATopTech's Annual Budgets

20. ATopTech's Customer List; Purchase Orders; Invoices; Quotes

21. ATopTech's NDAs and Evaluation Agreements

22. Matching JIRA Attachments to JIRA Entries

23. CVS Directory Documents

24. Deeming all Synopsys RFAs Admitted/Chern Protective Order

25. Synopsys RFA No. 5: ATopTech downloaded materials from Solvnet

26. Synopsys RFA Nos. 21-24: ATopTech accessed Solvnet on certain dates

27. Synopsys Interrogatory No. 3: ATopTech's Review/Analysis of "Synopsys Products"

28. Synopsys Interrogatory Nos. 5-6: contention that ATopTech independently created input formats

29. Synopsys Interrogatory Nos. 8: ATopTech's First Affirmative Defense (formats are functional or public knowledge)

30. Synopsys Interrogatory No. 9: ATopTech's Second Affirmative Defense (interoperability)

31. Synopsys Interrogatory No. 10: ATopTech's Third Affirmative Defense (interoperability)

32. Synopsys Interrogatory No. 11: ATopTech's Fourth Affirmative Defense (industry standards)

33. Synopsys Interrogatory No. 12: ATopTech's Sixth Affirmative Defense (good faith)

3

34. Synopsys Interrogatory No. 14: ATopTech's Tenth Affirmative Defense (Synopsys's statements)

35. Synopsys Interrogatory No. 15: Identification of Aprisa/Apogee Products and Documentation

**IT IS SO ORDERED.**

Dated: September 7, 2015

_____
Donna M. Ryu
United States Magistrate Judge