UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYNOPSYS, INC.,<br><br>  Plaintiff,<br><br>  v.<br><br>ATOPTECH, INC,<br><br>  Defendant. | Case No. 13-cv-02965-MMC   (DMR)<br><br>**ORDER RE: JOINT DISCOVERY LETTER**<br><br>Re: Dkt. Nos. 330 |

Before the court is a joint discovery letter filed by Plaintiff Synopsys, Inc. and Defendant ATopTech, Inc. [Docket No. 330.] In the letter, ATopTech contends that Synopsys's patent infringement contentions ("ICs") are deficient, and requests that the court strike the ICs, stay ATopTech's discovery obligations with respect to the patent claims, and enter a protective order preventing disclosure of ATopTech's source code until Synopsys provides compliant ICs. The court has determined that this matter is appropriate for determination without oral argument pursuant to Civil Local Rule 7-1(b). For the reasons stated, and with one exception discussed below, Atoptech's motion is **denied**.

**I.     BACKGROUND**

**A.     Factual Allegations**

The factual allegations in this case have been summarized elsewhere. *See* Docket Nos. 197, 255. In brief, Synopsys is a company in the electronic design automation ("EDA") and semiconductor intellectual property industry that "develops, manufactures, sells and licenses products and services that enable designers to create, model and verify complex integrated circuit designs." Am. Compl. [Docket No. 43] at ¶ 2. Synopsys has a software product called PrimeTime that "provides customers with a trusted solution for timing sign-off, a required

1   verification step before manufacturing" a digital circuit.  *Id.* at ¶ 3.

2   ATopTech is an EDA company that develops tools for the physical design of integrated

3   circuits.  *Id.* at ¶ 4.  ATopTech makes a "place and route" tool know as Aprisa/Apogee that can

4   "talk to" the PrimeTime tool.  *Id.* at ¶ 3; Docket No. 188 at 2-3.

5   In the Amended Complaint, Synopsys brings claims for copyright infringement and breach

6   of contract.  Synopsys also brings four claims of patent infringement that allege that "ATopTech

7   products…includ[ing], but not limited to, its Aprisa or Apogee software products" infringe

8   Synopsys's United States Patent Nos. 6,405,348 ("the '348 Patent"); 6,507,941 ("the '941

9   Patent"); 6,237,127 ("the '127 Patent"); and 6,567,967 ("the '967 Patent").[1]  Am. Compl. at ¶¶ 61-

10  92.

### B.    Procedural History

12  On July 22, 2014, the presiding judge entered an order, per the parties' stipulation, staying

13  Synopsys's patent claims pending a decision by the Patent Trial and Appeal Board ("PTAB") on

14  whether to institute *inter partes* review of the four Patents-in-Suit.  *See* Docket No. 142 at ¶ 1.

15  That stipulation and order stated, "Synopsys will serve ATopTech with its identification of

16  asserted claims for each of the Patents-in-Suit on or before August 8, 2014, but all other deadlines

17  pursuant to the Patent Local Rules are suspended."  *Id.*

18  On August 8, 2014, Synopsys served on ATopTech "an identification of the asserted

19  claims for each of the Patents-in-Suit" but also stated that it "reserve[d] the right to supplement

20  this list after the stay is lifted and as discovery proceeds."  Docket No. 330 at 1.

21  On March 27, 2015, the presiding judge lifted the stay on litigation relating to two of the

22  patents and on April 9 lifted the stay on the remaining two patents.  *See* Docket Nos. 267; 280.  On

23  April 27, 2015, the presiding judge signed the parties' "Joint Proposed Order Regarding Deadlines

24  and Discovery Limits for Synopsys' Patent Claims."  *See* Docket No. 291.  In the April 27 Order,

25  the parties agreed on a May 15, 2015 deadline for "Disclosure of Asserted Claims and

26  Infringement Contentions, and Production of Related Documents (PLR [Patent Local Rule] 3-1, 3-

---

[1] The court refers to these patents collectively as the "Patents-in-Suit."

2

2)." *Id.* at 2.

On May 15, 2015, Synopsys served an additional identification of asserted claims and its infringement contentions, and produced related documents.

