```
 1   Robert A. Mittelstaedt (State Bar No. 60359)
     ramittelstaedt@JonesDay.com
 2   Patrick T. Michael (State Bar No. 169745)
     pmichael@JonesDay.com
 3   Krista S. Schwartz (State Bar No. 303604)
     ksschwartz@JonesDay.com
 4   Joe C. Liu (State Bar No. 237356)
     jcliu@JonesDay.com
 5   Nathaniel P. Garrett (State Bar No. 248211)
     ngarrett@JonesDay.com
 6   JONES DAY
     555 California Street, 26th Floor
 7   San Francisco, CA  94104
     Telephone:     +1.415.626.3939
 8   Facsimile:     +1.415.875.5700

 9   Heather N. Fugitt (State Bar No. 261588)
     hfugitt@jonesday.com
10   JONES DAY
     1755 Embarcadero Road
11   Palo Alto, CA  94303
12   Telephone: +1.650.739.3939
     Facsimile: +1.650.739.3900
13
     Attorneys for Plaintiff
14   SYNOPSYS, INC.
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SYNOPSYS, INC., <br><br>                    Plaintiff, <br><br> v. <br><br> ATOPTECH, INC., <br><br>                    Defendant. | **Case No. 3:13-cv-02965-MMC (DMR)** <br><br> **PLAINTIFF SYNOPSYS, INC.'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF EXHIBITS TO SYNOPSYS' MOTION FOR SUMMARY JUDGMENT** <br><br> Date:         December 4, 2015 <br> Time:        9:00 a.m. <br> Judge:      Hon. Maxine M. Chesney <br> COURTROOM:   7, 19TH FLOOR |

1    Pursuant to Civil Local Rules 7-11(a) and 79-5, Plaintiff Synopsys, Inc. ("Synopsys") requests that the Court permit Synopsys to file portions of its Motion for Summary Judgment ("Motion") and certain exhibits attached to the Declaration of Patrick T. Michael filed in support of the Motion ("Michael Decl."), under seal.

Synopsys hereby gives ATopTech notice of its obligations to file a supporting declaration under Civil L.R. 79-5(e)(1) to establish grounds for sealing the below-identified portions of the Motion and Exhibits to the Michael Declaration. Further, Synopsys concurrently files the Declaration of Shanée Y. W. Nelson ("Nelson Decl."), which shows good cause exists to seal the below-identified portions containing Synopsys' confidential information.

| DOCUMENT | BASIS FOR SEALING |
|---|---|
| Plaintiff Synopsys, Inc.'s Notice of Motion and Motion for Summary Judgment on Defendant ATopTech's Affirmative Defenses | ATopTech has designated information cited and quoted in this document as confidential under the Protective Order and is hereby given notice under Civil L.R. 79-5(e)(1) |
| Michael Decl. Exhibit 1—Expert Report of Andrew Kang (Aug. 7, 2015) | ATopTech has designated this document confidential under the Protective Order and is hereby given notice under Civil L.R. 79-5(e)(1) <br><br> Synopsys asserts that 16:16-19, 16:23-17:2 18:20, 18:23-28, 19:25, 20:23-21:2, 22:2-14, 28:10-29:3, 31:9-10, 32:8-9, 34:3-17, 35:1-40:18, 42:4, 43:14-18, 44:1, 44:5, 44:8-10, 44:15, 45:1, 45:16, 48:20, 48:22, 51:4-55:13, and 58:10-62:28 of Exhibit 1 are properly sealable per the Nelson Declaration ¶¶ 3, 5-7, 11-12.[1] |
| Michael Decl. Exhibit 8—Excerpts from the Deposition of Eric Thune (July 1, 2015) | ATopTech has designated this document confidential under the Protective Order and is hereby given notice under Civil L.R. 79-5(e)(1) |
| Michael Decl. Exhibit 9—the Connections Program License Agreement, Exhibit 11 from the Deposition of Robert Hoogenstryd (June 30, 2015) | Synopsys asserts that Exhibit 9 is properly sealable per the Nelson declaration ¶¶ 8, 11-12. |

---

[1] Exhibit 1 is being filed wholly under seal pursuant to Civil L.R. 79-5(e) pending ATopTech's submission of a supporting declaration. Should the Court order that only portions of this document be properly sealed in light of any such submission, Synopsys will file a redacted version conforming with any such Order.

