Robert A. Mittelstaedt (State Bar No. 60359)
ramittelstaedt@JonesDay.com
Patrick T. Michael (State Bar No. 169745)
pmichael@JonesDay.com
Krista S. Schwartz (State Bar No. 303604)
ksschwartz@JonesDay.com
Joe C. Liu (State Bar No. 237356)
jcliu@JonesDay.com
Nathaniel P. Garrett (State Bar No. 248211)
ngarrett@JonesDay.com
JONES DAY
555 California Street, 26th Floor
San Francisco, CA  94104
Telephone:     +1.415.626.3939
Facsimile:     +1.415.875.5700

Heather N. Fugitt (State Bar No. 261588)
hfugitt@jonesday.com
JONES DAY
1755 Embarcadero Road
Palo Alto, CA  94303
Telephone: +1.650.739.3939
Facsimile: +1.650.739.3900

Attorneys for Plaintiff
SYNOPSYS, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| SYNOPSYS, INC.,<br><br>       Plaintiff,<br><br>v.<br><br>ATOPTECH, INC.,<br><br>       Defendant. | **Case No. 3:13-cv-02965-MMC (DMR)**<br><br>**DECLARATION OF SHANÉE Y. W. NELSON IN SUPPORT OF PLAINTIFF SYNOPSYS, INC.'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF SYNOPSYS' MOTION FOR SUMMARY JUDGMENT ON ATOPTECH'S AFFIRMATIVE DEFENSES** |

1    I, Shanée Y.W. Nelson, hereby declare as follows:

2        1.       I am Legal Counsel, Director of Litigation with Synopsys, Inc. ("Synopsys"),

3    plaintiff in this action. I have personal knowledge of the facts set forth in this declaration and, if

4    called upon as a witness, I could and would testify to such facts under oath.

5        2.       I submit this declaration in support of Synopsys' Administrative Motion to File

6    Under Seal Portions of Synopsys' Motion for Summary Judgment and Exhibits to the Declaration

7    of Patrick T. Michael filed in support thereof.

8        3.       I have reviewed the opening and rebuttal reports of Andrew Kahng, attached as

9    Exhibits 1 and 25, respectively, to the Michael Declaration, the declaration of David T. Blaauw,

10   and Exhibit 3 of the Blaauw Declaration.  I recognize information contained in these materials to

11   include Synopsys' proprietary, commercially sensitive and confidential information related to

12   various Synopsys' products.  Specifically, both Exhibits 1 and 25 contain certain commands,

13   options, and other input formats that are found in Synopsys' software products and technical

14   documentation.  Exhibits 1, 25, and the Blaauw declaration additionally contain numerical

15   breakdowns of such commands as they relate to the software at issue.  All of these exhibits

16   additionally contain excerpts of Synopsys' confidential manuals and copyright registrations

17   related to the structure and operation of these commands.

18       4.       I have reviewed Supplemental 30(b)(6) Deposition Exhibits 2, 3, 4, and 5 from the

19   October 28, 2015 Deposition of Ahsan Bootehsaz.  Supplemental 30(b)(6) Deposition Exhibits 2

20   and 3 contain a summary chart of Synopsys commands and options, the earliest date each

21   appeared in Synopsys products, and references to source material demonstrating the dates.  An

22   excerpt of Supplemental 30(b)(6) Deposition Exhibit 2 containing the summary chart is attached

23   to the Michael Declaration as Exhibit 33.  Similarly, Supplemental 30(b)(6) Deposition Exhibit 4

24   contains a summary chart of Synopsys variables, the earliest date each appeared in Synopsys

25   products, and references to source material demonstrating the dates.  An excerpt of Supplemental

26   30(b)(6) Deposition Exhibit 4 containing the summary chart is attached to the Michael

27   Declaration as Exhibit 34.  Finally, Supplemental 30(b)(6) Deposition Exhibit 5 contains a

28   summary chart of Synopsys objects and attributes, the earliest date each appeared in Synopsys

products, and references to source material demonstrating the dates.  An excerpt of Supplemental

30(b)(6) Deposition Exhibit 5 containing the summary chart is attached to the Michael

Declaration as Exhibit 35.  I recognize information contained in these materials to include

Synopsys' proprietary, commercially sensitive and confidential information related to various

Synopsys' products.  Specifically, these exhibits contain certain commands, options, and other

input formats that are found in Synopsys' software products and technical documentation and

dates during which they were first introduced.

