1  Paul Alexander (No. 49997)
   ARNOLD & PORTER LLP
2  1801 Page Mill Road, Suite 110
   Palo Alto, CA 94304-1216
3  Telephone:  (650) 798-2920
   Facsimile:  (650) 798-2999
4  Paul.Alexander@aporter.com

5  Martin R. Glick (No. 40187)
   Daniel Asimow (No. 165661)
6  Willow Noonan (No. 277584)
   ARNOLD & PORTER LLP
7  Three Embarcadero Center, 7th Floor
   San Francisco, CA 94111-4024
8  Telephone:  (415) 471-3100
   Facsimile:  (415) 471-3400
9  Marty.Glick@aporter.com
   Daniel.Asimow@aporter.com
10 Willow.Noonan@aporter.com

11 Denise McKenzie (No. 193313)
   Ryan M. Nishimoto (No. 235208)
12 ARNOLD & PORTER LLP
   777 South Figueroa Street, Forty-Fourth Floor
13 Los Angeles, CA 90017-5844
   Telephone:  (213) 243-4000
14 Facsimile:  (213) 243-4199
   Denise.McKenzie@aporter.com
15
   Attorneys for Defendant
16 ATOPTECH, INC.

17
                    UNITED STATES DISTRICT COURT
18
                   NORTHERN DISTRICT OF CALIFORNIA
19
                       SAN FRANCISCO DIVISION
20

| | |
|---|---|
| SYNOPSYS, INC.,<br><br>                Plaintiff,<br><br>   v.<br><br>ATOPTECH, INC.,<br><br>               Defendant. | Case No. 3:13-cv-02965 MMC (DMR)<br><br>**DECLARATION OF PAUL ALEXANDER IN SUPPORT OF DEFENDANT ATOPTECH, INC.'S MOTION FOR SUMMARY JUDGMENT**<br><br>**[REDACTED PUBLIC VERSION]**<br><br>Date:        December 4, 2015<br>Time:       9:00 a.m.<br>Place:       Courtroom 7, 19th Floor<br>Judge:      Hon. Maxine M. Chesney |

I, PAUL ALEXANDER, declare as follows:

1. I am an attorney with the law firm of Arnold & Porter LLP, and one of the attorneys of record for Defendant ATopTech, Inc. ("ATopTech"). I make this declaration to identify and authenticate documents that are being presented for the Court's consideration in connection with Defendant ATopTech, Inc.'s Motion for Summary Judgment ("MSJ"). The facts herein are true and correct to the best of my knowledge, information and belief. This declaration is filed pursuant to

2. Attached hereto as Exhibit 1 is a list of the names of 9 command terms, 34 option terms, 7 variable terms, and 5 object and attribute terms from the Synopsys PrimeTime and GoldTime programs that I understand are alleged to have been copied into ATopTech's Aprisa, and that remain after applying the analytic dissection described in ATopTech's MSJ. The method used to prepare this list began with taking all of the allegedly copied terms listed in Exhibits 5-1 to 5-3 (PrimeTime) and 5-7 to 5-9 (GoldTime) of the August 7, 2015 Expert Report of Dr. James Storer ("Storer Report"), Synopsys' expert witness on infringement, and progressively removing materials we concluded were not subject to copyright for the reasons set forth in our MSJ, as follows:

    a. Materials that appeared in PrimeTime and GoldTime (or in some situations, in other previous Synopsys programs) prior to the PrimeTime and/or GoldTime versions that Synopsys registered with the Copyright Office, as alleged in Synopsys First Amended Complaint in this case, and thus were disclaimed from coverage by the copyright registrations at issue in this case, as described in the MSJ;

    b. Materials that, according the lists compiled by Synopsys' expert Dr. Walker, do not appear in PrimeTime or GoldTime at all;

    c. Materials that are part of Synopsys Design Constraints ("SDC"), that Synopsys claims at paragraph 20 of its First Amended Complaint "are distinct from Synopsys proprietary input and output formats and are not the subject of this lawsuit;" and

- 2 -

       d. Materials that, according the lists compiled by Synopsys' expert Dr. Walker, appeared in a release of Aprisa *before* they appeared in PrimeTime or GoldTime.

