IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYNOPSYS, INC., <br><br>   Plaintiff, <br><br> v. <br><br> ATOPTECH, INC., <br><br>   Defendant. | No. C-13-2965 MMC <br><br> **ORDER DENYING PLAINTIFF'S MOTION TO DISMISS THIRD AMENDED COUNTERCLAIMS; GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES AND FACTUAL ALLEGATIONS** |

Before the Court is plaintiff Synopsys, Inc.'s ("Synopsys") "Motion to Dismiss ATopTech's Third Amended Counterclaims [("TACC")] and to Strike Immaterial Factual Allegations and Affirmative Defenses Nos. 11 and 15," filed October 5, 2015. Defendant ATopTech, Inc. ("ATopTech") has filed opposition, to which Synopsys has replied. The matter came on regularly for hearing on November 13, 2015. Patrick T. Michael, David C. Kiernan, and Amir Amiri of Jones Day appeared on behalf of Synopsys. Paul Alexander and Daniel Asimow of Arnold & Porter LLP appeared on behalf of ATopTech. Having considered the parties' respective written submissions and the arguments of counsel, the Court hereby rules as follows.

1. For the reasons stated on the record at the hearing, and having reviewed the TACC's allegations and considered the parties' written and oral arguments with respect to injury to competition, the Court finds ATopTech has cured the deficiencies discussed in the

Court's prior order.

Accordingly, the motion to dismiss is hereby DENIED.

2. For the reasons stated on the record at the hearing, the motion to strike ATopTech's Eleventh and Fifteenth Affirmative Defenses is hereby GRANTED, with leave to amend the Fifteenth Affirmative Defense.

3. Synopsys's motion to strike factual allegations in the TACC is granted in part and denied in part, as follows:

    a. For the reasons stated by Synopsys, the motion is hereby GRANTED to the extent Synopsys seeks to strike paragraphs 91 - 94 and 105 - 111 of the TACC.

    b. Contrary to Synopsys's argument, the Court finds paragraphs 90 and 95 - 101 contain allegations relevant to issues that remain in the case, and, in particular the effect of Synopsys's position in the static timing verification market on competition in the place-and-route market.

Accordingly, to the extent Synopsys seeks to strike paragraphs 90 and 95 - 101 of the TACC, the motion is hereby DENIED.

4. ATopTech is DIRECTED to file, no later than November 25, 2015, its Fourth Amended Answer and Counterclaims.

**IT IS SO ORDERED.**

Dated: November 18, 2015

                                                        MAXINE M. CHESNEY
                                                        United States District Judge