IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYNOPSYS, INC., | No. C 13-2965 MMC |
| Plaintiff, | **ORDER RE: ADMINISTRATIVE MOTION TO SEAL PORTIONS OF DEFENDANT'S OPPOSITION TO MOTION TO SUPPLEMENT AND EXHIBITS 3 – 6 IN SUPPORT THEREOF**; **DIRECTIONS TO DEFENDANT** |
| v. | |
| ATOPTECH, INC., | |
| Defendant. | |

Before the Court is defendant ATopTech, Inc.'s ("ATopTech") Administrative Motion to Seal, filed January 15, 2016, by which ATopTech seeks permission to seal material designated confidential by plaintiff Synopsys, Inc. ("Synopsys"), namely, portions of ATopTech's opposition to Synopsys's "Motion for Leave (A) to File Supplemental Complaint and (B) to File Motion for Reconsideration" (hereinafter, "Motion to Supplement"), as well as the entirety of Exhibits 3 – 6 to the Supporting Declaration of Paul Alexander ("Alexander Declaration"). On January 19, 2016, Synopsys filed a responsive declaration in support of sealing. See Civil L.R. 79-5(d)-(e) (providing, where party seeks to file under seal material designated confidential by another party, such party shall file motion for sealing order, after which designating party must file, within four days, "declaration . . .

establishing that all of the designated information is sealable"). Having read and considered the administrative motion and Synopsys's responsive declaration, the Court hereby rules as follows.

"A sealing order may issue only upon a request that establishes that the document, or portions thereof, is privileged or protectable as a trade secret or otherwise entitled to protection under the law." See Civil L.R. 79-5(a). "The request must be narrowly tailored to seek sealing only of sealable material." See id.

According to Synopsys's responsive declaration, Exhibit 3 is sealable because it contains "certain commands, options, and other input or output formats that are found in Synopsys' software products and technical documentation" (see Nelson Decl. 1:25-28), and Exhibit 4 is sealable because it contains "the identity and number of Synopsys' customers, internal accounting procedures and amounts, market share of Synopsys products, internal financial projections and methodologies, and sales strategies" (see Nelson Decl. 2:23-25). Although the Court agrees that Exhibits 3 and 4 contain sealable material, those exhibits also appear to contain substantial amounts of material that is not sealable.

In lieu of denial, the Court hereby DEFERS ruling on the administrative motion to the extent it seeks to seal Exhibits 3 and 4 and related portions of the opposition, pending Synopsys's filing, by January 29, 2016, a version of each said exhibit in which the redactions are limited to sealable material. Pending the Court's ruling on Synopsys's supplemental response, Exhibits 3 and 4 and the unredacted opposition will remain under seal.

Contrary to Synopsys's assertion that the entirety of Exhibit 5 to the Alexander Declaration is sealable, said exhibit appears to contain no material of a confidential nature. Accordingly, to the extent the administrative motion seeks to seal Exhibit 5 and related portions of the opposition, the motion is hereby DENIED.

Synopsys fails to address Exhibit 6 to the Alexander Declaration in its responsive declaration. Accordingly, to the extent the administrative motion seeks to seal said exhibit

related portions of the opposition, the motion is hereby DENIED.

ATopTech is hereby DIRECTED to file in the public record, no later than January 29, 2016, Exhibits 5 and 6 to the Alexander Declaration.

**IT IS SO ORDERED.**

Dated: January 22, 2016

MAXINE M. CHESNEY
United States District Judge