IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYNOPSYS, INC., | No. C-13-2965 MMC |
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO FILE UNDER SEAL PORTIONS OF ITS REPLY IN SUPPORT OF MOTION TO SUPPLEMENT, AND SUPPORTING EXHIBITS** |
| v. | |
| ATOPTECH, INC., | |
| Defendant. | |

Before the Court is "Plaintiff Synopsys, Inc.'s [("Synopsys")] Administrative Motion to File Under Seal Synopsys' Reply in Support of Its Motion for Leave (A) to File Supplemental Complaint and (B) to File Motion for Reconsideration," filed January 19, 2016, pursuant to Civil Local Rule 79-5, by which Synopsys seeks permission to seal the entirety of Exhibits 9 - 11, 13, 14, and 16 to the Declaration of Patrick T. Michael ("Michael Declaration"), as well as a portion of Synopsys's reply brief.

Exhibits 9, 13, 14, and 16 have been designated confidential by Synopsys; Exhibit 10 and the portion of the reply brief have been designated confidential by defendant ATopTech, Inc. ("ATopTech"); and Exhibit 11 has been designated confidential by both parties. On January 19, 2016, Synopsys filed a declaration in support of sealing. See Civil L. R. 79-5(d) (providing motion to file document under seal must be "accompanied by . . . [a] declaration establishing that the document sought to be filed under seal, or portions

thereof, are sealable").  Although, pursuant to the Local Rules of this district, ATopTech was required to file by January 25, 2016, a responsive declaration in support of sealing the material it has designated as confidential, see Civil L.R. 79-5(d)-(e) (providing, where party seeks to file under seal material designated confidential by another party, designating party must file, within four days, "a declaration . . . establishing that all of the designated information is sealable"), to date, ATopTech has filed no such declaration.  Having read and considered the administrative motion and Synopsys's declaration, the Court rules as follows.

"A sealing order may issue only upon a request that establishes that the document, or portions thereof, is privileged or protectable as a trade secret or otherwise entitled to protection under the law."  Civil L.R. 79-5(a).  "The request must be narrowly tailored to seek sealing only of sealable material."  Id.

To the extent the administrative motion seeks permission to seal the entirety of Exhibits 9, 11, 13, 14, and 16, the Court finds good cause has been shown, and, accordingly, the motion is hereby GRANTED.

To the extent the administrative motion seeks permission to seal the entirety of Exhibit 10 and a portion of the reply brief, the motion is hereby DENIED, as ATopTech has not submitted a responsive declaration showing said material is sealable.  Synopsys is hereby DIRECTED to file in the public record, no later than February 2, 2016, unredacted versions of Exhibit 10 and the reply brief.

**IT IS SO ORDERED.**

Dated: January 26, 2016

MAXINE M. CHESNEY
United States District Judge