**United States District Court**

For the Northern District of California

1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9              FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   SYNOPSYS, INC.,                                    No. C-13-2965 MMC

12              Plaintiff,                              **ORDER GRANTING IN PART AND
                                                        DENYING IN PART DEFENDANT'S**
13        v.                                            **MOTION TO FILE UNDER SEAL (a)
                                                        PORTIONS OF ITS MOTIONS IN LIMINE**
14   ATOPTECH, INC.,                                    **AND (b) CERTAIN SUPPORTING
                                                        EXHIBITS (DOC. NO. 544); DIRECTIONS**
15              Defendant.                              **TO DEFENDANT**
                                              /
16

17        Before the Court is defendant ATopTech, Inc's ("ATopTech") administrative motion

18   to seal (Doc. No. 544), filed January 26, 2016, by which ATopTech seeks permission to

19   seal the entirety of Exhibits 5, 6, 8, 9, 10 - 12, 15, 16 - 20, and 26 to the "Omnibus

20   Declaration of Paul Alexander in Support of Defendant ATopTech's Motions in Limine Nos.

21   1 through 6" ("Alexander Declaration"), as well as portions of ATopTech's Motions in Limine

22   Nos. 1 and 2.

23        All of the material to which the instant motion pertains has been designated

24   confidential by plaintiff Synopsys, Inc. ("Synopsys").  On February 2, 2016, Synopsys filed a

25   responsive declaration in support of sealing some of said material, specifically, Exhibits 5,

26   8, 10, 11, and 15 - 18 to the Alexander Declaration, as well as some of the text that

27   ATopTech seeks permission to seal in Motion in Limine No. 2.  See Civil L.R. 79-5(d)-(e)

28   (providing, where party seeks to file under seal material designated confidential by another

1   party, designating party must file, within four days, "a declaration . . . establishing that all of

2   the designated information is sealable").  Having read and considered the administrative

3   motion and Synopsys's responsive declaration, the Court rules as follows.

4          "A sealing order may issue only upon a request that establishes that the document,

5   or portions thereof, is privileged or protectable as a trade secret or otherwise entitled to

6   protection under the law."  Civil L.R. 79-5(a).  "The request must be narrowly tailored to

7   seek sealing only of sealable material."  Id.

8          To the extent the administrative motion seeks permission to seal the entirety of

9   Exhibits 5, 8, 10, 11, and 15 - 18 to the Alexander Declaration, as well as portions of

10  ATopTech's Motion in Limine No. 2, the Court finds good cause has been shown, and,

11  accordingly, the motion is hereby GRANTED.  ATopTech is hereby DIRECTED to file in the

12  public record, no later than March 18, 2016, a version of its Motion in Limine No. 2 in which

13  the portions identified as confidential in Synopsys's responsive declaration are redacted.

14         To the extent the administrative motion seeks permission to seal the entirety of

15  Exhibits 6, 9, 12, 19, 20, and 26, as well as portions of ATopTech's Motion in Limine No. 1,

16  the motion is hereby DENIED, as Synopsys has not addressed said material in its

17  responsive declaration.  ATopTech is hereby DIRECTED to file in the public record, no later

18  than March 18, 2016, unredacted versions of said exhibits and its Motion in Limine No. 1.

19         **IT IS SO ORDERED.**

20  Dated: March 11, 2016

MAXINE M. CHESNEY
United States District Judge

21

22

23

24

25

26

27

28

2