1

2

3

4

5

6

7

8

9

IN THE UNITED STATES DISTRICT COURT

10

FOR THE NORTHERN DISTRICT OF CALIFORNIA

11

United States District Court

For the Northern District of California

12   SYNOPSYS, INC.,                                   No. C-13-2965 MMC

13              Plaintiff,                             **ORDER GRANTING IN PART, DENYING
                                                       IN PART, AND DEFERRING RULING IN
14        v.                                           PART ON PLAINTIFF'S MOTION TO
                                                       FILE UNDER SEAL (a) PORTIONS OF
15   ATOPTECH, INC.,                                   ITS MOTIONS IN LIMINE AND (b)
                                                       CERTAIN SUPPORTING EXHIBITS
16              Defendant.                             (DOC. NO. 539); DIRECTIONS TO
                                                       PLAINTIFF**
17   _____/

18        Before the Court is plaintiff Synopsys, Inc's ("Synopsys") administrative motion to

19   seal (Doc. No. 539), filed January 26, 2016, by which Synopsys seeks permission to seal

20   the entirety of Exhibits 1 - 12, 16 - 18, and 22 to the "Declaration of Patrick T. Michael in

21   Support of Plaintiff Synopsys, Inc.'s Motions in Limine" ("Michael Declaration"), as well as

22   portions of Synopsys's Motions in Limine Nos. 2 - 4 and 9 - 11.  Exhibits 1 - 8 and portions

23   of Motion in Limine No. 3 have been designated confidential by both parties, whereas

24   Exhibits 9 - 12, 16 - 18, and 22, as well as portions of Motions in Limine Nos. 2, 4, and 9 -

25   11, have been designated confidential by defendant ATopTech, Inc. ("ATopTech") only.

26        On January 26, 2016, Synopsys filed a declaration in support of sealing its

27   confidential material.  See Civil L. R. 79-5(d) (providing motion to file document under seal

28   must be "accompanied by . . . [a] declaration establishing that the document sought to be

filed under seal, or portions thereof, are sealable").  Thereafter, on February 2, 2016, ATopTech filed a responsive declaration in support of sealing Exhibits 1, 2, 7, 8, 11, and 12 to the Michael Declaration, as well as portions of Synopsys's Motions in Limine Nos. 2, 3, and 10.  See Civil L.R. 79-5(d)-(e) (providing, where party seeks to file under seal material designated confidential by another party, designating party must file, within four days, "a declaration . . . establishing that all of the designated information is sealable").  Having read and considered the administrative motion and the parties' respective declarations, the Court rules as follows.

"A sealing order may issue only upon a request that establishes that the document, or portions thereof, is privileged or protectable as a trade secret or otherwise entitled to protection under the law."  Civil L.R. 79-5(a).  "The request must be narrowly tailored to seek sealing only of sealable material."  Id.

To the extent the administrative motion seeks permission to seal the entirety of Exhibit 7 to the Michael Declaration, as well as portions of Synopsys's Motions in Limine Nos. 2, 3, and 10, the Court finds good cause has been shown, and, accordingly, the motion is hereby GRANTED.

To the extent the administrative motion seeks permission to seal the entirety of Exhibits 9, 10, 16 - 18, and 22, as well as portions of Synopsys's Motion in Limine Nos. 4, 9, and 11, the motion is hereby DENIED, as ATopTech's responsive declaration states such material is not confidential.  Synopsys is hereby DIRECTED to file in the public record, no later than March 18, 2016, unredacted versions of said exhibits and Motions in Limine.

To the extent the administrative motion seeks permission to seal the entirety of Exhibits 1 - 6, 8, 11, and 12 to the Michael Declaration, the request is overbroad, as such exhibits appear to contain substantial amounts of non-sealable material.  In lieu of denial, the Court hereby DEFERS ruling on Exhibits 1 - 6, 8, 11, and 12, pending each party's filing, by March 18, 2016, a supplemental response that identifies, with specificity, the confidential material contained in said exhibits.  Pending the Court's ruling on the parties'

1    supplemental responses, said exhibits will remain under seal.

2        **IT IS SO ORDERED.**

3    Dated: March 8, 2016

4                                                    MAXINE M. CHESNEY
                                                     United States District Judge