IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYNOPSYS, INC., <br><br>  Plaintiff, <br><br> v. <br><br> ATOPTECH, INC., <br><br>  Defendant. _____/ | No. C-13-2965 MMC <br><br> **ORDER GRANTING IN PART, DENYING IN PART, AND DEFERRING RULING IN PART ON PLAINTIFF'S MOTION TO FILE UNDER SEAL (a) PORTIONS OF REPLY BRIEF IN SUPPORT OF PLAINTIFF'S MOTION IN LIMINE NO. 1 AND (b) CERTAIN SUPPORTING EXHIBITS (DOC. NO. 416); DIRECTIONS TO PLAINTIFF** |

Before the Court is plaintiff Synopsys, Inc.'s ("Synopsys") administrative motion to seal (Doc. No. 416), filed November 6, 2015, by which Synopsys seeks permission to seal the entirety of Exhibits 1, 2, and 4 to the "Declaration of Patrick T. Michael in Support of Reply in Support of Plaintiff Synopsys, Inc.'s Motion in Limine No. 1 to Limit Evidence of a 'Non-Infringing Alternative'" ("Michael Declaration"), as well as portions of Synopsys's reply brief. Exhibits 1, 2, and 4 have been designated confidential by Synopsys, whereas the portions of the reply brief have been designated confidential by defendant ATopTech, Inc. ("ATopTech").

Concurrently with the instant motion, Synopsys filed a declaration in support of sealing Exhibits 1, 2, and 4 to the Michael Declaration. See Civil L. R. 79-5(d) (providing motion to file document under seal must be "accompanied by . . . [a] declaration establishing that the document sought to be filed under seal, or portions thereof, are

1  sealable"). Thereafter, on November 11, 2015, ATopTech filed a declaration to "advise[]
2  the Court that it does not seek confidential treatment" of any of the material to which the
3  instant motion pertains. (See Alexander Decl., filed Nov. 11, 2015, at 2:15-18.) Having
4  read and considered the administrative motion and the parties' respective declarations, the
5  Court rules as follows.

6      "A sealing order may issue only upon a request that establishes that the document,
7  or portions thereof, is privileged or protectable as a trade secret or otherwise entitled to
8  protection under the law." Civil L.R. 79-5(a). "The request must be narrowly tailored to
9  seek sealing only of sealable material." Id.

10     To the extent the administrative motion seeks permission to seal the entirety of
11 Exhibit 4 to the Michael Declaration, the Court finds good cause has been shown, and,
12 accordingly, the motion is hereby GRANTED.

13     To the extent the administrative motion seeks permission to seal portions of the
14 reply brief, the motion is hereby DENIED, as ATopTech does not claim such material is
15 confidential. Synopsys is hereby DIRECTED to file in the public record, no later than
16 March 18, 2016, an unredacted version of its reply brief.

17     According to Synopsys's declaration, Exhibits 1 and 2 are sealable because they
18 "contain[] certain commands, options, and other input or output formats that are found in
19 Synopsys' software products and technical documentation." (See Nelson Decl. ¶ 3.)
20 Although the Court agrees that Exhibits 1 and 2 contain such sealable material, said
21 exhibits also appear to contain a substantial amount of non-sealable material. In lieu of
22 denial, the Court hereby DEFERS ruling on Exhibits 1 and 2, pending Synopsys's filing in
23 the public record, no later than March 18, 2016, versions of each exhibit in which the
24 redactions are limited to material that is sealable. Pending the Court's ruling on those
25 filings, Exhibits 1 and 2 shall remain under seal.

26     **IT IS SO ORDERED.**

27 Dated: March 10, 2016
28                                       MAXINE M. CHESNEY
                                       United States District Judge