IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYNOPSYS, INC., <br><br>    Plaintiff, <br><br>  v. <br><br> ATOPTECH, INC., <br><br>    Defendant. <br> _____ / | No. C-13-2965 MMC <br><br> **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO FILE UNDER SEAL (a) PORTIONS OF ITS OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 1 AND (b) CERTAIN SUPPORTING EXHIBITS (DOC. NO. 403); DIRECTIONS TO DEFENDANT** |

Before the Court is defendant ATopTech, Inc.'s ("ATopTech") administrative motion to seal (Doc. No. 403), filed October 31, 2015, by which ATopTech seeks permission to seal the entirety of Exhibits B - F to the "Declaration of Paul Alexander in Support of Defendant ATopTech, Inc.'s Opposition to Synopsys' Motion in Limine No. 1 to Limit Evidence of 'Non-Infringing Alternative'" ("Alexander Declaration"), as well as portions of ATopTech's Opposition that reference said exhibits. Exhibit D and related portions of the Opposition have been designated confidential by both parties; Exhibit E and related portions of the Opposition have been designated confidential by ATopTech; and Exhibits B, C, and F and related portions of the Opposition have been designated confidential by plaintiff Synopsys, Inc. ("Synopsys").

Concurrently with the instant motion, ATopTech filed a declaration in support of sealing Exhibits D and E to the Alexander Declaration. See Civil L. R. 79-5(d) (providing

motion to file document under seal must be "accompanied by . . . [a] declaration establishing that the document sought to be filed under seal, or portions thereof, are sealable"). Thereafter, on November 6, 2015, Synopsys filed a responsive declaration in support of sealing Exhibit D to the Alexander Declaration. See Civil L.R. 79-5(d)-(e) (providing, where party seeks to file under seal material designated confidential by another party, designating party must file, within four days, "a declaration . . . establishing that all of the designated information is sealable"). Having read and considered the administrative motion and the parties' respective declarations, the Court rules as follows.

"A sealing order may issue only upon a request that establishes that the document, or portions thereof, is privileged or protectable as a trade secret or otherwise entitled to protection under the law." Civil L.R. 79-5(a). "The request must be narrowly tailored to seek sealing only of sealable material." Id.

To the extent the administrative motion seeks permission to seal the entirety of Exhibits D and E to the Alexander Declaration, as well as related portions of the Opposition, the Court finds good cause has been shown, and, accordingly, the motion is hereby GRANTED.

To the extent the administrative motion seeks permission to seal the entirety of Exhibits B, C, and F, as well as related portions of the Opposition, the motion is hereby DENIED, as Synopsys has not addressed such material in its responsive declaration. ATopTech is hereby DIRECTED to file in the public record, no later than March 18, 2016, unredacted versions of Exhibits B, C, and F and a version of the Opposition in which only references to Exhibits D and E are redacted.

**IT IS SO ORDERED.**

Dated: March 10, 2016

MAXINE M. CHESNEY
United States District Judge

2