**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SYNOPSYS, INC.,

    Plaintiff,

  v.

ATOPTECH, INC.,

    Defendant.
_____/

No. C-13-2965 MMC

**ORDER GRANTING IN PART, DENYING IN PART, AND DEFERRING RULING IN PART ON PLAINTIFF'S MOTION TO FILE UNDER SEAL (1) PORTIONS OF ITS MOTION FOR SUMMARY JUDGMENT AND (2) CERTAIN SUPPORTING EXHIBITS (DOC. NO. 398); DIRECTIONS TO PLAINTIFF**

    Before the Court is plaintiff Synopsys, Inc.'s ("Synopsys") administrative motion to seal (Doc. No. 398), filed October 30, 2015, by which Synopsys seeks permission to seal the following material: (a) the entirety of Exhibits 1, 8, 9, 10 - 15, 17 - 19, 21, 24, 25, 27, 29, 30, 32 - 35 to the "Declaration of Patrick T. Michael in Support of Plaintiff Synopsys, Inc.'s Motion for Summary Judgment Regarding Defendant ATopTech's Affirmative Defenses" ("Michael Declaration"); (b) the entirety of Exhibit 3 to the "Declaration of Dr. David T. Blaauw in Support of Plaintiff Synopsys, Inc.'s Motion for Summary Judgment on Defendant ATopTech's Affirmative Defenses" ("Blaauw Declaration"); and (c) related portions of Synopsys's Motion for Summary Judgment.  Exhibits 1, 21, and 25 to the Michael Declaration have been designated confidential by both parties; Exhibits 9 and 32 - 35 to the Michael Declaration, as well as Exhibit 3 to the Blaauw Declaration have been designated confidential by Synopsys; and Exhibits 8, 10 - 15, 17 - 19, 24, 27, 29, and 30, as well as portions of the Motion for Summary Judgment have been designated confidential

1  by defendant ATopTech, Inc. ("ATopTech").

2  Concurrently with the instant motion, Synopsys filed a declaration in support of
3  sealing its confidential material .  See Civil L. R. 79-5(d) (providing motion to file document
4  under seal must be "accompanied by . . . [a] declaration establishing that the document
5  sought to be filed under seal, or portions thereof, are sealable").  Thereafter, on November
6  5, 2015, ATopTech filed a declaration in support of sealing Exhibits 1, 8, 21, 25, and 30 to
7  the Michael Declaration.  See Civil L.R. 79-5(d)-(e) (providing, where party seeks to file
8  under seal material designated confidential by another party, designating party must file,
9  within four days, "a declaration . . . establishing that all of the designated information is
10 sealable").  Having read and considered the administrative motion and the parties'
11 respective declarations, the Court rules as follows.

12 "A sealing order may issue only upon a request that establishes that the document,
13 or portions thereof, is privileged or protectable as a trade secret or otherwise entitled to
14 protection under the law."  Civil L.R. 79-5(a).  "The request must be narrowly tailored to
15 seek sealing only of sealable material."  Id.

16 To the extent the administrative motion seeks permission to seal the entirety of
17 Exhibits 9, 21, 30, and 32 - 35 to the Michael Declaration, Exhibit 3 to the Blaauw
18 Declaration, and related portions of the Motion for Summary Judgment, the Court finds
19 good cause has been shown, and, accordingly, the motion is hereby GRANTED.

20 To the extent the administrative motion seeks permission to seal the entirety of
21 Exhibits 10 - 15, 17 - 19, 24, 27, and 29, as well as related portions of the Motion for
22 Summary Judgment, the motion is hereby DENIED, as ATopTech has not addressed such
23 material in its responsive declaration.  Synopsys is hereby DIRECTED to file in the public
24 record, no later than March 25, 2016, unredacted versions of said exhibits.

25 To the extent the administrative motion seeks permission to seal the entirety of
26 Exhibits 1, 8, and 25 to the Michael Declaration and related portions of the Motion for
27 Summary Judgment, the request is overbroad, as said documents appear to contain
28 substantial amounts of non-sealable material.  In lieu of denial, the Court hereby DEFERS

2

ruling on Exhibits 1, 8, and 25 and related portions of the Motion, pending each party's filing, no later than March 25, 2016, a supplemental response that identifies with specificity such party's confidential material contained within each said document. Pending the Court's ruling on the supplemental responses, Exhibits 1, 8, 25, and the unredacted Motion for Summary Judgment shall remain under seal.

**IT IS SO ORDERED.**

Dated: March 11, 2016

MAXINE M. CHESNEY
United States District Judge