IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SYNOPSYS, INC.,

    Plaintiff,

v.

ATOPTECH, INC.,

    Defendant.

No. C-13-2965 MMC

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO FILE UNDER SEAL (a) PORTIONS OF ITS OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND (b) CERTAIN SUPPORTING EXHIBITS (DOC. NO. 446); DIRECTIONS TO DEFENDANT**

    Before the Court is defendant ATopTech, Inc.'s ("ATopTech") administrative motion to seal (Doc. No. 446), filed November 13, 2015, by which ATopTech seeks permission to seal Exhibits 1, 2, 5, 10, 16, 19 - 22, 25, and 27 to the "Declaration of Paul Alexander in Support of Defendant ATopTech, Inc.'s Opposition to Synopsys' Motion for Summary Judgment on ATopTech's Affirmative Defenses" ("Alexander Declaration"), as well as portions of ATopTech's Opposition that reference said exhibits.  Exhibits 5, 10, and 27, as well as related portions of the Opposition have been designated confidential by ATopTech, whereas Exhibits 1, 2, 16, 19 - 22, and 25, as well as related portions of the Opposition have been designated as confidential by plaintiff Synopsys, Inc. ("Synopsys").

    Concurrently with the instant motion, ATopTech filed a declaration in support of sealing its confidential material . See Civil L. R. 79-5(d) (providing motion to file document under seal must be "accompanied by . . . [a] declaration establishing that the document sought to be filed under seal, or portions thereof, are sealable").  Thereafter, on November

20, 2015, Synopsys filed a declaration in support of sealing Exhibits 1, 16, 19 -21, and 25 to the Alexander Declaration.  See Civil L.R. 79-5(d)-(e) (providing, where party seeks to file under seal material designated confidential by another party, designating party must file, within four days, "a declaration . . . establishing that all of the designated information is sealable").  Having read and considered the administrative motion and the parties' respective declarations, the Court rules as follows.

"A sealing order may issue only upon a request that establishes that the document, or portions thereof, is privileged or protectable as a trade secret or otherwise entitled to protection under the law."  Civil L.R. 79-5(a).  "The request must be narrowly tailored to seek sealing only of sealable material."  Id.

To the extent the administrative motion seeks permission to seal the entirety of Exhibits 5, 10, 16, 19, 20, 21, 25, and 27 to the Alexander Declaration and related portions of the Opposition, the Court finds good cause has been shown, and, accordingly, the motion is hereby GRANTED.

To the extent the administrative motion seeks permission to seal the entirety of Exhibits 2 and 22 to the Alexander Declaration and related portions of the Opposition, the motion is hereby DENIED, as Synopsys has not addressed such material in its responsive declaration.

To the extent the administrative motion seeks permission to seal the entirety of Exhibit 1 to the Alexander Declaration and related portions of the Opposition, the motion is hereby GRANTED solely as to the estimated market share and otherwise is DENIED.

ATopTech is hereby DIRECTED to file in the public record, no later than March 25, 2016, (a) unredacted versions of Exhibits 2 and 22, (b) a version of Exhibit 1 redacted as set forth above, and (c) a version of the Opposition in which references to Exhibits 2 and 22 are not redacted, and references to Exhibit 1 are redacted as set forth above.

**IT IS SO ORDERED.**

Dated: March 11, 2016

MAXINE M. CHESNEY
United States District Judge

2