**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7                    IN THE UNITED STATES DISTRICT COURT

8                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10   SYNOPSYS, INC.,                          No. C-13-2965 MMC

11                Plaintiff,                  **ORDER GRANTING IN PART, DENYING
                                             IN PART, AND DEFERRING RULING IN**
12      v.                                   **PART ON PLAINTIFF'S MOTION TO
                                             FILE UNDER SEAL (1) PORTIONS OF**
13   ATOPTECH, INC.,                         **ITS OPPOSITION TO DEFENDANT'S
                                             MOTION FOR SUMMARY JUDGMENT**
14                Defendant.                  **AND (2) CERTAIN SUPPORTING
     _____/       EXHIBITS (DOC. NO. 427); DIRECTIONS**
15                                           **TO PLAINTIFF**

16

17        Before the Court is plaintiff Synopsys, Inc.'s ("Synopsys") administrative motion to

18   seal (Doc. No. 427), filed November 13, 2015, by which Synopsys seeks permission to seal

19   the following material filed in support of its Opposition to defendant ATopTech, Inc.'s

20   ("ATopTech") Motion for Summary Judgment: (a) the entirety of Exhibits 1, 6 - 9, 11 - 19,

21   and 23 to the Declaration of Patrick T. Michael ("Michael Declaration"); (b) the entirety of

22   Exhibit 14 to the Declaration of Ralph Oman ("Oman Declaration"); (c) the entirety of

23   Exhibits 1 - 5 to the Declaration of James A. Storer ("Storer Declaration"); (d) the entirety of

24   Exhibit A to the Declaration of Brian Napper ("Napper Declaration"); (e) the entirety of

25   Exhibits 1 and 2 to the Declaration of Martin Walker ("Walker Declaration"); and (f) portions

26   of Synopsys's Opposition.

27        Synopsys has designated as confidential Exhibits 1, 6, 13 - 15, and 23 to the

28   Michael Declaration; Exhibit 14 to the Oman Declaration; Exhibits 2 and 4 to the Storer

1   Declaration; and Exhibit 1 to the Walker Declaration.  ATopTech has designated as

2   confidential Exhibits 7 - 9, 11, 12, and 16 - 19 to the Michael Declaration, and Exhibit 2 to

3   the Walker Declaration.  Both parties have designated as confidential Exhibits 1, 3, and 5 to

4   the Storer Declaration, and Exhibit A to the Napper Declaration.  As to the Opposition,

5   Synopsys's confidential information appears at lines eleven to seventeen on page three

6   and lines one to five on page fifteen; the remainder of the redacted passages have been

7   designated confidential by ATopTech.

8         Concurrently with the instant motion, Synopsys filed a declaration in support of

9   sealing its confidential material .  See Civil L. R. 79-5(d) (providing motion to file document

10  under seal must be "accompanied by . . . [a] declaration establishing that the document

11  sought to be filed under seal, or portions thereof, are sealable").  Pursuant to the Local

12  Rules of this district, ATopTech was required to file by November 17, 2015, a responsive

13  declaration in support of sealing the material it has designated as confidential.  See Civil

14  L.R. 79-5(d)-(e) (providing, where party seeks to file under seal material designated

15  confidential by another party, designating party must file, within four days, "a declaration . .

16  . establishing that all of the designated information is sealable").  To date, no such

17  declaration has been filed.  Having read and considered the administrative motion and

18  Synopsys's declaration, the Court rules as follows.

19        "A sealing order may issue only upon a request that establishes that the document,

20  or portions thereof, is privileged or protectable as a trade secret or otherwise entitled to

21  protection under the law."  Civil L.R. 79-5(a).  "The request must be narrowly tailored to

22  seek sealing only of sealable material."  Id.

23        To the extent the administrative motion seeks permission to seal the entirety of

24  Exhibits 1, 6, 13 - 15, and 23 to the Michael Declaration, Exhibits 2 - 4 to the Storer

25  Declaration, Exhibit 14 to the Oman Declaration, and the text in the Opposition appearing

26  at lines eleven to seventeen on page three and lines one to five on page fifteen, the Court

27  finds good cause has been shown, and, accordingly, the motion is hereby GRANTED.

28        To the extent the administrative motion seeks permission to seal the entirety of

2

1 Exhibits 7 - 9, 11, 12, and 16 - 19 to the Michael Declaration, Exhibit 2 to the Walker

2 Declaration, and portions of the Opposition other than Synopsys's confidential material

3 referenced above, the motion is hereby DENIED, as ATopTech has not shown such

4 material is confidential.  Synopsys is hereby DIRECTED to file in the public record, no later

5 than March 25, 2016, unredacted versions of said exhibits and a version of the Opposition

6 in which only Synopsys's confidential material is redacted.

7 　　　　To the extent the administrative motion seeks permission to seal the entirety of

8 Exhibits 1 and 5 to the Storer Declaration, Exhibit 1 to the Walker Declaration, and Exhibit

9 A to the Napper Declaration, the request is overbroad, as those exhibits appear to contain

10 substantial amounts of non-sealable material.  In lieu of denial, the Court hereby DEFERS

11 ruling on said exhibits, pending Synopsys's filing, no later than March 25, 2016, a version of

12 each said exhibit in which the redactions are limited to sealable material.  Pending the

13 Court's ruling on Synopsys's filing, said exhibits shall remain under seal.

14 　　　　**IT IS SO ORDERED.**

15 Dated: March 11, 2016

16 MAXINE M. CHESNEY
United States District Judge

17

18

19

20

21

22

23

24

25

26

27

28

3