IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYNOPSYS, INC., | No. C-13-2965 MMC |
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO FILE UNDER SEAL (1) PORTIONS OF ITS MOTION FOR PERMANENT INJUNCTION AND (2) CERTAIN SUPPORTING DECLARATIONS AND EXHIBITS; DIRECTIONS TO PLAINTIFF** |
| v. | |
| ATOPTECH, INC., | |
| Defendant. / | |

Before the Court is plaintiff Synopsys, Inc.'s ("Synopsys") Administrative Motion to Seal, filed April 7, 2016, by which Synopsys seeks permission to seal the following material: (a) the entirety of the "Declaration of Dr. David T. Blaauw in Support of Synopsys's, Inc.'s Motion for Permanent Injunction and for Disposition of Infringing Copies and Means" ("Blaauw Declaration"), as well as Exhibits 2 - 5 thereto; (b) the entirety of the "Declaration of James A. Storer in Support of Synopsys, Inc.'s Motion for Permanent Injunction and for Disposition of Infringing Copies and Means" ("Storer Declaration"), as well as Exhibits 2 - 5 thereto; (c) Exhibits 4 - 6 to the "Declaration of Patrick T. Michael in Support of Plaintiff Synopsys, Inc.'s Motion for Permanent Injunction and for Disposition of Infringing Copies and Means" ("Michael Declaration"); and (d) certain portions of Synopsys's Motion for Permanent Injunction. The Blaauw and Storer Declarations, as well as Exhibit 3 to each said declaration, have been designated confidential by both parties. Portions of the Motion for Permanent Injunction; Exhibits 2, 4, and 5 to the Blaauw

1  Declaration; Exhibits 2, 4, and 5 to the Storer Declaration; and Exhibits 4 - 6 to the Michael
2  Declaration have been designated confidential by defendant ATopTech, Inc. ("ATopTech").
3        Concurrently with the instant motion, Synopsys filed a declaration in support of
4  sealing its confidential material . See Civil L. R. 79-5(d) (providing motion to file document
5  under seal must be "accompanied by . . . [a] declaration establishing that the document
6  sought to be filed under seal, or portions thereof, are sealable").  Pursuant to the Local
7  Rules of this district, ATopTech was required to file, no later than April 11, 2016, a
8  responsive declaration in support of sealing the material it had designated.  See Civil L.R.
9  79-5(d)-(e) (providing, where party seeks to file under seal material designated confidential
10 by another party, designating party must file, within four days, "a declaration . . .
11 establishing that all of the designated information is sealable").  To date, no such
12 declaration has been filed.  Having read and considered the administrative motion and
13 Synopsys's declaration, the Court rules as follows.
14       "A sealing order may issue only upon a request that establishes that the document,
15 or portions thereof, is privileged or protectable as a trade secret or otherwise entitled to
16 protection under the law." Civil L.R. 79-5(a).  "The request must be narrowly tailored to
17 seek sealing only of sealable material." Id.
18       To the extent the administrative motion seeks permission to seal the entirety of
19 Exhibit 3 to the Blaauw Declaration and Exhibit 3 to the Storer Declaration, as well as those
20 portions of the Blaauw and Storer Declarations containing material designated confidential
21 by Synopsys, the Court finds good cause has been shown, and, accordingly, the motion is
22 hereby GRANTED.
23       To the extent the administrative motion seeks permission to seal the remainder of
24 the Blaauw and Storer Declarations, portions of the Motion for Permanent Injunction, the
25 entirety of Exhibits 2, 4, and 5 to the Blaauw Declaration, the entirety of Exhibits 2, 4, and 5
26 to the Storer Declaration, and the entirety of Exhibits 4 - 6 to the Michael Declaration, the
27 motion is hereby DENIED, as ATopTech has not shown such material is sealable.
28 Synopsys is hereby DIRECTED to file in the public record, no earlier than May 23, 2016,

and no later than May 27, 2016, unredacted versions of said exhibits, an unredacted version of the Motion for Permanent Injunction, and versions of the Blaauw and Storer Declarations in which only Synopsys's confidential material is redacted.

**IT IS SO ORDERED.**

Dated: May 16, 2016

MAXINE M. CHESNEY
United States District Judge