Robert A. Mittelstaedt (SBN 60359)
ramittelstaedt@JonesDay.com
Patrick T. Michael (SBN 169745)
pmichael@jonesday.com
Krista S. Schwartz (SBN 303604)
ksschwartz@JonesDay.com
David C. Kiernan (SBN 215335)
dkiernan@jonesday.com
Nathaniel P. Garrett (SBN 248211)
ngarrett@JonesDay.com
Joe C. Liu (SBN 237356)
jcliu@JonesDay.com
JONES DAY
555 California Street, 26th Floor
San Francisco, CA  94104
Telephone:     +1.415.626.3939
Facsimile:     +1.415.875.5700

Heather N. Fugitt (SBN 261588)
hfugitt@JonesDay.com
JONES DAY
Silicon Valley Office
1755 Embarcadero Road
Palo Alto, CA  94303
Telephone:     +1.650.739.3939
Facsimile:     +1.650.739.3900

Attorneys for Plaintiff
SYNOPSYS, INC.

Paul Alexander (#49997)
Paul.Alexander@aporter.com
Martin R. Glick (#40187)
Marty.Glick@aporter.com
Sean M. Callagy (#255230)
Sean.Callagy@aporter.com
ARNOLD & PORTER LLP
Three Embarcadero Center, 7th Floor
San Francisco, CA 94111-4024
Telephone: (415) 471-3100
Facsimile: (415) 471-3400

Denise McKenzie (#193313)
Denise.McKenzie@aporter.com
ARNOLD & PORTER LLP
777 South Figueroa Street
Forty-Fourth Floor
Los Angeles, CA 90017-5844
Telephone: (213) 243-4000
Facsimile: (213) 243-4199

Attorneys for Defendant
ATOPTECH, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SYNOPSYS, INC., | **Case No. 3:13-cv-02965-MMC (DMR)** |
| Plaintiff, | **REVISED JOINT [PROPOSED] ORDER REGARDING SCHEDULE FOR ATOPTECH'S FOURTH AMENDED COUNTERCLAIMS** |
| v. | |
| ATOPTECH, INC., | |
| Defendant. | |

WHEREAS, Synopsys filed its Amended Complaint on November 25, 2013, asserting claims for copyright infringement (Count I), breach of contract and breach of covenant of good faith and fair dealing (Counts XI-XII), and patent infringement (Counts II-V) (ECF No. 43)[1];

WHEREAS, on March 13, 2015, ATopTech filed its First Amended Answer and Counterclaims, which asserted a copyright misuse counterclaim and several antitrust claims including a claim under Section 7 of the Clayton Act challenging two acquisitions and claims under Section 1 and 2 of the Sherman Act for tying and monopolization (ECF No. 252);

WHEREAS, on April 9, 2015, the Court bifurcated Synopsys's patent claims from its copyright and breach of contract claims, but deferred ruling on whether to bifurcate ATopTech's copyright misuse and antitrust counterclaims pending resolution of Synopsys' motion to dismiss (ECF No. 280);

WHEREAS, on April 27, 2015, the Court entered an Order setting deadlines and discovery limits on "Synopsys' patent claims (Counts II–V)" (ECF No. 291), which provides that fact discovery closes on July 15, 2016, expert discovery closes on October 15, 2016, dispositive motions shall be filed by December 15, 2016, and trial shall commence on February 27, 2017[2];

WHEREAS, by Orders issued on May 8, 2015, August 7, 2015, and November 18, 2015 (ECF Nos. 294, 342, 455), the Court dismissed ATopTech's copyright misuse defense claim and certain of its antitrust counterclaims and denied Synopsys' motion to dismiss regarding Count III, Count VI, and Count VIII to the extent they challenge certain license restrictions;

WHEREAS, on November 25, 2015, ATopTech filed its Fourth Amended Answer and Counterclaims, which asserts the remaining Antitrust Counterclaims that were not dismissed by the Court (ECF No. 471) (the "Antitrust Counterclaims");

WHEREAS, on December 15, 2015, Synopsys filed its Amended Answer to the Counterclaim (ECF No. 486);

---

[1] Synopsys' Amended Complaint was supplemented on January 26, 2016 to include supplemental copyright registration certificate numbers. *See* ECF No. 523; *see also* ECF No. 596 (order denying motion to dismiss Supplemental Complaint).

