UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYNOPSYS, INC., <br>     Plaintiff, <br>     v. <br> ATOPTECH, INC, <br>     Defendant. | Case No.  13-cv-02965-MMC   (DMR) <br><br> **ORDER RE: ESI DISCOVERY** <br> Re: Dkt. No. 774 |

On June 24, 2016, the parties filed a joint discovery letter regarding their dispute over whether any additional ESI discovery should be permitted for the patent portion of this case. ESI Discovery Letter [Docket No. 774.]

On February 18, 2015, the court entered the parties' stipulated order concerning ESI discovery. Feb. 18, 2015 ESI Order [Docket No. 235]. At that time, the patent claims in the case were stayed. July 22, 2014 Order Staying Patent Claims [Docket No. 142]; April 19, 2016 Order Lifting Stay [Docket No. 280]. On April 9, 2015, the Honorable Maxine M. Chesney bifurcated Synopsys' copyright claims from its patent claims. [Docket No. 280.] Discovery for the copyright portion of the case closed on June 30, 2015. [Docket No. 33.] Fact discovery for the patent portion of the case closes on July 15, 2016, and expert discovery closes on October 15, 2016. [Docket No. 291.]

The existing ESI discovery order allowed for eight custodians and ten search terms for custodian-specific ESI, as well as eight custodians and ten search terms for email production requests per producing party. Feb. 18, 2015 ESI Order at 2-3. The parties exhausted all custodian and search terms permitted by the existing ESI order in discovery for the copyright portion of the case. ESI Discovery Letter at 1.

ATopTech now moves to amend the existing ESI order to allow for additional ESI for the

patent portion of the case.  Synopsys opposes ATopTech's request and argues that no additional custodian-specific ESI discovery should be allowed.  ESI Discovery Letter at 4.  Alternatively, if such discovery is permitted, Synopsys requests that that the court limit it to email production for three custodians and three search terms per custodian.  *Id.* at 5.

This is the kind of dispute that the parties should be able to manage without court intervention.  In light of the impending July 15, 2016 fact discovery cut-off, the parties are ordered to immediately meet and confer about a reasonable amount of ESI discovery for the patent portion of the case.  After meeting and conferring, if the parties are unable to reach agreement, each party shall present its written proposal with its exact proposed language to amend the existing ESI Order in the form of a proposed order by July 8, 2016.  If the parties are unable to resolve this dispute without court intervention, the court will be granting some additional ESI discovery for the patent portion of the case.  The parties shall only file their proposed orders; they shall not provide further argument.

**IT IS SO ORDERED.**

Dated: July 5, 2016

_____
Donna M. Ryu
United States Magistrate Judge