July 22, 2016

CM/ECF

The Honorable Donna M. Ryu
Oakland Courthouse, Courtroom 4 - 3rd Floor
1301 Clay Street
Oakland, CA 94612

Re: *Discovery Dispute Between Plaintiff Synopsys, Inc. and Defendant ATopTech. Inc.*, Case No. 3:13-cv-02965 MMC (DMR)

Dear Judge Ryu:

Having met and conferred regarding ATopTech's objections to Synopsys' Second Set of Interrogatories Relating to Patent Claims (Nos. 6–25), served June 8, 2016, the parties present the following joint letter brief pursuant to this Court's Standing Order.

On April 9, 2015, Judge Chesney bifurcated Synopsys' copyright and patent claims. This dispute concerns the patent claims. Fact discovery closed on July 15, 2016; expert discovery closes on October 15, 2016. Dispositive motions are due December 15, 2016. The pretrial conference is set for February 14, 2017; trial begins February 27, 2017.

**Whether ATopTech should be compelled to respond to Synopsys' Second Set of Interrogatories (numbers 6–25).**

**Synopsys' Position:** ATopTech is attempting to avoid answering twenty interrogatories (Synopsys' second set of interrogatories, numbers 6–25) because ATopTech unilaterally parsed Synopsys's first five interrogatories into twenty-one allegedly distinct interrogatories and Synopsys' sixth interrogatory into six more distinct interrogatories. Building on this self-serving accounting, ATopTech now asserts that it need not answer more than the first five interrogatories as numbered by Synopsys because, in ATopTech's view, Synopsys' sixth numbered interrogatory pushed Synopsys over the default limit of twenty-five under the Rules. ATopTech's position contradicts this Court's precedent and it defies common sense.

Under Rule 33(a), a subpart to a question only counts as a separate question if it is on a "discrete separate subject." *Safeco of America v. Rawstron*, 181 F.R.D. 441, 443 (C.D. Cal. 1998) (citation omitted). Thus, subparts count as part of a single interrogatory where the subparts are "logically or factually subsumed within and necessarily related to the primary question." *Trevino v. ACB Am., Inc.*, 232 F.R.D. 612, 614 (N.D. Cal. 2006).[1] This Court recently found an interrogatory seeking the identification of "meetings or communications with competitors during the relevant time period regarding eight subjects, such as pricing, profit

[1]Applying this rule, *Safeco* held that an interrogatory that requested information about each of 50 requests for admission essentially transformed each request for admission into an interrogatory. *See* 181 F.R.D. 441, 446. And *Trevino* held that an interrogatory that requested the identification of expert witnesses on numerous experts, the subject matter on which each expert was going to testify, the substance of facts and opinions of the experts' testimony, and a summary of the grounds for each opinion was deemed to be multiple discrete subparts. *See* 232 F.R.D. 612, 614. As explained below, the interrogatories at issue here are not remotely similar to the circumstances in either *Safeco* or *Trevino*.

margins or market share, and production/output levels, and to provide details about the dates, participants, and subject matters of such meetings" is a single interrogatory, because the subparts were related to and "secondary" to a primary question. *In re Lithium Ion Batteries Antitrust Litigation*, No. 13-md-02420-YGR (DMR), 2015 WL 1221924, at *2 (N.D. Cal. Mar. 17, 2015) ("*Lithium Ion Batteries*"). Notably, this Court's standard under Rule 33(a) allows for the identification of (1) facts, (2) dates, and (3) people relating to a single subject with multiple subparts to be counted as one interrogatory. *Id.*[2]

Here, each of Synopsys's interrogatories relates to discrete primary questions with related subparts, and each should be treated as a single interrogatory, just as in *Lithium Ion Batteries*. Interrogatory No. 4, for example, asks ATopTech to "describe in detail the bases for ATopTech's twelfth affirmative defense," including identification of facts, documents, and the person most knowledgeable about it. *See* Pl.'s First Set Interrogs. Relating to Patent Claims (Nos. 1–5), 5:26–6:4. Inexplicably, ATopTech counts this interrogatory as twelve separate interrogatories. *See* Def.'s Responses to Pl.'s Second Set Interrogs. Relating to Patent Claims (Nos. 6–25), 3:11–12. But just as in *Lithium Ion Batteries*, Interrogatory No. 4 is properly drafted as a single interrogatory that targets a primary topic ("ATopTech's twelfth affirmative defense") with reference to specific facts logically related to and factually subsumed within that topic (the facts, documents, and the persons knowledgeable about that defense). Interrogatory No. 4 is not 12 different interrogatories, but one, for the same reasons as this Court so held in *Lithium Ion Batteries.* 2015 WL 1221924, at *2. The same is true of Synopsys's other interrogatories, which when looked at on a question-by-question basis, reveal that they do not contain discrete subparts. *See* Exhibits A and B.

