UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYNOPSYS, INC., <br>     Plaintiff, <br> v. <br> ATOPTECH, INC, <br>     Defendant. | Case No. 13-cv-02965-MMC (DMR) <br><br> **ORDER DENYING SYNOPSYS' MOTION TO COMPEL PRODUCTION OF PAPER COPIES OF PORTIONS OF ATOPTECH'S SOURCE CODE** <br><br> Re: Dkt. No. 816, 845 |

Synopsys previously moved to compel ATopTech to provide paper copies of portions of its source code. Motion to Compel Production of Paper Copies of ATopTech's Source Code ("June 21, 2016 MTC") [Docket No. 769]. Synopsys originally requested 36,000 lines of source code, totaling 786 pages of printed source code. June 21, 2016 MTC at 3. ATopTech opposed the motion, arguing that the request was excessive and did not comply with the Protective Order. *Id.*

The Parties' Stipulated Protective Order provides that a "Receiving Party is permitted to request paper copies of limited portions of Source Code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial." Stipulated Protective Order [Docket No. 209] at ¶ 9(d). Challenges to the amount of source code requested by a "Receiving Party" are governed by the dispute resolution process set out in Paragraph 6 of the Protective Order. *Id.* As the Receiving Party, Synopsys bears the burden of persuasion regarding the propriety of the amount of source code requested. *Id.* (The Receiving Party is the "Designating Party" for purposes of dispute resolution); *Id.* at ¶ 6.3 (Where judicial intervention is sought, the burden of persuasion shall be on the Designating Party).

The court held a telephonic hearing on Synopsys's original motion on July 20, 2016, and denied that motion without prejudice. July 20, 2016 Minute Order [Docket No. 800]. At the hearing, the court provided specific guidance to the parties and instructed Synopsys that it must

provide a more narrowly tailored request, and make an effort to demonstrate that the requested portions of the source code are "reasonably necessary" for one of the purposes allowed under the Protective Order.

Synopsys filed a subsequent motion to compel production of paper copies of portions of ATopTech's source code [Docket No. 816] ("MTC"). The court has reviewed this motion and finds it suitable for determination without further oral argument. Civil L.R. 7-1(b).

As an initial matter, the parties dispute the amount of source code that Synopsys is requesting in paper form. Synopsys contends that it moves to compel ATopTech to produce paper copies of approximately 11,762 lines of source code, totaling 256 pages of printed source code, whereas ATopTech states that Synopsys is still seeking 36,058 lines of code, or the equivalent of 786 printed pages. *Compare* MTC at 1, 3.

In light of this glaring factual discrepancy, the court requested clarification. [Docket No. 844.] However, the parties are still unable to agree on the amount of source code Synopsys requests in paper form, and whether it has been narrowed from Synopsys' original June 2016 request. September 13, 2016 Letter [Docket No. 845]. Synopsys cryptically states that "[r]ecent developments narrowed Synopsys' request for paper copies of source code," and explains that ATopTech has already produced 182 pages (approximately 8,700 lines) of source code from version 15.02.rel.2, and that the parties have agreed to dismiss claims of infringement for the '348 patent. *Id.* at 1. ATopTech contends that Synopsys has essentially confirmed that its July 25 letter brief sought the same 36,000 lines that it initially requested, despite the Court's order to confer further. *Id.*

ATopTech argues that Synopsys's current request is still excessive and does not comply with the Protective Order. ATopTech represents that it has offered to provide limited portions of the source code to Synopsys immediately for permitted purposes, and Synopsys does not dispute that ATopTech has already provided 182 pages of printed source code, as well as 8,686 printed pages of test script files.[1]  *Id.*

---

[1] Synopsys does not dispute that ATopTech has provided the 8,686 printed pages of test script files, however it disputes whether or not these test script files constitute "source code." Sept. 13

1    Despite the court's clear instruction to Synopsys at the July 20, 2016 hearing that it must
2 more narrowly tailor its request for source code and show how the requested portions are
3 "reasonably necessary" for one of the allowable purposes under the Protective Order, Synopsys
4 yet again has provided insufficient information for the court to be able to determine whether its
5 request is reasonably necessary for its stated purposes.  Synopsys makes almost no effort to tether
6 its broad request for source code to specific purposes allowed under the Protective Order, nor does
7 Synopsys provide any explanation of why the amount of requested portions is "reasonably
8 necessary."

9    Synopsys has failed to meet its burden of persuasion to show that all of the requested
10 portions of the source code are reasonably necessary for a purpose allowed under the Protective
11 Order.  Therefore, Synopsys's motion to compel [Docket No. 816] is denied.  This does not mean
12 that Synopsys is foreclosed from seeking any further paper copies of source code.  Today the court
13 rules that Synopsys has not met its burden under the Protective Order to support its current
14 request.

**IT IS SO ORDERED.**

Dated: September 16, 2016

_____
Donna M. Ryu
United States Magistrate Judge

---

Letter at 1.

3