1

2

3

4                            UNITED STATES DISTRICT COURT

5                          NORTHERN DISTRICT OF CALIFORNIA

6

7    SYNOPSYS, INC.,                          Case No.  13-cv-02965-MMC   (DMR)

          Plaintiff,                          **ORDER DENYING SYNOPSYS'S**
8                                             **MOTION FOR LEAVE TO AMEND ITS**
9         v.                                  **INFRINGEMENT CONTENTIONS**

10   ATOPTECH, INC,                           Re: Dkt. Nos. 815, 830

          Defendant.
11

12        On July 20, 2016, the court held a telephonic hearing on the parties' joint discovery letter

13   regarding Plaintiff Synopsys, Inc.'s motion for leave to amend its infringement contentions.

14   [Docket No. 764].  July 20, 2016 Minute Order [Docket No. 800].  During the hearing, the court

15   gave guidance to the parties and explained that the joint letter did not provide adequate

16   information for the court to analyze the dispute.  In order to give Synopsys a more expansive

17   opportunity to set forth its arguments in greater detail, the court denied the joint discovery letter

18   without prejudice, and granted Synopsys leave to file a motion on the topic.  *Id.*  Synopsys filed its

19   motion on July 25, 2016.  Mot. to Amend Infringement Contentions ("Mot.") [Docket No. 815].

20   Defendant ATopTech, Inc. opposes it.  Opp'n [Docket No. 828].

21        The court finds that Synopsys's motion for leave to amend its infringement contentions is

22   suitable for determination without additional oral argument.  Civil L.R. 7-1(b).   Having

23   considered the parties' briefing and oral argument, Synopsys's motion to amend its infringement

24   contentions is denied.

25   **I.      BACKGROUND**

26        **A.      Factual Allegations**

27        The factual allegations in this case have been summarized elsewhere.  *See* Docket Nos.

28   197, 255.  In brief, Synopsys is a company in the electronic design automation ("EDA") and

United States District Court
Northern District of California

1  semiconductor intellectual property industry that "develops, manufactures, sells and licenses

2  products and services that enable designers to create, model and verify complex integrated circuit

3  designs."  Am. Compl. [Docket No. 43] at ¶ 2; First Suppl. Am. Compl. [Docket No. 523] at ¶ 2.

4  Synopsys has a software product called PrimeTime that "provides customers with a trusted

5  solution for timing sign-off, a required verification step before manufacturing" a digital circuit.

6  First Suppl. Am. Compl. at ¶ 3.

7      ATopTech is an EDA company that develops tools for the physical design of integrated

8  circuits.  *Id.* at ¶ 4.  ATopTech makes a "place and route" tool known as Aprisa/Apogee that can

9  "talk to" the PrimeTime tool.  *Id.*; Docket No. 188 at 3.

10      In the First Supplemental Amended Complaint, Synopsys brings claims for copyright

11  infringement and breach of contract.  Synopsys also brings claims of patent infringement that

12  allege that "ATopTech products . . . includ[ing], but not limited to, its Aprisa or Apogee software

13  products" infringe Synopsys's United States Patent Nos. 6,507,941 ("the '941 Patent"); 6,237,127

14  ("the '127 Patent"); and 6,567,967 ("the '967 Patent"). Am. Compl. at ¶¶ 61-92; First Suppl. Am.

15  Compl. [Docket No. 523] at ¶¶ 61- 92.  On August 15, 2016, the court entered the parties'

16  stipulation of partial dismissal for Synopsys's claims of infringement of the '348 patent.  Order of

17  Partial Dismissal [Docket No. 839].[1]

18      **B.    Procedural History**

19      On July 22, 2014, the presiding judge entered the parties' proposed stipulated order to stay

20  Synopsys's patent claims pending a decision by the Patent Trial and Appeal Board ("PTAB") on

21  whether to institute *inter partes* review of the four Patents-in-Suit.  *See* Order Staying Patent

22  Claims Pending Inter Partes Review [Docket No. 142] at ¶ 1.  That order stated that "Synopsys

23  will serve ATopTech with its identification of asserted claims for each of the Patents-in-Suit on or

24  before August 8, 2014, but all other deadlines pursuant to the Patent Local Rules are suspended."

