**VIA ECF**

October 3, 2016

The Honorable Donna M. Ryu
Oakland Courthouse, Courtroom 4 – 3rd Floor
1301 Clay Street
Oakland, CA 94612

Re: ***Order Re: Defendant ATopTech, Inc.'s Motion to Compel Discovery Responses***

Dear Judge Ryu:

Per to the Court's September 28, 2016 Order (ECF 850), the parties submit the following.

**ATopTech's Position:** ATopTech seeks discovery of historical pricing data relevant to the value of and customer demand for the claimed features of the asserted patents. The select agreements Synopsys has produced are not enough. *First*, because Synopsys' agreements and testimony show that Synopsys' pricing varies on a customer-by-customer basis, ATopTech needs discovery into whether ***any*** customer was willing – or not willing – to pay a premium for the products Synopsys alleges practice the asserted claims. *Second*, ATopTech needs the agreements to test and rebut the opinions of Synopsys' experts that "but for" the presence of the features of the asserted claims, no customer would purchase a license to an EDA product. *Third*, ATopTech needs the agreements to test and rebut the opinions of Synopsys' experts that there was customer "demand" or "long felt but unresolved need" for the claimed features of the asserted patents. The objective, financial data from Synopsys' historical licenses, as well as their scope and volume, will show that customers purchased licenses without regard for the claimed features, and that those features did not drive demand of Synopsys' products. ATopTech has already narrowed its request to a deposition or agreements for just those product versions Synopsys' alleges practice the asserted claims and the immediately preceding versions. As a further compromise, to avoid the burden that Synopsys claims, ATopTech is willing to forgo any additional production if Synopsys will fully answer 15 RFA's and 1 interrogatory on this topic.

**Synopsys' Position:** *First*, additional historical pricing data is irrelevant. Testimony and the more than 450 agreements Synopsys already produced, which cover the requested time periods, show that pricing was based not on any particular product feature or patent but on overall technical capabilities, customer relationships and the competitive landscape. Simply put, the existing evidence already establishes that customer agreements do not address particular product features or demand for them. *Second*, ATopTech's request is overly burdensome. It would require: (i) weeks to locate agreements for the requested time periods (going back 20 years for the '127 patent and 10 years for the '941 patent); (ii) reviewing thousands of agreements to identify which include the products at issue; (iii) notifying customers (likely several hundred) and responding to their concerns and objections; and (iv) risking disclosure of sensitive business information to its competitor ATopTech. This process would cost hundreds of thousands of dollars and take months to provide an initial production. Further, preparing a deponent to testify on historical pricing would be nearly impossible given the volume of customers and complex agreements. *Third*, as a compromise, Synopsys will: (i) respond to two RFAs on historical pricing of Synopsys products and (ii) produce agreements for the requested time period for (a) three additional customers of the Synopsys products that practiced the '127 patent and (b) three additional customers of the Magma product that practiced the '941 patent.

Respectfully submitted,

| | |
|---|---|
| */s/ Krista S. Schwartz* | */s/ Philip W. Marsh* |
| Krista S. Schwartz | Philip W. Marsh |
| Lead Trial Counsel for Plaintiff SYNOPSYS, INC. | Lead Trial Counsel for Defendant ATOPTECH, INC. |

In accordance with Local Rule 5-1(i)(3), Defendant's counsel attests that concurrence in the filing of this document has been obtained from Plaintiff's counsel.