UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYNOPSYS, INC., <br><br>  Plaintiff, <br><br> v. <br><br> ATOPTECH, INC, <br><br>  Defendant. | Case No. 13-cv-02965-MMC   (DMR) <br><br> **ORDER RE: PLAINTIFF SYNOPSYS, INC.'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION AND EMERGENCY MOTION FOR ADMINISTRATIVE RELIEF** <br><br> Re: Dkt. No. 863, 864 |

Plaintiff Synopsys, Inc. ("Synopsys") filed (1) a motion for leave to file a motion for reconsideration ("motion for leave") of this Court's September 19, 2016 order denying its motion for leave to amend its infringement contentions [Docket No. 864]; and (2) an emergency motion for administrative relief on its motion for leave [Docket No. 863].   Synopsys's motion for leave is granted.   Its emergency motion is denied.

**I.   PROCEDURAL HISTORY**

On June 14, 2016, the parties filed a joint discovery letter regarding Synopsys's proposed amendments to its invalidity contentions.   [Docket No. 764].

On July 20, 2016, the court held a telephonic hearing on the joint discovery letter [Docket No. 764].   July 20, 2016 Minute Order [Docket No. 800].   During the hearing, the court denied the joint discovery letter without prejudice, and granted Synopsys leave to file a motion to amend. [Docket No. 800].   The court instructed the parties as follows on the motion to amend:

> **The parties' briefing may not incorporate by reference the joint letter or other documents**, with the exception of the exhibits of the proposed amended infringement contentions and the redline between the proposed and operative infringement contentions.

[Docket No. 800] (emphasis added).

Synopsys filed its motion to amend on July 25, 2016.   In direct violation of the court's order, Synopsys also filed a supporting declaration with attachments amounting to over one hundred pages of documents.   [Docket No. 815].   Defendant ATopTech, Inc. ("ATopTech") filed

1    an opposition on July 29, 2016. [Docket No. 828]. Synopsys filed its reply on August 2, 2016.
2    [Docket No. 833].
3         On September 19, 2016, the court denied Synopsys's motion to amend without additional
4    oral argument. [Docket No. 848]. It found that while "it was clear that Synopsys diligently
5    sought production of ATopTech's source code, which was not produced in full form for four
6    versions of the accused products until March 22, 2016," Synopsys had not demonstrated in its
7    motion papers how its proposed amendments were tied to ATopTech's late production of source
8    code, and therefore had not met its burden to demonstrate diligence. [Docket No. 848 at 5:28-6:2,
9    6:6-9:4].
10        On September 30, 2016, Synopsys filed a motion for relief from the September 19, 2016
11   order with Presiding Judge Chesney. Synopsys's motion for relief included new evidence.
12   [Docket No. 852]. On October 5, 2016, Judge Chesney denied Synopsys's motion for relief
13   without prejudice to Synopsys filing a motion for leave to file a motion for reconsideration before
14   this court. [Docket No. 861]. Judge Chesney noted Synopsys's motion was based newly-offered
15   evidence and was essentially a motion for reconsideration. [Docket No. 861].
16        On October 7, 2016, Synopsys filed its motion for leave and an emergency motion for
17   administrative relief on the motion to amend. [Docket Nos. 863, 864]. In moving for
18   reconsideration, however, Synopsys withdrew the new evidence. [Docket No. 864 at 1, n.1].
19        On October 11, 2016, ATopTech filed its opposition to Synopsys's emergency motion for
20   administrative relief. [Docket No. 867].
21   **II.      DISCUSSION**
22        Under Civil Local Rule 7-9, a party must seek leave of court to file any motion for
23   reconsideration. In seeking leave of court, a party must show reasonable diligence in bringing and
24   one of the following grounds: (1) a material difference in fact or law exists from that which was
25   presented to the court, which, in the exercise of reasonable diligence, the party applying for
26   reconsideration did not know at the time of the order for which reconsideration is sought; (2) the
27   emergence of new material facts or a change of law; or (3) a manifest failure by the court to
28   consider material facts or dispositive legal arguments presented before such order. N.D. Civ. L.R.

7-9(b)(1)-(3).

Synopsys bases its motion for leave on the third ground, e.g. manifest failure by the court to consider material facts or dispositive legal arguments presented before it. Synopsys argues that the court failed to consider documents in the record explaining why it could not have amended its invalidity contentions based on the portions of the source code produced in October through December 2015. Synopsys explains that it could not ascertain how the accused features actually worked without the complete code. [Docket No. 864 at 1, 3-5].

Synopsys's argument is problematic. To begin with, all of the documents that Synopsys now cites in support of its current motion were filed inappropriately as exhibits to its motion to amend. The court's July 20, 2016 order explicitly prohibited this; it limited the parties to "exhibits of the proposed amended infringement contentions and the redline between the proposed and operative infringement contentions" in briefing Synopsys's motion to amend. [Docket No. 800]. The court instructed Synopsys to make its arguments in its motion, and not anywhere else. Moreover, Synopsys has already had two opportunities (joint discovery letter and motion to amend) to explain to the court why it could not move to amend its infringement contentions before ATopTech completed its production of source code. Synopsys is now asking for another bite at the apple. In light of the above, the court would be well within its authority to deny Synopsys's motion for leave.

In examining the equities, however, the court cannot ignore the fact that ATopTech clearly dragged its heels in producing the full source code to Synopsys, despite Synopsys's diligent efforts. Both parties are far from blameless. In the interest of justice, the court **GRANTS** Synopsys's motion for leave, which the court construes as its motion for reconsideration. ATopTech shall file its opposition by October 18, 2016. Synopsys shall file its reply by October 21, 2016.

The parties do not have an entitlement to oral argument, and should not assume that the court will set this matter for hearing. *See* Civil L.R. 7-(b). The court will notify the parties if it determines that a hearing is warranted.

//

Synopsys' emergency motion for relief on its motion to amend is **DENIED** as moot.

**IT IS SO ORDERED.**

Dated: October 13, 2016



Donna M. Ryu
United States Magistrate Judge

4