1.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYNOPSYS, INC.,<br><br>       Plaintiff,<br><br>v.<br><br>ATOPTECH, INC,<br><br>       Defendant. | Case No.  13-cv-02965-MMC   (DMR)<br><br>**ORDER RE PLAINTIFF SYNOPSYS, INC.'S MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 864 |

Plaintiff Synopsys, Inc. moves for reconsideration of the court's September 16, 2016 order denying its motion for leave to amend its infringement contentions.  [Docket No. 864].  Defendant ATopTech, Inc. opposes. [Docket No. 873].  The court finds this matter appropriate for resolution without oral argument.  *See* Civ. L.R. 7-1(b).  For the reasons discussed, Synopsys's motion for reconsideration is **GRANTED IN PART** and **DENIED IN PART**.

## I.       FACTS & PROCEDURAL HISTORY

The facts underlying this case have been described elsewhere, (*see, e.g.,* Docket No. 848), so the court will not repeat them here.  The present dispute concerns Synopsys's quest to obtain the complete source code for ATopTech's Aprisa/Apogee software and its efforts to amend its infringement contentions.

As described in an earlier order, Synopsys had to push for production of the complete source code for the accused products over the course of five months.  [Docket No. 848].  During that time, ATopTech repeatedly forced Synopsys to return to the well.  Thus, ATopTech produced limited portions of its source code on October 6, 2015, which Synopsys believed was insufficient for its needs.  *Id*.  After meeting and conferring,  ATopTech produced an additional supplement on December 30, 2015.  *Id*.  Finding this further production of source code deficient, Synopsys continued to meet and confer with ATopTech. *Id*. Synopsys attempted to resume review of

1    ATopTech's source code with its expert, Dr. Guthaus, at ATopTech's counsel's office on

2    February 26, 2016, but ATopTech did not permit Synopsys to conduct a further review of the

3    source code until after the trial on the copyright portion of the case, which was completed on

4    March 10, 2016. *Id.* On March 22, 2016, ATopTech made full source code available for four

5    releases of the accused product.  *Id.*  Over the course of the next nine weeks, Synopsys' expert

6    analyzed over a million lines of code in thousands of separate files, and Synopsys revised its

7    infringement contentions.  *Id.*

8        Synopsys then moved to amend its infringement contentions by filing a joint discovery

9    letter regarding Synopsys's proposed amendments to its invalidity contentions.  [Docket No. 764].

10   On July 20, 2016, the court held a telephonic hearing on the joint discovery letter.  July 20, 2016

11   Minute Order [Docket No. 800].  In order to give the parties an opportunity to more fully develop

12   their arguments, the court denied the joint discovery letter without prejudice, and granted

13   Synopsys leave to file a motion to amend.  The court specifically ordered that the briefing on the

14   motion could not incorporate other documents by reference, and that the only allowable exhibits

15   would be the proposed amendments. [Docket No. 800].  Synopsys filed its motion to amend

16   ("MTA") on July 25, 2016.  Synopsys ignored the court's prohibition, and included over one

17   hundred pages of exhibits.  [Docket No. 815].

18       On September 16, 2016, the court denied Synopsys's motion to amend its infringement

19   contentions, finding that while "it was clear that Synopsys diligently sought production of

20   ATopTech's source code, which was not produced in full form for four versions of the accused

21   products until March 22, 2016," Synopsys had not demonstrated in its motion papers how its

22   proposed amendments were tied to ATopTech's late production of source code, and therefore had

23   not met its burden to demonstrate diligence.  [Docket No. 848 at 5:28-6:2, 6:6-9:4].

24       On September 30, 2016, Synopsys filed a motion for relief from the September 16, 2016

25   order with Presiding Judge Chesney, [Docket No. 852], which was denied without prejudice to

26   Synopsys filing a motion for leave to file a motion for reconsideration before this court. [Docket

27   No. 861].

28       On October 7, 2016, Synopsys filed its motion for leave [Docket No. 864].  This court

*United States District Court*
*Northern District of California*

2

1    granted leave on October 13, 2016, and construed Synopsys' motion for leave as its motion for

2    reconsideration.  [Docket No. 871].  In granting leave to amend, this court observed that both

3    parties were "far from blameless."  [Docket No. 871 at 3].  Synopsys already had had two

4    opportunities to present its arguments, and had inappropriately filed exhibits to its MTA in direct

5    contravention of the court's order.  [Docket No. 871 at 3].  However, ATopTech clearly and

6    undisputedly had dragged its heels in producing the full source code for all versions of the accused

7    product to Synopsys.  [Docket No. 848 at 5-6; Docket No. 871 at 3].  The court therefore granted

8    reconsideration in the interests of justice.  [Docket No. 871 at 3].