## II.   LEGAL STANDARDS

The local rules of the Northern District of California require parties to define their theories of patent infringement and invalidity early on in the course of litigation. *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1359 (Fed. Cir. 2006). Patent Local Rule 3-1 requires a party claiming patent infringement to serve a disclosure of asserted claims and infringement contentions no later than fourteen days after the Initial Case Management Conference. Patent L.R. 3-1(a)-(h).

The purpose of Rule 3-1, and all of the court's Patent Local Rules, is to "make the parties more efficient, to streamline the litigation process, and to articulate with specificity the claims and theory of a plaintiff's infringement claims." *Blue Spike, LLC v. Adobe Sys., Inc.*, No. 14-CV-01647-YGR (JSC), 2015 WL 335842, at *3 (N.D. Cal. Jan. 26, 2015). Specifically, Rule 3-1 is a discovery device that sets forth the standards for disclosing asserted claims and infringement contentions. It "takes the place of a series of interrogatories that defendants would likely have propounded had the patent local rules not provided for streamlined discovery." *Intertrust Techs. Corp. v. Microsoft Corp.*, No. 01-1640 SBA, 2003 WL 23120174, at *1 (N.D. Cal. Dec. 1, 2003) (citation and quotation marks omitted). Rule 3-1 requires that a plaintiff's infringement contentions "must be sufficient to provide reasonable notice to the defendant why the plaintiff believes it has a reasonable chance of proving infringement" and "to raise a reasonable inference that all accused products infringe." *Shared Memory Graphics, LLC v. Apple, Inc.*, No. 10-2475 MMC (JSC), 2011 WL 3878388, at *4 (N.D. Cal. Sept. 2, 2011) (quotation omitted).

## III.   DISCUSSION

ATopTech contends that Synopsys's ICs are deficient or improper for several reasons: (1) Synopsys improperly added 20 asserted claims on May 15, 2015; (2) the ICs do not specifically identify each accused instrumentality because Synopsys identifies all versions of ATopTech's Aprisa/Apogee product; (3) the claim charts do not sufficiently identify where or explain how each

claim limitation is found in any version of Aprisa/Apogee; (4) the disclosure regarding indirect infringement is insufficient; and (5) the disclosure regarding willful infringement is insufficient. The court addresses each argument below.

### A.     Additional Disclosure of Asserted Claims

Patent Local Rule 3-1(a) requires disclosure of "each claim of each patent in suit that is allegedly infringed by each opposing party." On August 8, 2014, Synopsys identified several asserted claims in each of the four Patents-in-Suit. On May 15, 2015, Synopsys identified several additional asserted claims for the '348 and '967 patents. The chart below summarizes Synopsys's two disclosures of asserted claims:

| Patent-in-Suit | Asserted claims on 8/8/14 | Additional claims asserted on 5/15/15 |
|---|---|---|
| '348 | 1, 5, 7, 8, 12, 15, 19, 22, 26 | 2-4, 9-11, 16-18, 23-25 |
| '941 | 1, 17, 21, 26, 40 | No additional claims asserted |
| '127 | 1-8 | No additional claims asserted |
| '967 | 1-2, 31-33 | 5, 7, 10, 17, 18, 34-36 |

According to ATopTech, the parties agreed and the court ordered that Synopsys would make its disclosure of asserted claims on August 8, 2014, therefore Synopsys's additional disclosure on May 15, 2015 was improper. ATopTech avers that it suffered prejudice because it could have asked the PTAB for *inter partes* review of Claims 7, 10, 17, or 18, but did not do so because Synopsys was not asserting those claims at that time.

The parties' two stipulations are contradictory. On August 8, 2014, the parties stipulated (and the court ordered) that "Synopsys will serve ATopTech with its identification of asserted claims for each of the Patents-in-Suit on or before August 8, 2014, but all other deadlines pursuant to the Patent Local Rules are suspended." Docket No. 142 at ¶ 1. This order appears to set an August 8, 2014 deadline for Synopsys's disclosure of asserted claims pursuant to Patent Local Rule 3-1(a). However, the parties later stipulated (and the court ordered) that Synopsys would serve its "Disclosure of Asserted Claims and Infringement Contentions, and Production of Related Documents [pursuant to] PLR 3-1, 3-2" on May 15, 2015. Docket No. 291 at 2. The later-filed stipulation and court order thus appears to modify the earlier-established deadline for Synopsys's disclosure of asserted claims.