| | |
|---|---|
| Michael Decl. Exhibit 10—Excerpts from the Aprisa/Apogee User Guide (May 1, 2009) | ATopTech has designated this document confidential under the Protective Order and is hereby given notice under Civil L.R. 79-5(e)(1) |
| Michael Decl. Exhibit 11—Excerpts from the deposition of Eric Thune (June 18, 2015) | ATopTech has designated this document confidential under the Protective Order and is hereby given notice under Civil L.R. 79-5(e)(1) |
| Michael Decl. Exhibit 12—Excerpts from the deposition of Geng Bai (July 2, 2015) | ATopTech has designated this document confidential under the Protective Order and is hereby given notice under Civil L.R. 79-5(e)(1) |
| Michael Decl. Exhibit 13—Excerpts from the deposition of Jianjun Wang (June 24, 2015) | ATopTech has designated this document confidential under the Protective Order and is hereby given notice under Civil L.R. 79-5(e)(1) |
| Michael Decl. Exhibit 14—Excerpts from the deposition of Ping-San Tzeng (June 26, 2015) | ATopTech has designated this document confidential under the Protective Order and is hereby given notice under Civil L.R. 79-5(e)(1) |
| Michael Decl. Exhibit 15—Excerpts from the deposition of Stephen Deng (June 12, 2015) | ATopTech has designated this document confidential under the Protective Order and is hereby given notice under Civil L.R. 79-5(e)(1) |
| Michael Decl. Exhibit 17—Excerpts from the deposition of Henry Chang (June 23, 2015) | ATopTech has designated this document confidential under the Protective Order and is hereby given notice under Civil L.R. 79-5(e)(1) |
| Michael Decl. Exhibit 18—Excerpts from the deposition of Tai-Hung Liu (June 11, 2015) | ATopTech has designated this document confidential under the Protective Order and is hereby given notice under Civil L.R. 79-5(e)(1) |
| Michael Decl. Exhibit 19—Excerpts from the deposition of Yucheng Wang (June 29, 2015) | ATopTech has designated this document confidential under the Protective Order and is hereby given notice under Civil L.R. 79-5(e)(1) |
| Michael Decl. Exhibit 21—Excerpts from the Expert Report of Christian Tregillis (Sept. 10, 2015) | ATopTech has designated this document confidential under the Protective Order and is hereby given notice under Civil L.R. 79-5(e)(1)<br><br>Synopsys asserts that this document is properly sealable per the Nelson Declaration ¶¶ 9, 11-12. |
| Michael Decl. Exhibit 24—Excerpts from the Deposition of Andrew Kahng (Oct. 3, 2015) | ATopTech has designated this document confidential under the Protective Order and is hereby given notice under Civil L.R. 79- |

| | |
|---|---|
| | 5(e)(1) |
| Michael Decl. Exhibit 25—Rebuttal Expert Report of Andrew Kang (Aug. 7, 2015) | ATopTech has designated this document confidential under the Protective Order and is hereby given notice under Civil L.R. 79-5(e)(1)<br><br>Synopsys asserts that 15:3-11, 15:24-25, 16:14-17:4, 18:6-12, 18:27-28, 20:1-11, 20:24-28, 21:24-22:1, 23:8, 23:19-28; 24:9-10, 24:20-25:9, 27:16-17, 28:1-28, 32:7-21, 33:1-23, 36:8-18, 37:4-17, 37:23-28, 38:5-8, 38:19-22, 39:9-15, 45:25, 47:2, 50:20-24, 51:2-5, 51:26-28, 52:3-9, 52:24-27, 53:20-23, 54:17-25, 55:9-17, 56:1-20, 57:1-14, 58:11-21, 65:15-16, 66:4-9, 67:24-25, 68:4, 68:26, 69:6-7, 69:13, 69:22, 70:6-17, 71:2, 71:18, 72:4-15, 73:2-12, 74:21-27, 75:2, 86:12-13, 87:3-22, 88:1-28, 89:5-6, 89:24 of Exhibit 25 are properly sealable per the Nelson Declaration ¶¶ 3, 5-7, 11-12.[2] |
| Michael Decl. Exhibit 27—Excerpts from the deposition of Kaiwin Lee (Sep. 24, 2015) | ATopTech has designated this document confidential under the Protective Order and is hereby given notice under Civil L.R. 79-5(e)(1) |
| Michael Decl. Exhibit 29—Excerpts from the deposition of Jue-Hsien Chern (July 2, 2015) | ATopTech has designated this document confidential under the Protective Order and is hereby given notice under Civil L.R. 79-5(e)(1) |
| Michael Decl. Exhibit 30—Email from J. Chern (Jan. 21, 2011, 4:33pm) attached as Exhibit 16 to the deposition of Jue-Hsien Chern (July 2, 2015) | ATopTech has designated this document confidential under the Protective Order and is hereby given notice under Civil L.R. 79-5(e)(1) |