5.     Synopsys employees have previously submitted declarations explaining the

sensitivity and confidentiality of Synopsys' proprietary formats (ECF Nos. 25-1, 222-1, 299-1

and 335-1) and I understand the Court has previously ordered that submissions containing these

types of proprietary formats be filed under seal (ECF Nos. 34, 225, 314 and 343).

6.     As explained in those previous declarations, Synopsys spends significant time and

resources to develop creative and expressive command sets (including commands and options;

parameters/variables; and objects and attributes), as well as innovative technologies in the field of

electronic design automation. Synopsys' command sets and technical innovations are

incorporated into products that are used in the design of integrated circuits, products which take

years to develop and improve.  This information, including Synopsys information contained in

these materials, are among the most commercially sensitive, valuable, and proprietary material

owned by Synopsys.

7.     Exhibits 1, 25, 33, 34, and 35 to the Michael Declaration, the Blauuw Declaration

and its Exhibit 3 all reflect the same proprietary elements of Synopsys' products' commands and

reflect creative and expressive effort that took numerous years to develop at great expense,

remains highly relevant to Synopsys' business, and provides Synopsys with a technical and

economic advantage over competitors.

8.     I have reviewed the Connections Program Licensing Agreement (Hoogenstryd

Deposition Exhibit 11) attached as Exhibit 9 to the Michael Declaration.  Exhibit 9 contains the

terms and agreements of a business relationship between Synopsys' processor-in-interest and

ATopTech, and includes the confidential internal design methodology of a third party customer.

1  Exhibit 9 therefore contains confidential and commercially sensitive information that would allow

2  competitors insight into Synopsys' and a third party's internal business operations and strategy.

3          9.      I have reviewed the excerpts of the Expert Report of Christian Tregillis attached as

4  Exhibit 21 to the Michael Declaration.  Exhibit 21 discloses the identity and number of Synopsys'

5  customers and specific actions taken by those customer as part of the effort to evaluate Synopsys'

6  products.  Exhibit 21 therefore contain confidential and commercially sensitive information that

7  would allow competitors insight into Synopsys' internal business operations and sales strategy

8  and its confidential interactions with its customers.

9          10.     I have reviewed the August 29, 2014 email from Glen Cureton, attached as Exhibit

10  32 to the Michael Declaration.  Exhibit 32 contains internal discussion regarding Synopsys'

11  confidential business plans, including the structure and organization of Synopsys' internal

12  software modules, personnel assignments regarding the development of those modules, internal

13  functionality and business plans.  Exhibit 32 therefore contains confidential and commercially

14  sensitive information that would allow competitors insight into Synopsys' internal business

15  operations and strategy.

16          11.     Allowing a competitor to have access to, or possession or knowledge of, the

17  information described in above-described documents would cause severe competitive harm to

18  Synopsys.  Maintaining the confidentiality of this information is essential for Synopsys to

19  maintain its competitive advantage. A full, public disclosure of this information would provide

20  Synopsys' competitors unrestricted access to and knowledge of Synopsys' proprietary,

21  commercially sensitive, and confidential information. Such unrestricted access or knowledge

22  would allow Synopsys' competitors to wrongly gain significant advantages as they can use this

23  information to  accelerate and improve their products; to ease the adoption of their products by

24  customers; to avoid the lengthy creative development process undertaken by Synopsys; and to

25  avoid the substantial costs incurred by Synopsys.

26          12.     Synopsys engages in significant efforts to preserve the confidentiality of its

27  proprietary and commercially sensitive information, including the Synopsys information

28  contained in the above-described documents.  Synopsys does not disseminate indiscriminately its

1   proprietary, commercially sensitive, and confidential information. Synopsys places confidentiality

2   notices on documents containing its proprietary, commercially sensitive, and confidential

3   information and requires third parties to whom disclosure of such information is necessary, such

4   as its customers, to sign strict non-disclosure agreements before any access is granted to the

5   proprietary, commercially sensitive, and confidential information, including Synopsys'

6   information reflected in the above-described documents.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 4 -

1    I declare under penalty of perjury under the laws of the United States and the State of

2  California that the foregoing is true and correct.

3    Executed this 30th day of October, 2015 in Palo Alto, California.

4

5    Shanée Y.W. Nelson

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NELSON  DECL. ISO MOTION TO SEAL
Case No. 3:13-cv-02965-MMC (DMR)