3. Attached hereto as Exhibit 2 is a list of the materials filtered from Exhibits 5-1 to 5-3 and 5-7 to 5-9 of the Storer Report, *i.e.*, the removed terms, as described in Paragraph 2(a)-(d) above. As the Court will immediately see, Exhibit 2 contains far more terms than Exhibit 1, showing that the large majority of the allegedly copied terms have been removed due to analytic dissection.

4. Attached hereto as Exhibit 3 is a true and correct copy of an article titled "Using Tcl/CCI To Turn Cousins Into Sisters," by Dr. Dwight Hill, Synopsys Principal Engineer, which was downloaded today from www.eda.org/edp04/submissions/paperDwight.pdf, which I understand was presented by Dr. Hill at an industry conference relating to interoperability of EDA software in April, 2004.

5. Attached hereto as Exhibit 4 is a true and correct copy of a presentation which I understand to have been presented by Noel Strader of Synopsys and dated April 1, 2004, at an Interoperability Developer Forum in which Synopsys and several other EDA software companies participated. I downloaded this presentation from Synopsys' website.

6. Attached hereto as Exhibit 5 are true and correct excerpts from ATopTech's Second Supplemental Responses and Objections to Synopsys' Interrogatory No. 8, plus the first five pages of Appendix A to ATopTech's response, which is a 229-page list of Internet sites and other public locations where the materials claimed as copyrighted by Synopsys in this lawsuit can be found.

7. Attached hereto as Exhibit 6 are true and correct excerpts from the September 10, 2015 Rebuttal Report of Dr. Andrew Kahng on behalf of ATopTech.

8. Attached hereto as Exhibit 7 are true and correct excerpts from the October 3, 2015 deposition testimony of Dr. Andrew Kahng on behalf of ATopTech.

9. Attached hereto as Exhibit 8 are true and correct excerpts from the October 28, 2015 Rule 30(b)(6) deposition testimony of Dr. Ahsan Bootehsaz on behalf of Synopsys.

10. Attached hereto as Exhibit 9 are true and correct excerpts from the October 28, 2015 Rule 30(b)(6) deposition testimony of Dr. Kayhan Kucukcakar on behalf of Synopsys.

11. Attached hereto as Exhibits 10, 11 and 12 are true and correct copies of indices of names of terms of commands and options (Exhibit 10), variables (Exhibit 11) and objects and attributes (Exhibit 12) that were presented at the October 28, 2015 Rule 30(b)(6) deposition of Dr. Ahsan Bootehsaz on behalf of Synopsys. I understand that these indices contain the terms that Synopsys challenges in in this case and a statement of the first date that Synopsys could determine given terms were included in a Synopsys program (which Synopsys refers to as the "at least by" date). This was the index to Exhibits 2, 3, 4 and 5 at these depositions, which are binders that I understand contain references to the manuals or other material that Synopsys had identified as indicating the first use of these terms in PrimeTime or other Synopsys software.

12. Attached hereto as Exhibit 13 is a document bates-numbered SYNPS-02393338, which was marked as deposition exhibit 7 at the October 28, 2015 Rule 30(b)(6) deposition of Dr. Ahsan Bootehsaz on behalf of Synopsys.

13. Attached hereto as Exhibit 14 is a document bates-numbered SYNPS-00573998, which was marked as deposition exhibit 10 at the October 28, 2015 Rule 30(b)(6) deposition of Dr. Ahsan Bootehsaz on behalf of Synopsys.

14. Attached hereto as Exhibit 15 is a document bates-numbered SYNPS-02386416, which was referenced during the October 28, 2015 Rule 30(b)(6) deposition of Dr. Ahsan Bootehsaz on behalf of Synopsys.

15. Attached hereto as Exhibit 16 are true and correct excerpts from the August 7, 2015 Expert Report of Dr. Martin Walker on behalf of Synopsys. We first provided cited materials from the main body of the report itself. We then provide exemplary pages from Dr. Walker's Exhibit 3-1 (commands and options in PrimeTime), 3-2 (variables in PrimeTime) and 3-3 (objects and attributes in PrimeTime) as well as exemplary pages from Exhibits 3-7 (commands and options in GoldTime), 3-8 (variables in GoldTime), and 3-9 (objects and attributes in GoldTime). We also provide

exemplary pages from Dr. Walker's Exhibits 4-1 (commands and options in Aprisa), 4-2 (parameters in Aprisa) and 4-3 (objects and attributes in Aprisa).