[2] On July 30, 2015, the Clerk issued a Notice confirming the deadlines for the Copyright and Breach of Contract claims and the Patent Claims (ECF. 333).

WHEREAS, on November 19, 2015, the Court bifurcated the Antitrust Counterclaims from the copyright and breach of contract claims (ECF No. 456), and the parties agreed to meet and confer regarding a proposed schedule for the Antitrust Counterclaims (ECF No. 465, p. 60-61);

WHEREAS, a jury trial on Synopsys' copyright and breach of contract claims (Counts I, XI-XII) concluded on March 10, 2016;

WHEREAS, a bench trial is set for July 25, 2016 on ATopTech's equitable estoppel affirmative defense;

WHEREAS, the parties have conducted minimal discovery related to the Antitrust Counterclaims to date and no Case Management Conference has been held or set;

WHEREAS, the parties agree that the Antitrust Counterclaims should be bifurcated from the patent claims (Counts II-V) because the claims involve separate, complex bodies of law and involve distinct factual and legal issues;

WHEREAS, the parties agree that discovery on the Antitrust Counterclaims should be deferred until thirty days after the entry of a verdict at the trial on the patent claims, in light of the time and cost associated with the equitable estoppel bench trial and the ongoing patent discovery and ultimate trial on the patent claims; and

WHEREAS, the parties agree that the period of time required to complete proceedings on the Antitrust Counterclaims shall not, in and of itself, constitute a basis for entry of partial judgment under Rule 54(b) as to any other claims.

NOW, THEREFORE the parties jointly submit the following proposed deadlines relating to ATopTech's Fourth Amended Counterclaims:

**Proposed Schedule for ATopTech's Fourth Amended Counterclaims:**

| DEADLINE | EVENT |
| --- | --- |
| 30 days after entry of a verdict at the trial on Synopsys' Patent Claims | Discovery commences. Any discovery previously served will be deemed served as of this date |
| 30 days after commencement of Fact Discovery | Updates to Rule 26 Initial Disclosures |
| Six months after commencement of Fact Discovery | Close of Fact Discovery, including third-party discovery |
| 30 days after conclusion of Fact Discovery | ATopTech's Opening Expert Report(s) |
| 30 days after service of ATopTech's Opening Expert Report | Synopsys's Expert Report(s) |
| 21 days after service of Synopsys's Rebuttal Report | ATopTech Rebuttal Expert Reports |
| 21 days after service of ATopTech's Rebuttal Expert Reports | Close of Expert Discovery |
| 30 days after Close of Expert Discovery | Motion for Summary Judgment |
| 3 weeks after filing Motions for Summary Judgment | Opp. to Motion for Summary Judgment |
| 2 weeks after filing Oppositions | Reply in support of Motion for Summary Judgment |
| TBD | Hearing on Motion for Summary Judgment |
| TBD | Pre-Trial Conference |
| TBD | Trial |

Dated: June 23, 2016

Respectfully submitted,

JONES DAY

By: */s/ David C. Kiernan*
    David C. Kiernan

Attorneys for Plaintiff
SYNOPSYS, INC.

In accordance with Local Rule 5-1(i)(3), the above signatory attests that concurrence in the filing of this document has been obtained from the signatory below.

ARNOLD & PORTER

By: */s/ Paul Alexander*
    Paul Alexander

Attorneys for Defendant
ATOPTECH, INC.

The above joint proposed deadlines relating to ATopTech's Fourth Amended Counterclaims is approved and all parties shall comply with its provisions.

**IT SO ORDERED.**

Dated: June 24, 2016

By: _Maxine M. Chesney_
Hon. Maxine Chesney
United States District Judge