Synopsys thus disagrees with ATopTech's self-serving and incorrect accounting of Synopsys' interrogatories. Synopsys respectfully asks the Court to compel ATopTech to answer Plaintiff's Second Set of Interrogatories, Nos. 6–25. In the alternative, should the Court find that some of Synopsys' interrogatories count as discrete subparts, Synopsys requests that the Court allow it to choose which interrogatories ATopTech must answer. *See Superior Communications*, 257 F.R.D. at 218–19 (affording opportunity to plaintiff that had served too many interrogatories due to discrete subparts, to "prioritize its inquires and determine which interrogatories to again submit to defendant").

---

[2] To the extent this approach differs from that of *Superior Communications v. Earhugger, Inc.*, 257 F.R.D. 215 (C.D. Cal. 2009), which held that an interrogatory requesting all facts, documents, and persons knowledgeable of *all allegations in the answer* was three distinct subparts, Synopsys believes the approach in *Lithium Ion Batteries* is more appropriate and should govern, particularly under the facts here. As discussed below, Synopsys' interrogatories are limited to individual affirmative defenses, not to the entire answer, as in *Superior Communications*.

**ATopTech's Position:**

As it must, Synopsys acknowledges "all discrete subparts" count against the twenty-five interrogatory limit to patent interrogatories. *See* Fed. R. Civ. P. 33(a)(1); ECF 291.[3] Synopsys also acknowledges that the question is not how Synopsys numbered its interrogatories, but rather whether the subpart "is on a discrete separate subject." *See supra* at 1(citing *Safeco*, 181 F.R.D. at 443). And Synopsys also admits that each subpart *not* "logically or factually subsumed within and necessarily related to the primary question" counts as a separate interrogatory. *See supra* at 1 (citing *Trevino*, 232 F.R.D. at 614). The parties disagree only as to what constitutes "a discrete separate subject." The weight of authority supports ATopTech's position.[4]

**Synopsys' Interrogatories Contain Numerous Discrete Subparts**. Synopsys identified and selectively quoted from Interrogatory No. 4 as its exemplar for how Synopsys' interrogatories ask "discrete primary questions with related subparts." But Interrogatory No. 4 is an example of the multi-part problems that ATopTech has faced in Synopsys' interrogatories.

At certain level of abstraction, ATopTech's patent defenses can be characterized as non-infringement and invalidity–entire expert reports will be devoted to each. ATopTech has already provided hundreds of pages detailing its invalidity contentions. When Synopsys says, "Interrogatory No. 4 is only one interrogatory that targets a primary topic" this is what Synopsys means. *See supra* at 2. The primary topic Interrogatory No. 4 targets is literally ATopTech's *entire* invalidity defense, plus all facts, documents, and people relating to ATopTech's invalidity defense. Shown below is the entire text of Interrogatory No. 4 with the parts Synopsys omitted in its motion shown in **bold**:

> Describe in detail the bases for ATopTech's twelfth affirmative defense that **"[e]ach claim of the Patents-in-Suit is invalid for failure to comply with one or more provisions of the Patent Laws of the United States of America, Title 35, United States Code, including, but not limited to, Sections 101, 102, 103, 112, 116, and/or 256**" (ECF No. 471, ¶ 52), including specifically identifying all

---

[3] The parties expressly agreed to limit patent interrogatories to 25. ECF 291. Synopsys did not seek to increase that number.

[4] Neither *Safeco* nor *Trevino* support Synopsys' position. *Safeco* held that ***one*** interrogatory requesting disclosure of information on the denials of fifty requests for admissions counted as ***fifty*** separate interrogatories. *Safeco*, 181 F.R.D. at 445-46. *Trevino* held that *one* interrogatory asking defendant to "[i]dentify each person whom you expect to call as an expert witness at trial, state the subject matter on which the expert is expected to testify and the substance of the facts and opinions to which the expert is expected to testify, and provide a summary of the grounds for each opinion and the expert's qualifications" constitutes "*three* separate interrogatories." *Trevino*, 232 F.R.D. at 614 (emphasis added). Synopsys also cites *Superio v. Earhugger* (*see supra* at 2), but *Earhugger* surveyed the case law and held that interrogatories asking for "facts; persons; and documents" contain "three discrete subparts." *Earhugger*, 257 F.R.D. at 218 (collecting cases).

> facts supporting such bases, each document reflecting, referring or otherwise relating to any such facts, and the person(s) most knowledgeable about Your response to this interrogatory.