25  *Id.*

26      The presiding judge lifted the stay relating to two of the patents on March 27, 2015, and on

27

28  _____

[1]  The court refers to the remaining patents collectively as the "Patents-in-Suit."

United States District Court
Northern District of California

1   the remaining two patents on April 9, 2015.  [Docket Nos. 267, 280.]  On April 27, 2015, the

2   presiding judge signed the parties' "Joint Proposed Order Regarding Deadlines and Discovery

3   Limits for Synopsys's Patent Claims."  [Docket No. 291.]  In the April 27 Order, the parties

4   agreed to a May 15, 2015 deadline for "Disclosure of Asserted Claims and Infringement

5   Contentions, and Production of Related Documents (PLR [Patent Local Rule] 3-1, 3-2)."  *Id.* at 2.

6       On May 15, 2015, Synopsys served an additional identification of asserted claims and

7   infringement contentions, and produced related documents.  On September 11, 2015, Synopsys

8   served amended infringement contentions.  Synopsys now moves for leave to serve second

9   amended infringement contentions.

10      For the patent portion of the case, fact discovery closed on July 15, 2016, and expert

11  discovery will close on October 15, 2016.  Order Regarding Deadlines and Discovery for

12  Synopsys's Patent Claims [Docket No. 291].

## II.      LEGAL STANDARDS

14      The local rules of the Northern District of California require parties to define their theories

15  of patent infringement and invalidity early on in the course of litigation.  *O2 Micro Int'l Ltd. v.*

16  *Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1359 (Fed. Cir. 2006).  "In contrast to the more

17  liberal policy for amending pleadings, the philosophy behind amending claim charts is decidedly

18  conservative, and designed to prevent the shifting sands approach to claim construction."  *Positive*

19  *Techs., Inc. v. Sony Elecs., Inc.*, No. C. 11-2226-SI, 2013 WL 322556, at *2 (N.D. Cal. Jan. 28,

20  2013) (citation omitted).  Thus, this district's Patent Local Rules permit parties to amend their

21  infringement contentions "only by order of the Court upon a timely showing of good cause."

22  Patent L.R. 3-6.  The Patent Local Rules provide a non-exhaustive list of circumstances that

23  support a finding of good cause, provided there is no prejudice to the non-moving party.  These

24  include "(a) claim construction by the Court different from that proposed by the party seeking

25  amendment; (b) recent discovery of material, prior art despite earlier diligent search; and (c) recent

26  discovery of nonpublic information about the Accused Instrumentality which was not discovered,

27  despite diligent efforts, before the service of the Infringement Contentions."  Patent L.R. 3-6.  By

28  requiring a showing of good cause, "Local Rule 3-6 serves to balance the parties' rights to develop

1   new information in discovery along with the need for certainty in legal theories at the start of the

2   case." *Open DNS, Inc. v. Select Notifications Media, LLC*, No. C-11-5101 EJD (HRL), 2013 WL

3   2422623, at *2 (N.D. Cal. June 3, 2013) (citing *O2 Micro*, 467 F.3d at 1366).

4        The court may deny a motion for leave to amend infringement contentions if it would

5   cause "undue prejudice to the non-moving party."  Patent L.R. 3-6.  Where the moving party is

6   unable to show diligence, there is "no need to consider the question of prejudice," *see O2 Micro*,

7   467 F.3d at 1368, although a court in its discretion may elect to do so, *see, e.g., Dynetix Design

8   Solutions Inc. v. Synopsys Inc.*, No. Cv-11-5973-PSG, 2012 WL 6019898, at *1 (N.D. Cal. Dec. 3,

9   2012).  The moving party bears the burden of establishing diligence.  *See O2 Micro*, 467 F.3d at

10  1366.