9    **II.    LEGAL STANDARD**

10       Pursuant to Civil Local Rule 7-9, a motion for reconsideration of an interlocutory order

11   may be made on one of three grounds: (1) a material difference in fact or law exists from that

12   which was presented to the court, which, in the exercise of reasonable diligence, the party

13   applying for reconsideration did not know at the time of the order for which reconsideration is

14   sought; (2) the emergence of new material facts or a change of law; or (3) a manifest failure by the

15   court to consider material facts or dispositive legal arguments presented before such order.  Civ.

16   L.R. 7-9(b)(1)-(3).

17       Synopsys seeks reconsideration on the ground that this court manifestly failed to consider

18   material facts and dispositive legal arguments on denying it leave to amend its infringement

19   contentions.  [Docket No. 864].

20   **III.   DISCUSSION**

21       Synopsys' main contention is that the court manifestly failed to consider arguments

22   contained in the documents it attached as exhibits to its MTA.  Those arguments explained why it

23   could not have amended its infringement contentions based on the portions of the source code

24   produced in October through December 2015.  Mot. for Reconsideration ("Mot.") at 3-5, 6.

25   Specifically, the portions of the source code produced by ATopTech prior to March 2016 did not

26   contain "entry points" which it made it "impossible to trace the execution of the accused features

27   from start to finish."  Mot. at 1.  Furthermore, since ATopTech refused to stipulate that the 2007

28   version of the source code was representative of the source code for versions it had not yet

United States District Court
Northern District of California

3

produced, Synopsys could not have amended its contentions for other versions until March 2016, when ATopTech produced the complete code for the 2011, 2013, and 2015 versions. *Id.* at 7.

ATopTech makes several responses. First, it contends that Synopsys's motion is procedurally defective because Synopsys failed to show reasonable diligence in seeking reconsideration under Civil Local Rule 7-9. Opp. to Mot. at 4. Second, ATopTech argues that Synopsys impermissibly repeats arguments from its MTA papers in violation of Civil Local Rule 7-9(c). Opp. to Mot. at 6. Third, it asserts that Synopsys had the complete source code for the 2007 and 2015 versions since December 2015, and failed to show reasonable diligence from December 2015 to March 2016, when its expert reviewed the source code. Opp. to Mot. at 4-5, 7-8. Finally, ATopTech claims that Synopsys has not demonstrated diligence in seeking leave to include various other proposed amendments which are unrelated to ATopTech's allegedly late production of source code. Opp. to Mot. at 10.

A.   <u>Analysis</u>

ATopTech begins by arguing that the court should deny reconsideration because Synopsys did not move with sufficient alacrity. This argument is not persuasive. Synopsys timely filed its motion for relief from the court's non-dispositive September 16, 2016 order within 14 days of the order. *See* Docket No. 852 ("Plaintiff Synopsys, Inc.'s Motion for Relief from Nondispositive Pretrial Order of Magistrate Judge"); *see also* Fed. R. Civ. P. 72(a) (14 day deadline to file objections to a Magistrate Judge's non-dispositive pre-trial order); Civ. L.R. 72-2 (any objection filed pursuant to Fed. R. Civ. P. 72(a) and 28 U.S.C. § 636(b)(1)(A) must be styled as a "Motion for Relief from Nondispositive Pretrial Order of Magistrate Judge"). Judge Chesney denied Synopsys' motion for relief on October 5, 2016, noting that its motion was based on newly-offered evidence and was essentially a motion for reconsideration. [Docket No. 861]. Two days later, Synopsys filed its motion for leave to file its reconsideration motion before this court. [Docket No. 864]. In sum, the court finds that Synopsys acted with the requisite diligence in moving for reconsideration under Civil Local Rule 7-9.