4

1     The court finds that Synopsys's May 15, 2015 disclosure of additional asserted claims is
2 proper. It is hard to understand why ATopTech would stipulate to a new date for the "Disclosure
3 of Asserted Claims" if it did not agree that Synopsys could serve its disclosure of asserted claims
4 by that new date. Accordingly, the court declines to strike Synopsys's May 15, 2015 disclosure of
5 additional asserted claims.[2]

### B.     Specificity of ICs

Patent Local Rule 3-1(b) requires the party claiming patent infringement to identify "for each asserted claim, each accused apparatus, product, device, process, method, act or instrumentality ('Accused Instrumentality') . . . of which the party is aware." Patent L.R. 3-1(b). The identification required under Rule 3-1(b) "shall be as specific as possible. Each product, device, and apparatus shall be identified by name or model number, if known." *Id.* This rule generally "require[s] specific identification of particular accused products." *Oracle Am., Inc. v. Google, Inc.*, No. 10-3561 WHA, 2011 WL 4479305, at *2 (N.D. Cal. Sept. 26, 2011) (emphasis removed). It does "not tolerate broad categorical identifications" or "the use of mere representative examples." *Id.* Rather, "a full list of accused products must be disclosed as part of a party's infringement contentions" if they are known to the plaintiff. *Id.*

Synopsys's ICs contain four claim charts, one for each Patent-in-Suit. Each claim chart contains a preamble that indicates that ATopTech has represented to the Court that Aprisa/Apogee is a single product, and is ATopTech's only product. The claim charts then define the "Accused Products" as all versions of the Aprisa/Apogee product, including but not limited to 21 specifically-enumerated versions. Letter Ex. A (ICs) at A-11, A-106, A-212, A-248.

ATopTech claims this identification of the "Accused Products" accuses a large number of

---

[2] The court also notes that the prejudice claimed by ATopTech is unpersuasive. ATopTech filed petitions for *inter partes* review of the four Patents-in-Suit on July 11, 2014, before Synopsys's made its first disclosure of asserted claims on August 8, 2014. *See* Docket No. 142 at 1. That ATopTech elected not to seek rehearing on the claims later asserted by Synopsys is of no moment; nothing prevented ATopTech from seeking rehearing on those claims.
 As noted above, the purpose of Rule 3-1 is to streamline a patent infringement litigation and to provide reasonable notice to the defendant of plaintiff's infringement theories. Here, Synopsys's disclosure of asserted claims, at the outset of the patent litigation portion of this case, accomplishes that purpose.

1  versions of Aprisa/Apogee released over the course of eight years, without explaining whether

2  these versions contain the same allegedly infringing functionality or characteristics, or whether

3  one version is representative of all versions. Instead, "the ICs appear to be based on an

4  unspecified amalgamation of products and versions." Letter at 4.

5        Patent Local Rule 3-1 does not require a claim chart for every accused product. A plaintiff

6  need only provide enough information to "permit a reasonable inference that all accused products

7  infringe." *Renesas Tech. Corp. v. Nanya Tech. Corp.*, No. 03-cv-5709 JF (HRL), 2004 WL

8  2600466, at *4 (N.D. Cal. Nov. 10, 2004). A party can rely on representative products to meet its

9  obligations under Patent Local Rule 3-1; however, it must "articulate how the accused products

10  share the same, or substantially the same, infringing [qualities] with any other product or with the .

11  . . 'representative' product []." *Silicon Labs. Inc. v. Cresta Tech. Corp.*, No. 5:14-cv-03227-PSG,

12  2015 WL 846679, at *1, 2 (N.D. Cal. Feb. 25, 2015). A plaintiff "bears the burden of explaining

13  why its claim chart is representative of all accused products." *Digital Reg. of Tex., LLC v. Adobe

14  Sys. Inc.*, No. CV 12-01971-CW (KAW), 2013 WL 633406, at *4 (N.D. Cal. Feb. 20, 2013).

15        To support its argument, ATopTech cites *Bender v. Freescale Semiconductor, Inc.*, No. C

16  09-1156 PHJ (MEJ), 2010 WL 1689465, at *1 (N.D. Cal. Apr. 26, 2010). However, *Bender* is

17  distinguishable. In that case, the plaintiff alleged that "a vast number of electronic products" by

18  the defendant infringed his patent. *Id.* at *1. Specifically, in his infringement contentions, the

19  plaintiff first accused "all versions of all of Defendant's products implementing high speed analog

20  amplifiers," and later amended these contentions, but nonetheless continued to accuse "most of

21  Defendant's product lines." *Id.* at *3. Here, Synopsys has accused different versions of a *single

22  product*, not numerous distinct products.