| Michael Decl. Exhibit 32—Email from G. Cureton (Aug. 29, 2014, 9:23am) | Synopsys asserts that this document is properly sealable per the Nelson Declaration ¶¶ 10-12. |
| Michael Decl. Exhibit 33—Excerpts of Supplemental 30(b)(6) Deposition Exhibit 2 of the Deposition of Ahsan Bootehsaz (Oct. 28, 2015) | Synopsys asserts that this document is properly sealable per the Nelson Declaration ¶¶ 4-7, 11-12. |
| Michael Decl. Exhibit 34—Excerpts of Supplemental 30(b)(6) Deposition Exhibit 4 of the Deposition of Ahsan Bootehsaz (Oct. 28, 2015) | Synopsys asserts that this document is properly sealable per the Nelson Declaration ¶¶ 4-7, 11-12. |
| Michael Decl. Exhibit 35—Excerpts of | Synopsys asserts that this document is |

---

[2] Exhibit 25 is being filed wholly under seal pursuant to Civil L.R. 79-5(e) pending ATopTech's submission of a supporting declaration. Should the Court order that only portions of this document be properly sealed in light of any such submission, Synopsys will file a redacted version conforming with any such Order.

| | |
|---|---|
| Supplemental 30(b)(6) Deposition Exhibit 5 of the Deposition of Ahsan Bootehsaz (Oct. 28, 2015) | properly sealable per the Nelson Declaration ¶¶ 4-7, 11-12. |
| Blaauw Decl. Exhibit 3—Exhibit 3 from the Expert Report of David Blaauw | Synopsys asserts that this document is properly sealable per the Nelson Declaration ¶¶ 3, 5-7, 11-12 |

## I. LEGAL STANDARD

Pursuant to Civil Local Rule 79-5(a), an order to seal may issue "upon a request that establishes that the document, or portions thereof, is privileged or protectable as trade secret or otherwise entitled to protection under the law." To seal documents associated with a dispositive motion, as is the case here, the designating party must meet the "compelling reasons" standard of the Ninth Circuit. "In general, compelling reasons sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (internal quotations omitted).

## II. COMPELLING REASONS EXISTS TO SEAL THE IDENTIFIED PORTIONS.

Synopsys has spent a tremendous amount of time, money, and resources developing creative and expressive command sets. Nelson Decl. ¶ 5-7, 11-12. The information contained in Exhibits 1, 25, 33, 34, and 35 to the Michael Declaration, the Blaauw Declaration and its Exhibit 3 disclose Synopsys' command sets, other input formats, numerical breakdowns of such formats, and excerpts of confidential manuals and other copyrighted materials that provide Synopsys with a technical and economic advantage over competitors. *Id.* Similarly, Exhibit 9 contains the terms and agreements of a business relationship between Synopsys' processor-in-interest and ATopTech, and includes the confidential internal design methodology of a third party customer. *Id.* ¶ 8. Exhibit 21 discloses the identity and number of Synopsys' customers and specific actions taken by those customer as part of the effort to evaluate Synopsys' products. *Id.* ¶ 9.

Exhibit 32 contains internal discussion regarding Synopsys' confidential business plans, including the structure and organization of Synopsys' internal software modules, personnel assignments regarding the development of those modules, internal functionality and business plans. *Id.* ¶ 10.  Accordingly, because Synopsys engages in significant efforts to preserve the confidentiality of this information and to keep it confidential from Synopsys' competitors, including requiring partners and customers to sign non-disclosure agreements, disclosing such information would allow court files to "become a vehicle for improper purposes" by allowing competitors access to Synopsys' confidential trade secrets and internal business affairs. *Id.* ¶ 12; *see also* ECF No. 178-1 § 5.2 (non-disclosure provision in licensing agreement between Synopsys and ATopTech).

In short, the harm that would result from public disclosure of the materials at issue here would be acute and irreversible.  The motion to seal should be granted.

### III. CONCLUSION

For the foregoing reasons, and pursuant to Civil L.R. 79-5(e), Synopsys requests that the above-described documents be filed under seal.

Dated: October 30, 2015

Respectfully submitted,

JONES DAY

By: /s/ *Patrick T. Michael*
     Patrick T. Michael

Attorneys for Plaintiff
SYNOPSYS, INC.