16. Attached hereto as Exhibit 17 are true and correct excerpts from Exhibit 6 of the August 7, 2015 Expert Report of Dr. Martin Walker on behalf of Synopsys, which Dr. Walker identifies as an output report of PrimeTime. We have included page 1 (listing error messages, which continue for another 100 pages) as well as pages 102 and 103.

17. Attached hereto as Exhibit 18 are true and correct excerpts from Exhibit 7 of the August 7, 2015 Expert Report of Dr. Martin Walker on behalf of Synopsys, which Dr. Walker identifies as an output report of Aprisa. We have included page 1 (listing error messages, which continue for another 20 pages) as well as pages 22 and 23.

18. Attached hereto as Exhibit 19 are true and correct excerpts from the September 21, 2015 deposition testimony of Dr. Martin Walker on behalf of Synopsys.

19. Attached hereto as Exhibit 20 are true and correct excerpts from the August 7, 2015 Expert Report of Dr. James Storer on behalf of Synopsys. This exhibit includes only pages from the main body of the report itself.

20. Attached hereto as Exhibit 21 are true and correct excerpts from Exhibit 5 to the August 7, 2015 Expert Report of Dr. James Storer on behalf of Synopsys. We have provided exemplary pages from Dr. Storer's Exhibits 5-1 (command and object terms allegedly copied from PrimeTime into Aprisa), 5-2 (variable terms allegedly copied from PrimeTime into Aprisa), 5-3 (object and attribute terms allegedly copied from PrimeTime into Aprisa), as well as Exhibits 5-7 (command and object terms allegedly copied from GoldTime into Aprisa), 5-8 (variable terms allegedly copied from GoldTime into Aprisa) and 5-9 (object and attribute terms allegedly copied from GoldTime into Aprisa).

21. Attached hereto as Exhibit 22 is a true and correct copy of a document produced by Synopsys in this litigation bearing bates number SYNPS-00004600.

22. Attached hereto as Exhibit 23 is a true and correct copy of Synopsys' Fourth Supplemental Objections and Responses to ATopTech's Interrogatories Nos. 1 &2.  We have not included lengthy tables of command term names that Synopsys appended to its prior responses.

23. Attached hereto as Exhibits 24 and 25 are true and correct copies of Exhibits A and B to the September 10, 2015 Rebuttal Report of Dr. Andrew Kahng.

24. Attached hereto as Exhibit 26 is a true and correct copy of the "Extreme DA Corp Connections Program License Agreement" or "CPLA."

25. Attached hereto as Exhibit 27 is a true and correct copy of Exhibit M to the September 10, 2015 Rebuttal Report of Dr. Andrew Kahng.

26. Attached hereto as Exhibit 28 are true and correct excerpts from Exhibit 6 to the August 7, 2015 Expert Report of Dr. James Storer on behalf of Synopsys, including for the command terms "add_to_collection" (pages 1-2) and "report_timing" (page 181).

27. Attached hereto as Exhibit 29 are true and correct excerpts from the June 30, 2015 deposition testimony of Robert Hoogenstryd on behalf of Synopsys.

28. Attached hereto as Exhibit 30 are true and correct excerpts from the July 22, 2015 deposition testimony of Joseph Logan on behalf of Synopsys.

29. Attached hereto as Exhibit 31 are true and correct excerpts from the July 1, 2015 deposition testimony of Eric Thune on behalf of ATopTech.

30. Attached hereto as Exhibit 32 are true and correct excerpts from the July 2, 2015 deposition testimony of Jue-Hsien Chern on behalf of ATopTech.

31. Attached hereto as Exhibit 33 are true and correct excerpts from the June 29, 2015 deposition testimony of Yucheng Wang on behalf of ATopTech.

32. Attached hereto as Exhibit 34 are true and correct excerpts from the October 1, 2015 deposition testimony of Henry Chang on behalf of ATopTech.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed on October 30, 2015, at San Francisco, California.

   /s/ Paul Alexander
PAUL ALEXANDER

35385278v4