In other words, Interrogatory No. 4 asks, for each of the four asserted patents (**4 independent topics**), the bases for each of six separate statutory invalidity defenses (**6 independent topics**) and the facts, documents, and persons most knowledgeable as to each of these topics (**3 independent topics**)[5]. Although ATopTech counted this interrogatory as containing 12 separate subparts (4 patents x 3 topics for facts, documents, and persons). But after meeting and conferring with Synopsys and upon further review, as explained above, ATopTech now recognizes that Interrogatory No. 4 contains at least 72 separate subparts: 4 x 6 x 3 = 72.[6]

Synopsys' other interrogatories have similar issues. For example, Interrogatory No. 6 requests the bases for ATopTech's affirmative defense that (1) Synopsys fails to state a claim for indirect infringement and (2) that Synopsys fails to state a claim for willful infringement and (A) all facts supporting the basis, (B) documents reflecting those facts, and (C) the person(s) most knowledgeable about the response to the interrogatory – for a total of six subparts (2 x 3 = 6). Interrogatory No. 23 requests ATopTech analyze each of the *fifty-eight* accused versions of

---

[5] As noted earlier, interrogatories broadly seeking facts, documents, and persons contain three discrete subparts. *See Earhugger*, 257 F.R.D. at 218 ("facts; persons; and documents" constitute "three discrete subparts")(collecting cases); *Trevino*, 232 F.R.D. at 614 (interrogatory asking defendant to "[i]dentify each person whom you expect to call as an expert witness at trial, state the subject matter on which the expert is expected to testify and the substance of the facts and opinions to which the expert is expected to testify, and provide a summary of the grounds for each opinion and the expert's qualifications" constitutes "three separate interrogatories.") (internal quotations omitted); *Racing Optics, Inc. v. Aevoe Corp*., 2016 U.S. Dist. LEXIS 52886 (D. Nev. Apr. 19, 2016) (interrogatory requesting "facts, persons, documents, and the manner and method by which Defendant came by such information" constitutes "at least four discrete inquiries.") (internal quotations omitted); *but see*, *Lithium Ion*, 2015 WL 1221924, at *3 (noting that the scope of the area of inquiry covered by the subparts is relevant and stating that subparts asking for information regarding facilities, including names and addresses, ownership, employees, dates of operation, description and amount of batteries produced, destination of products produced, production capacity, and monthly capacity-utilization rates, likely constituted subparts).

[6] Because patent claims stand and fall independently, Interrogatory No. 4 could also be counted as containing discrete subparts for each asserted *claim*. A look at the invalidity contentions and their associated claim charts demonstrates that the validity of each claim involves different facts and analysis that must be considered separately, and could qualify a discrete separate factual inquiry, each of which relies on separate claim construction and separate prior art and other evidence. If it were otherwise, claim charts would be unnecessary. In other words, Interrogatory No. 4's discrete subparts could be counted as far exceeding 72.

Aprisa and for *each version* describe those that (1) include source code and/or functionality to perform static timing analysis of circuits but only where the static timing analysis supports path exceptions and multiple clock signals, and (2) describe the testing and (3) use of such functionality, and (4) the person(s) most knowledgeable about ATopTech's response to this interrogatory – for a total of 232 discrete subparts (58 x 4 = 232). As specifically called out in ATopTech's objections, this is true for most of Synopsys' Interrogatories as well.

While Synopsys argues that several interrogatories relate to a primary topic, at a certain level of abstraction, that is true of every topic. But the question is not whether Synopsys can wrap a multitude of distinct separate subjects under a single blanket. Otherwise, under Synopsys' theory, a party would need ask only one interrogatory: "Identify the bases for your defenses, all facts that support your defenses, all documents that relate to those facts, and the persons most knowledgeable about your defenses. The Federal Rules prohibit this. *See* Fed. R. Civ. Pro. 33.

**Synopsys' Should May Not Choose Which Interrogatories Atoptech Must Answer.** Synopsys ignored the parties' stipulation and this Court's order and served far more interrogatories than permitted. ATopTech undertook the burden of preparing and serving objections to each. Synopsys should not now get to pick and choose which interrogatories it would have ATopTech answer. *See Walker v. Lakewood Condominium Owners Ass'n*, 186 F.R.D. 584, 586-588 (C.D. Cal. 1999) ("unless otherwise ordered for good cause shown, every interrogatory served causes responding party to undertake burden of preparing and serving objections to interrogatory, and is counted against numerical limit"). The Court should deny Synopsys' motion.

Respectfully submitted,

| | |
|---|---|
| /s/ Krista S. Schwartz | /s/ Philip W. Marsh |
| Krista S. Schwartz | Philip W. Marsh |
| Lead Trial Counsel for Plaintiff | Lead Trial Counsel for Defendant |
| SYNOPSYS, INC. | ATOPTECH, INC. |

Enclosure