## III.   DISCUSSION

12       Synopsys now seeks leave to serve second amended infringement contentions.  Synopsys

13  asserts that the amendments are based on information learned from the review of ATopTech's

14  source code.  ATopTech produced portions of its source code on October 6, 2015, November 6,

15  2015, and December 28-30, 2015.  ATopTech made full source code available for four releases of

16  the accused product on March 22, 2016.   On July 14, 2016, the day before the close of fact

17  discovery, ATopTech produced source code for all 85 accused versions of the product.[2]  Mot. at 7.

18       ATopTech opposes the amendment, arguing that Synopsys has not shown the required

19  diligence necessary to establish "good cause," because most of the amendments could have been

20  included in the prior contentions or at an earlier time.  ATopTech further contends that it would be

21  prejudiced by the amendment, and argues in the alternative that the proposed amendments fail to

22  comply with the specificity requirements of the Patent Local Rules.

### A.   Diligence

24       Courts in this district consider both how quickly the party moves to amend its contentions

25  once a new theory of infringement comes to light and whether the party was diligent in

26  discovering the basis for the proposed amendment.  *Acer, Inc. v. Tech. Properties Ltd.*, No. 5:08-

---

[2] The present motion is not based on ATopTech's July 2016 production of source code.

United States District Court
Northern District of California

1    CV-00877 JF/HRL, 2010 WL 3618687, at *3 (N.D. Cal. Sept. 10, 2010) (citations omitted).  "The

2    burden is on the movant to establish diligence rather than on the opposing party to establish lack

3    of diligence."  *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir.

4    2006); *Delphix Corp. v. Actifio, Inc.*, 2015 WL 5693722 (N.D. Cal. Sept. 21, 2015) (citations

5    omitted).  "In considering the party's diligence, the critical question is whether the party could

6    have discovered the new information earlier had it acted with the requisite diligence." *Apple Inc. v.*

7    *Samsung Elecs. Co., Ltd.*, No. C12-00630 LHK, 2012 WL 5632618, at *2 (N.D. Cal. Nov. 15,

8    2012) (internal quotation marks omitted).

9          Synopsys argues that it acted diligently and devotes a large portion of its motion to

10   chronicling its attempts to procure production of ATopTech's source code.  Mot. at 3-6.

11   ATopTech produced limited portions of its source code on October 6, 2015.  Synopsys believed

12   that ATopTech's production was insufficient, and the parties met and conferred.  On November 6,

13   2015, Synopsys provided ATopTech with a draft discovery letter on the issue, and ATopTech

14   responded by supplementing its production.  Synopsys still believed that the supplementation was

15   insufficient and provided ATopTech with another draft discovery letter.  ATopTech provided an

16   additional supplement on December 30, 2015.  Synopsys contended that ATopTech's production

17   did not provide all of the code for the accused functionality, and requested another meet and

18   confer on February 5, 2016.  Synopsys attempted to resume review of ATopTech's source code

19   with its expert, Dr. Guthaus, at ATopTech's counsel's office on February 26, 2016.  Synopsys

20   Ritchie Declaration Ex. 8 [Docket No. 815-1 at ECF at 80-81] (email exchange between Ritchie

21   and Marsh).  However, ATopTech did not permit Synopsys to conduct a further review of the

22   source code until after the trial on the copyright portion of the case, which was completed on

23   March 10, 2016. *Id.*; March 10, 2016 Minute Entry [Docket No. 686].  On March 22, 2016,

24   ATopTech made full source code available for four releases of the accused product.  Synopsys

25   contends that over the next nine weeks, its expert analyzed the code, which included over a million

26   lines of code in thousands of separate files, and Synopsys revised its infringement contentions.

27   The parties began conferring about the proposed amendments on May 23, 2016.

28          Based on this undisputed history, it is clear that Synopsys diligently sought production of

United States District Court
Northern District of California

United States District Court
Northern District of California

1    ATopTech's source code, which was not produced in full form for four versions of the accused

2    products until March 22, 2016.  This does not end the analysis, however, for a key question

3    remains.  "Courts typically grant leave to amend infringement contentions after a patentee has

4    been given the opportunity to inspect relevant source code." *Linex Techs., Inc. v. Hewlett-*

5    *Packard Co.*, No. C 13-159 CW, 2013 WL 5955548, at *2 (N.D. Cal. Nov. 6, 2013) (citing *Big*

6    *Baboon Corp. v. Dell, Inc.,* 723 F. Supp. 2d 1224, 1228 (C.D. Cal. 2010)).  However, the critical

7    question is whether Synopsys can establish its diligence in seeking amendment by adequately

8    tying its proposed amendments to ATopTech's late production of source code.