ATopTech next argues that the motion should be denied because Synopsys violated a local rule which prohibits a moving party from rearguing any written or oral argument previously

4

United States District Court
Northern District of California

1   asserted to the court.  Civ. L.R. 7-9(c).  It is fair to say that Synopsys's motion may technically

2   violate Civil Local Rule 7-9(c), as a number of its reconsideration arguments were raised in some

3   iteration its MTA papers.  *Compare, e.g.*, MTA at 5:5-8 with Mot. at 3:18-4:18; MTA at 6:8-12

4   with Mot. at 4:15-18.  Nevertheless, the court is not compelled to automatically deny

5   reconsideration relief, nor does Civ. L.R. 7-9 require such an outcome.  Reconsideration relief is

6   discretionary.  *See Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*,

7   331 F.3d 1041, 1046 (9th Cir. 2003) ("Whether or not to grant reconsideration is committed to the

8   sound discretion of the court.").

9        In considering the technical violation of Civil Local Rule 7-9(c), the court bears in mind

10  the unique context of this motion.  As explained in its earlier order, the court granted leave to file a

11  motion for reconsideration "in the interest of justice," even though both parties were "far from

12  blameless."  [Docket No. 871 at 3].  The court already found that Synopsys "diligently sought

13  production of ATopTech's source code, which was not produced in full form for four versions of

14  the accused products until March 22, 2016."  [Docket No. 848 at 5-6].  However, the court denied

15  Synopsys's original motion to amend because Synopsys failed to tie its proposed amendments to

16  ATopTech's late production of source code.  *Id.*  The court has since figured out that Synopsys's

17  most persuasive support for reconsideration (*see* Mot. (Dkt. No. 864) at 3-5), is scattered among

18  the one hundred-plus pages of exhibits which Synopsys improperly filed with its MTA.  In other

19  words, Synopsys's earlier submissions contained these arguments, but in a manner specifically

20  prohibited by the court.  In this unique context, Synopsys needs to reargue its positions to some

21  degree.  Under these circumstances, the court declines to strictly enforce Local Rule 7-9(c).

22       In the last round, Synopsys made conclusory statements about how it could not amend its

23  infringement contentions without having access to all the source code.  Finally articulating its

24  arguments more specifically, Synopsys explains that the portions of source code produced before

25  March 2016 were inadequate because they did not contain "the entry points that correspond to the

26  commands, options, attributes, and other features" that Synopsys identified in its infringement

27  contentions; without the entry points, which are the starting points from which one can trace the

28  execution of source code in an accused product, Synopsys could not "trace" the execution of the

5

United States District Court
Northern District of California

1   accused features to determine how they actually worked.  Mot. at 3:20-27; 4:21-24.  Absent the

2   complete source code, Synopsys could not develop a sufficient understanding of how the accused

3   products worked to amend its infringement contentions.  Mot. at 4:28-5:2.

4        Courts in this district generally have granted leave to amend in situations such as this

5   where the patentee seeks leave to amend after having the opportunity to inspect relevant source

6   code.  *See*, *e.g.*, *Linux Techs. v. Hewlett-Packard Co*., No. C 13-159 CW, 2013 WL 5955548, at

7   *2 (N.D. Cal. Nov. 6, 2013) (explaining that "[c]ourts typically grant leave to amend infringement

8   contentions after a patentee has been given the opportunity to inspect relevant source code" and

9   granting patentee's motion to amend its infringement contentions); *Radware, Ltd. v. A10*

10  *Networks, Inc*., Nos. C 13-02021, C 13-2024 RMW (HRL), 2014 WL 1350230, at *2 (N.D. Cal.

11  Apr. 4, 2014) (granting leave to amend infringement contentions when all proposed amendments

12  were based on information "gleaned from Defendants' production of source code" and patentee

13  was diligent in reviewing the source code and amending its infringement contentions).

14       While Synopsys should have made its arguments more clearly in its past filings, the bottom

15  line is that Synopsys has presented good cause for its amendments under the law of this district.

16  In light of ATopTech's undisputable delay in producing source code, the court exercises its

17  discretion to entertain Synopsys's arguments now, despite its earlier failings.