23        It is Synopsys's burden to "articulate how the accused products share the same, or

24  substantially the same, infringing [qualities] with any other product or with the . . . 'representative'

25  product []." *Silicon Labs. Inc.*, 2015 WL 846679, at *1, 2. Synopsys comes close. It explains that

26  it accuses one specific product, as well as all versions of that product. However, Synopsys must

27  also state that all versions of the product are substantially similar, and that they infringe

28  Synopsys's patents in the same way. By no later than September 11, 2015, Synopsys shall amend

United States District Court
Northern District of California

its infringement contentions accordingly, or shall file a one-page letter stating that it cannot make these representations, and explaining why.

### C. Sufficiency of Claim Charts

Patent Local Rule 3-1(c) requires that infringement contentions contain a "chart identifying specifically where each limitation of each asserted claim is found within each Accused Instrumentality." The claim chart must "compare an accused product to its patents on a claim by claim, element by element basis . . . ." *Bender v. Maxim Integrated Products, Inc.*, No. C-09-01152 SI, 2010 WL 1135762, at *2 (N.D. Cal. Mar. 22, 2010) (quotation omitted).

ATopTech contends that Synopsys's claim charts do not sufficiently identify where or explain how each claim limitation is found in any version of Aprisa/Apogee. ATopTech points to five examples in Synopsys's claim charts in which Synopsys's identification of each limitation within Aprisa/Apogee "merely parrots claim language limitations without explaining how any accused product allegedly meets that claim language." *See* Letter at 4-5 (citing to IC at A-19-20; A-121; A-220; A-256-57; A-58-80). Yet, in each of these examples, Synopsys not only "parrots" the claim language but also identifies a specific command within Aprisa/Apogee that meets the claim limitation, includes a screenshot of documentation for Aprisa/Apogee showing that command, and explains how that command meets the limitation.

For example, ATopTech contends that the claim chart is deficient with respect to Claim 1(d) of the '348 patent, which recites "a method of analyzing crosstalk effects on interconnects of an integrated circuit design represented as a netlist, the method comprising the steps of …. (d) super-positioning said primary waveform over said bump-envelope waveform to generate a composite waveform." The claim chart for this claim repeats the language of Claim 1(d) but also includes a screenshot of ATopTech's user documentation describing and depicting the output generated after invoking certain command and an explanation of how the command meets the Claim 1(d) limitation.

ATopTech also contends that Claims 15 and 19 of the '348, which are means-plus-function

7

1   claims,[3] are insufficiently disclosed pursuant to Rule 3-1(c), which requires identification "of the
2   structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed
3   function." This is incorrect. Synopsys identifies the structure that performs the claimed functions
4   in Claims 15 and 19 at the start of the comparison between Claim 15 and 19 and Aprisa/Apogee.
5   *See* ICs at A-58, A-80.

6   The court has reviewed Synopsys's ICs and finds that Synopsys has mapped each
7   limitation of each asserted claim to specific features in the accused Aprisa/Apogee product that
8   allegedly meet that limitation. The claim charts are sufficient.

**D.    Sufficiency of Synopsys's Indirect Infringement Allegations**

Patent Local Rule 3-1(d) states, "For each claim which is alleged to have been indirectly infringed, [the party claiming patent infringement shall provide] an identification of any direct infringement and a description of the acts of the alleged indirect infringer that contribute to or are inducing that direct infringement. Insofar as alleged direct infringement is based on joint acts of multiple parties, the role of each such party in the direct infringement must be described."