9         Synopsys first received portions of ATopTech's source code in October 2015 and obtained

10   full versions of the source code for four releases of the accused products in March 2016.

11   Synopsys filed its joint discovery letter seeking leave to amend its infringement contentions on

12   June 14, 2016.  [Docket No. 764.]  During the July 20, 2016 telephonic hearing, the court told the

13   parties that it was unclear which of Synopsys's proposed amendments were based on newly

14   discovered source code, as opposed to source code produced between October and December

15   2015.  Such facts would be critical to the court's analysis.  For example, if Synopsys's proposed

16   amendments are based on source code produced in October 2015, it may be challenging for

17   Synopsys to establish diligence in seeking leave to amend seven months later.  *See, e.g., Apple v.*

18   *Samsung*, No. 12-cv-00630-LHK PSG, Docket No. 636 at 22 (June 26, 2013) (noting that

19   Samsung sought to add citations to source code it had had for about four months, a time period

20   that other courts had found failed to suffice for diligence, but finding the four month period

21   sufficiently diligent for good cause due to the size of the case and necessity for processing

22   thousands of lines of code); *Acer, Inc.*, 2010 WL 3618687, at *4 (finding three month delay too

23   long for diligence).  At the end of the telephonic hearing, the court allowed Synopsys to replace

24   the joint discovery letter with a more expansive motion, specifically to give Synopsys the

25   opportunity to set forth the missing key facts and details for the court's analysis.

26        Unfortunately, Synopsys's motion remains murky on whether it acted diligently to amend

27   its contentions.  Synopsys sticks to conclusory statements, rather than providing facts and details

28   to give life to its broad assertions.  For example, in its opening brief, Synopsys asserts that it "was

1    only able to discern the inner workings of ATopTech's products through access, inspection, and

2    analysis of the complete source versions." Mot. at 9. Synopsys makes similar generalized

3    statements in its reply brief. Reply [Docket No. 833] at 1 ("Synopsys required more complete

4    source code than ATopTech produced by December 30, 2015 to conduct its infringement analysis.

5    . . . In particular, the entire source code was necessary to provide context and to trace through its

6    operation. "); 4 ("ATopTech also complains that selected amendments cite to material available

7    earlier. [] These amendments are related to the cited source code and were identified based on

8    further insight gained from analyzing the source code.").

9          In support of its diligence argument, Synopsys submitted the declaration of its expert, Dr.

10   Matthew Guthaus [Docket No. 815-1 at ECF 87-89]. Dr. Guthaus generally declares that his

11   "analysis of the ATopTech source code provided insight into the design and operation of the

12   product that could not have been known by analyzing user manuals or operating the product," but

13   he makes no attempt to clarify whether the proposed amendments could have been made earlier

14   based on the source code released from October to December 2015. Guthaus Decl. at ¶ 4. Dr.

15   Guthaus could have provided a specific example to illustrate why Synopsys was unable to make

16   the proposed amendments based on the earlier productions of source code, but he did not do so.

17   Indeed, despite the court's specific inquiries into this issue at the July 20, 2016 hearing, as well as

18   its grant of additional briefing, Synopsys's motion remains largely silent on this question.

19         ATopTech contends that the vast majority of the source code at issue — "at least one

20   version of 58 of the 63 source code files cited in Synopsys's proposed amended contentions" —

21   had already been produced by December 30, 2015. Opp'n at 7; *see also* Marsh Decl. ¶ 2, Ex. A.

22   In its reply, Synopsys responds "[n]or does ATopTech contend that the 58 files are the same as

23   other files having the same name in other versions that were produced on March 22." Reply at 3.