18        ATopTech's arguments on the merits are not persuasive.  ATopTech contends that

19  Synopsys could have amended its infringement contentions based only on information gleaned

20  from the 2007 version of the source code.[1]   However, Synopsys could not have rested on those

21  amendments since ATopTech refused to stipulate that the 2007 version of the code was

22  representative of the other versions of the code.  Opp. to Mot. at 8; Mot. at 7.  Absent such a

23  stipulation, Synopsys would require all other versions of the source code, *e.g.,* 2011, 2013, and

24  2015 at least, to determine the precise mechanism of infringement for each version.  The fact that

25  ATopTech provided the 2015 version of the source code in December 2015 does not change the

26

27  ─────────────────────

28  [1] Indeed, Synopsys concedes as much when later in its reconsideration motion it asks that this
    court reconsider its order "at least with respect to the 2015, 2013, and 2011 versions of the
    accused products."  Mot. at 7.

outcome.  The correspondence cited by the parties shows that this source code was produced for the copyright portion of the case, and was subject to certain restrictions by ATopTech; it is unclear whether it could be used for the patent case.  In any event, the fact remains that Synopsys did not have complete versions of at least two other versions of source code (2011 and 2013) until March 2016.

Having considered all of the above, the court finds that Synopsys exercised reasonable diligence in not only obtaining the complete source code, but also in seeking to amend its infringement contentions based on the late-produced source code.  As to the other proposed amendments, Synopsys essentially concedes that they are not related to the late-produced source code.  Reply at 5-6.  Synopsys continues to fail to explain how good cause exists to allow these proposed amendments, which are based on information that was available in 2014, was publicly available, or was based on Synopsys's own products.  Therefore, the court denies Synopsys' reconsideration motion as to these proposed amendments.

As Synopsys has demonstrated diligence in seeking amendments based on late-produced source code, the court must now evaluate whether the amendments would cause "undue prejudice to the non-moving party."  Patent L.R. 3-6.  The court is aware that this case is nearly fully developed, and is headed toward a December 15, 2016 deadline for the filing of dispositive motions.  Nevertheless, the court finds that ATopTech contributed to these messy circumstances by unjustifiably doling out its source code rather than meeting its production obligations in a timely manner.  Indeed, ATopTech did not produce complete source code for all 85 versions of Aprisa until July 14, 2016.  *See* Opp. to Mot. at 8 (citing Docket No. 815 at 110, 119).  ATopTech's late production has created a domino effect, as the outcome in this motion will likely have an impact on ATopTech's own pending motion to amend its invalidity contentions.  To the extent that allowing Synopsys to amendment its infringement contentions may result in prejudice to AtopTech, such prejudice is not "undue," as ATopTech has played a significant role in creating that result.  Additionally, the parties' experts reports were based on Synopsys's amended infringement contentions, and the parties are proceeding with expert depositions with the unstated assumption that this court would permit the amendments upon which the parties' expert reports

United States District Court
Northern District of California

7

United States District Court
Northern District of California

1  are based.  Emergency Mot. for Admin. Relief [Docket No. 863] at 1:26-2:2; Michael Decl.

2  [Docket No. 863-1] at ¶ 6; Opp. to Emergency Mot. for Admin. Relief [Docket No. 867] at 1:14-

3  23; Walsh Decl. [Docket No. 867-1] at ¶¶ 2-3.  Therefore, the court finds that the proposed

4  amendments will not cause undue prejudice to ATopTech.

5      **IV.**   **CONCLUSION**

6        In conclusion, the court grants in part and denies in part Synopsys' motion for

7  reconsideration.  Synopsys shall have leave to amend its infringement contentions based on the

8  2011, 2013, and 2015 versions of the source code produced by ATopTech in March 2016, and on

9  the theory of the doctrine of equivalents.  However, Synopsys does not have leave to include any

10  proposed amendments based on (1) the 2007 version of Aprisa; (2) information that was available

11  in 2014; (3) information that was publicly available; and (4) information about its own products.

12        Based on this court's ruling, the court further orders ATopTech to submit revised proposed

13  amended invalidity contentions in redline format, reinserting only those amendments that respond

14  to the amended infringement contentions permitted by this order and nothing more.  This

15  submission shall be made **by November 14, 2016.**

16

17      **IT IS SO ORDERED.**

18  Dated: November 9, 2016

19



20            Donna M. Ryu
          United States Magistrate Judge

21

22

23

24

25

26

27

28