Synopsys's Rule 3-1(d) disclosure states that ATopTech has indirectly infringed Synopsys's patents by distributing manuals and other documentation on how to use Aprisa/Apogee in an infringing manner. ATopTech contends that this disclosure is insufficient because only states "generically that ATopTech distributes manuals and guides on how to use Aprisa/Apogee in an infringing manner." ATopTech notes that in *Creagri, Inc. v. Pinnaclife Inc., LLC*, No. 11-CV-06635-LHK-PSG, 2012 WL 5389775, at *5 (N.D. Cal. Nov. 2, 2012), the plaintiff's Rule 3-1(d) disclosure included only "boilerplate language alleging [that the defendant] engaged in indirect and contributory infringement, such as 'advising others to use the product in an infringing manner; advertising and promoting the use in an infringing manner; and distributing instructions, scientific papers, and videos that guide customers to use the product in an infringing

---

[3] "A means-plus-function limitation contemplated by [35 U.S.C. § 112(f)] recites a function to be performed rather than definite structure or materials for performing that function." *Chiuminatta Concrete Concepts, Inc. v. Cardinal Indus., Inc.*, 145 F.3d 1303, 1307 (Fed. Cir. 1998).

manner.'"  The court found this disclosure insufficient, and specifically noted that the plaintiff "fail[ed] to identify what advertisements and instructions lead to what infringing behavior." *Id.*

Here, unlike in *Creagri*, Synopsys has specifically identified the user manuals and documentation in which ATopTech instructed customers and end users to use Aprisa/Apogee in a manner that infringes the patents-in-suit.  Synopsys's Rule 3-1(d) disclosure directs ATopTech to Synopsys's four claim charts for the patents-in-suit, and each claim chart includes numerous screenshots of ATopTech documentation in which the allegedly infringing manner of use is identified.  The court therefore finds that Synopsys's Rule 3-1(d) disclosure is sufficient.

### E. Sufficiency of Synopsys's Willful Infringement Allegations

Patent Local Rule 3-1(h) requires a party claiming patent infringement to disclose the basis for any allegation of willful infringement.  Synopsys's Rule 3-1(h) states, in essence, that ATopTech's infringement was willful because it continued after the date that Synopsys served ATopTech with the complaint in this case.  Such a theory can suffice for a claim of willful infringement.  *See Monolithic Power Sys., Inc. v. Silergy Corp.*, No. 14-CV-01745-VC, 2015 WL 3799533, at *3 (N.D. Cal. June 18, 2015) ("[A] plaintiff can state a claim for post-filing willful infringement so long as the plaintiff alleges, in an amended complaint and with sufficient particularity, that there is an objectively high risk the defendant is continuing to infringe and the defendant knows or should know of that objectively high risk.  That, after all, is what a plaintiff must prove to prevail on a willful infringement claim.") (citing *i4i Ltd. P'ship v. Microsoft Corp.*, 598 F.3d 831, 860 (Fed. Cir. 2010)).

ATopTech contends that this disclosure is inadequate.  Synopsys responds that ATopTech's challenge to the sufficiency of Synopsys's willfulness allegations, as stated in Synopsys's Rule 3-1(h) disclosure, amounts to a motion for judgment on the pleadings because it would effectively preclude Synopsys from asserting a claim for willful infringement by precluding discovery on that topic.  Synopsys notes that it made identical allegations in its Amended Complaint regarding willful infringement, and ATopTech did not then move to dismiss the willful infringement claim.  *See* Am. Compl. at ¶¶ 65, 73, 81, 89.

The court agrees with Synopsys.  Synopsys's Rule 3-1(h) disclosure is sufficient to provide

ATopTech with notice of the basis for Synopsys's willful infringement claim. To the extent ATopTech believes that basis is insufficient to state a claim, the proper course of action is to file a motion before the presiding judge challenging the sufficiency of the pleadings, not the present motion to strike the ICs. *Accord GN Resound A/S v. Callpod, Inc.*, No. C 11-04673 SBA, 2013 WL 1190651, at *7 (N.D. Cal. Mar. 21, 2013) ("The Court finds that Defendant has failed to demonstrate that Plaintiff has not complied with Rule 3–1(h). The plain language of Rule 3–1(h) simply requires Plaintiff to disclose the basis for its allegation of willful infringement….To the extent Defendant believes the operative complaint fails to state a claim for willful infringement, Defendant may file the appropriate motion under the Federal Rules of Civil Procedure.").

## IV.   CONCLUSION

For the reasons stated above, ATopTech's motion to strike Synopsys's ICs is **denied.** By no later than September 11, 2015, Synopsys shall amend its infringement contentions to state that all versions of Aprisa/Apogee are substantially similar, and that they infringe Synopsys's patents in the same way, or shall file a one-page letter stating that it cannot make these representations, and explaining why.

**IT IS SO ORDERED.**

Dated: September 7, 2015

_____
Donna M. Ryu
United States Magistrate Judge