24   This bare and cryptic statement does not advance Synopsys's diligence argument; it is Synopsys's

25   burden to establish diligence, rather than ATopTech's burden to demonstrate lack of it. *See O2*

26   *Micro*, 467 F.3d at 1366.

27         ATopTech raises a number of additional arguments regarding Synopsys's diligence. First,

28   ATopTech argues that Synopsys's proposed amendments cite to information available to

United States District Court
Northern District of California

7

1   Synopsys through documents produced in 2014 and publically available websites.  Opp'n at 7.

2   Synopsys does not address this argument in its reply.

3   ATopTech also contends that "Synopsys did not attempt to tie its new doctrine of

4   equivalents ("DOE") contentions — which are also conclusory — to any newly produced

5   information or to argue diligence with respect to these amendments."  Opp'n at 8.  Again,

6   Synopsys fails to respond to this argument in its reply.  Synopsys's prior contentions only alluded

7   to the DOE in the most general of terms.  *See* Ex. 2 at 7.  Synopsys has not cited any prior

8   infringement contentions specifically raising a DOE theory.  Synopsys fails to demonstrate its

9   diligence, or explain a change in circumstances to justify a change in theory after the case has

10   progressed.  *See, e.g., Apple v. Samsung*, No. 12-cv-00630-LHK PSG, Docket No. 636 at 6-7

11   (N.D. Ca. June 26, 2013) (denying leave to amend infringement contentions to assert DOE

12   theories where patentee failed to explain why it had good faith basis to assert DOE theories later

13   than at beginning of case).

14   ATopTech also argues that "Synopsys is attempting to change admissions it made about its

15   own products upon which ATopTech has relied for invalidity arguments."  Opp'n at 9 (citing

16   Redlined Contentions at 7).  This appears to reference Synopsys's proposed amendments to its

17   own Patent Local Rule 3-1(g) disclosures[3], in which Synopsys seeks to remove certain versions of

18   its own products and claims.  Synopsys fails to explain why ATopTech's late production of source

19   code would lead to a change in position regarding whether Synopsys's own products incorporate

20   or reflect particular patent claims.  Indeed, once again, Synopsys does not address this argument in

21   its reply.  *See* Reply at 5.

22   Because Synopsys has not met its burden of establishing diligence, the court need not

23   reach the issue of prejudice to ATopTech.  *See O2 Micro*, 467 F.3d at 1368.

24

25

26   ---
[3]   Under Patent Local Rule 3-1(g), "If a party claiming patent infringement wishes to preserve the

27   right to rely, for any purpose, on the assertion that its own apparatus, product, device, process,
method, act, or other instrumentality practices the claimed invention, the party shall identify,

28   separately for each asserted claim, each such apparatus, product, device, process, method, act, or
other instrumentality that incorporates or reflects that particular claim."

United States District Court
Northern District of California

**IV.     CONCLUSION**

In light of Synopsys's inadequate demonstration of diligence — specifically, the fact that Synopsys has not shown how the proposed amendments are tied to newly discovered information — the court finds that Synopsys has not established good cause for its proposed amendments pursuant to Patent Local Rule 3-6.

**V.     MOTION TO SEAL**

ATopTech moves to file under seal Exhibit A and a redacted portion of Exhibit B to the Declaration of Philip W. Marsh in Support of ATopTech's Opposition to Synopsys's Motion for Leave to Amend Infringement Contentions [Docket No. 828].  Mot. to Seal [Docket No. 830].

ATopTech has provided a declaration stating that the designated information in the two exhibits contains information describing properties of ATopTech's confidential source code for its Aprisa product.  Philip W. Marsh Declaration [Docket No. 830-1].  The court has reviewed the designated information and finds that good cause exists for sealing this confidential technical information about the working of ATopTech's product.  *See Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006).

ATopTech's motion to file under seal [Docket No. 830] is granted.


**IT IS SO ORDERED.**

Dated: September 16, 2016

_____
                              Donna M. Ryu
                              United States Magistrate Judge