UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYNOPSYS, INC., <br><br>  Plaintiff, <br><br> v. <br><br> ATOPTECH, INC, <br><br>  Defendant. | Case No. 13-cv-02965-MMC   (DMR) <br><br> **ORDER ON JOINT DISCOVERY LETTER** <br><br> Re: Dkt. Nos. 811 |

Plaintiff Synopsys, Inc. ("Synopsys") and Defendant ATopTech, Inc. ("ATopTech") filed a joint discovery letter in which Synopsys moves to compel ATopTech to respond to interrogatories. [Docket No. 811 (Joint Letter)]. ATopTech argues that it already answered Synopsys's Set One, Interrogatory Nos. 1-5, which contains at least 21 discrete subparts. As such, ATopTech contends that it is not required to respond to any of the interrogatories in Set Two, Interrogatory Nos. 6-25, because the Set Two interrogatories also contain discrete subparts, and even responding to Interrogatory No. 6 would require ATopTech to exceed the 25 interrogatory limit under Federal Rule of Civil Procedure 33(a)(1). [Docket No. 811 (Joint Letter)]. The court finds that this matter is appropriate for resolution without oral argument pursuant to Civil Local Rule 7-1(b). Having considered the parties' arguments and for the reasons set forth below, Synopsys' motion to compel is **GRANTED**.

**I.     DISCUSSION**

   **A. General Legal Standards**

"Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts. Leave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(2)." Fed. R. Civ. P. 33(a)(1). Although the rule does not define the term "discrete subparts," courts have construed it to mean that "interrogatory subparts are to be counted as one interrogatory . . . if they are logically

or factually subsumed within and necessarily related to the primary question." *Safeco of Am. v. Rawstrom*, 181 F.R.D. 441, 445 (C.D. Cal. 1998) (citation omitted); *see also* 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2168.1, at 39-40 (3d ed. 2010) ("it would appear that an interrogatory containing subparts directed at eliciting details concerning a common theme should be considered a single question, although the breadth of the area inquired about may be disputable. On the other hand, an interrogatory with subparts inquiring into discrete areas is likely to be counted as more than one for purposes of the limitation.").

When served with interrogatories, the responding party must serve its answers and any objections within 30 days. Fed. R. Civ. P. 33(b)(2). "Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3).

### B. Analysis

#### 1. Interrogatories Related to Accused Products and Patents-in-Suit

Patent cases present unique challenges with respect to the application of Rule 33's numerical limit on interrogatories. A circuit judge for the Federal Circuit, sitting as the district court in a patent case, recently devoted an entire opinion to the issue of what constitutes a "discrete subpart" for purposes of Rule 33(a)(1). *See Erfindergemeinschaft Uropep GbR v. Eli Lilly & Co.*, 315 F.R.D. 191 (E.D. Tex. 2016). In *Erfindergemeinschaft Uropep GbR*, the alleged infringer moved for a protective order striking the patentee's interrogatories, on the ground that the patentee exceeded the 25 interrogatory limit under Rule 33 since several of the interrogatories contained multiple discrete subparts. *Id*. at 194.

After conducting an exhaustive survey of district court cases around the country grappling with this problem, Circuit Judge William C. Bryson adopted the general approach outlined in *Safeco*, but included pragmatic considerations such as whether the particular interrogatory "threaten[ed] the purpose of Rule 33" by combining into one interrogatory what should be separate interrogatories. *Id*. at 194-97. But, even after settling on this modified approach, Circuit Judge Bryson stressed that what constitutes a discrete subpart is often a case-specific inquiry:

> It is important to acknowledge at the outset that the issue of 'discreteness' cannot

> reliably be captured by a verbal formula, and that ultimately the issue turns on a case-by-case assessment of the degree to which the subpart is logically related to the primary question in the interrogatory, as opposed to being separate and distinct. . . . Th[e court's approach] acknowledges that the issue of 'discreteness' often cannot be resolved by resort to a crisp verbal formula; it recognizes the reality that 'discreteness' is a matter of degree and that deciding whether a subpart of an interrogatory is sufficiently 'discrete' to be regarded as a separate interrogatory will frequently depend on the particular circumstances of each case and may not always be answerable with complete confidence.

*Id*. at 197.

This court agrees that the task of counting interrogatories requires a case-specific assessment. However, at least two recurring issues in patent cases have resulted in helpful principles. The first arises when one interrogatory asks a series of subpart questions about "all accused products." Where a case involves multiple accused products, courts generally have concluded that a single interrogatory seeking information about all accused products contains at least as many discrete subparts as there are accused products at issue, and potentially more depending on what information is sought about each accused product.

For example, *Collaboration Props., Inc. v. Polycom, Inc*., 224 F.R.D. 473, 475 (N.D. Cal. 2004), involved 26 accused products. The alleged infringer argued that each interrogatory that asked about all of the accused products should be construed as comprising 26 discrete subparts. *Id*. The district court agreed, reasoning that a "party [could not] avoid the numerical limits by asking questions about *distinct subjects*, but numbering the questions as subparts." *Id*. (emphasis in case) (citation and internal quotation marks omitted).

In *Rambus Inc. v. NVIDIA Corp*., Nos. C-08-03443 SI and C-08-05500 SI, 2011 WL 11746749, at *14 (N.D. Cal. Aug. 24, 2011), the dispute involved over 300 accused products and 15 patents-in-suit. The district court denied the patentee's motion to compel further responses to interrogatories which each sought information about either all of the accused products and/or all of the patents-in-suit. *Id*. It held, among other things, that "[a]n interrogatory that seeks information (even a single piece of information) about 300 separate products is asking 300 separate questions." *Id*.

A district court in the Central District of California similarly concluded that interrogatories "seeking facts related to separate patents or separate accused products seek information

3

concerning distinct subjects, and, therefore, constitute separate interrogatories." *Stamps.Com, Inc. v. Endicia, Inc., PSI Sys. Inc.*, No. CV 06-7499-ODW (CTx), 2009 WL 2576371, at *3 (C.D. Cal. May 21, 2009). *Stamps.com* involved 5 accused products and 11 patents. *Id*.

      This case involves a single accused product: Aprisa/Apogee. While there are different versions of Aprisa/Apogee at issue, Synopsys represents that "all versions of the Aprisa/Apogee product are substantially similar with respect to the accused functionalities and infringe the above-listed claims in substantially the same way." Ex. E to Synopsys' Proposed Amended Infringement Contentions at E-1 [Docket No. 765-1]. Therefore, this court counts Aprisa/Apogee, including all of its versions, as one product. This means that an interrogatory that asks for specific information about "all accused products" should be counted as one interrogatory, since the subparts all seek information about one distinct subject: Aprisa/Apogee. This is consistent with the approaches taken by the *Collaboration Props., Inc.*, *Rambus, Inc*., and *Stamps.com, Inc.* courts, which look to the number of distinct accused products as a basis for counting interrogatories.

      The second recurring issue arises when an interrogatory contains subparts asking for specific information about all patents-in-suit. Where there are numerous patents-in-suit, courts vary as to how, and even whether, to treat each patent-in-suit as a distinct subject for the purpose of counting interrogatories. ATopTech asserts that to the extent an interrogatory asks for information concerning all of the patents-in-suit, the court should count as many interrogatories as there are patents-in-suit (four in this case). However, the answer is not so pat.

      Relevant to this inquiry, in *Erfindergemeinschaft Uropep Gbr*, the alleged infringer argued that an interrogatory asking for its bases for filing three patent applications should be counted as including at least three discrete subparts to reflect the number of patent applications. 315 F.R.D. at 199. Circuit Judge Bryson rejected this approach, finding that the specific interrogatory made it clear that the three patent applications were "sufficiently related" such that they could properly be deemed to address one subject. *Id*. (citing *Keranos, LLC v. Silicon Storage Tech., Inc*., No. 2:13-cv-17, 2013 WL 5763738, at *2 (E.D. Tex. Aug. 5, 2013), *vacated in part on other grounds by* 797 F.3d 1025 (Fed. Cir. 2015)).

4

In *Keranos, LLC*, 2013 WL 5763738, at *1, the alleged infringer moved to strike the patentee's interrogatories as exceeding the number permitted by the court. The alleged infringer argued that the interrogatories contained discrete subparts based on the number of patents and the number of accused products addressed by the interrogatory, and because the interrogatory asked for all supporting facts, documents, and witnesses. *Id*. According to the defendant, when counting all discrete subparts, the patentee's interrogatories amounted to "several hundred in total." *Id*. The Eastern District of Texas rejected this approach, and instead examined whether the patents covered similar technology:

> . . . the number of patents or accused products does not present a blanket basis for double-counting Plaintiff's interrogatories. The three patents in this action all cover similar technology, specifically split-gate flash memory, and the accused products incorporate similar or in some cases identical technology. Accordingly, Plaintiff's interrogatories should not be counted multiple times based on the number of patents or accused products responsive to each interrogatory.

*Id*. at *2; *compare Racing Optics, Inc. v. Aeveo Corp*., No. 2:15-cv-1774-RCJ-VCF, 2016 WL 1595354, at *1-3 (D. Nev. April 20, 2016) (subdividing patent interrogatories not on the number of accused products and patents, but on whether subpart required the alleged infringer to rely on a separate set of information in responding to the subpart).

Based on the record in this case, the court finds that the patents-in-suit are sufficiently similar and related such that they could "properly be the subject of a single inquiry." *See Erfindergemeinschaft Uropep GbR*, 315 F.R.D. at 199; *Keranos, LLC*, 2013 WL 5736738 at *2. The patents-in-suit cover similar technology, e.g. integrated circuit design. Moreover, Synopsys represents that the accused product and all of its versions infringe all four patents-in-suit in substantially similar ways. Ex. E to Synopsys' Proposed Amended Infringement Contentions at E-1-3 [Docket No. 765-1].

**2.    Interrogatories Seeking Facts, Documents and Witnesses**

There is a split among courts as to whether an interrogatory asking for facts, documents, and witnesses contains three discrete subparts, or should be counted as one interrogatory. For example, in *Superior Communications v. Earhugger*, 257 F.R.D. 215, 218 (C.D. Cal. 2009), the

5

patentee propounded a contention interrogatory that asked the alleged infringer to identify all facts that supported or undermined "the allegation in the answer," all persons with knowledge of those facts, and all documents and things that related to those facts. The district court denied the patentee's motion to compel responses to the interrogatories. *Id*. In so concluding, the district court explained that even if it overlooked the fact that the interrogatory essentially asked the alleged infringer to set forth all facts regarding each of its affirmative defenses, among other things, the interrogatory "still ha[d] at least three discrete subparts: facts; persons; and documents." *Id*. (citing to collection of cases).

Similarly, in *U.S. ex rel. Pogue v. Diabetes Treatment Centers of Am., Inc*., 235 F.R.D. 521, 527 (D.D.C. 2006), cited in *Earhugger*, the district court concluded that certain interrogatories asking for all facts, witnesses, and documents relating to a contention were "impermissibly compound because each require[d] separate responses to individual subparts that [were] not so related that they may be considered one interrogatory." The court found that such an interrogatory was "more accurately counted as three separate interrogatories." *Id.*; *see also Banks v. Office of Senate Sergeant-at-Arms*, 222 F.R.D. 7, 10 (D.D.C. 2004) (cited in *Earhugger*) (finding that "a demand for information about a certain event and for the documents about it should be counted as two separate interrogatories").

However, the district court in *Stamps.Com, Inc.* reached the opposite conclusion. At issue were two contention interrogatories. The first interrogatory asked the alleged infringers to identify all facts that supported their allegation that each of the patents-in-suit was invalid, all persons with knowledge of such facts, and all supporting documents. 2009 WL 2576371 at *1-2. The other interrogatory asked the alleged infringers to provide the name and description of each accused product for which they denied the patentee's allegations of infringement, and to provide a claim chart "showing with specificity, on a claim by claim basis," why the accused product did not infringe each of the patents-in-suit. *Id*. In partially granting the patentee's motion to compel, the district court explained that while a different court had concluded that a contention interrogatory asking for facts, documents, and witnesses comprised three separate interrogatories, it found that "the requests for facts, persons with knowledge of those facts, and documents containing those

6

facts should be considered one interrogatory," because such requests are "subsumed within the primary question" regarding the contention at issue. *Id.* at *3; *see also Keranos*, *LLC*, 2013 WL 5763738, at *2 (concluding the same and citing *Stamps.com* with approval).

This court finds that *Stamps.com* is more factually apposite and persuasive than *Earhugger* and the cases upon which it relies. As discussed more specifically below, Interrogatory Nos. 3 through 5 ask for facts, documents, and witnesses relating to a discrete contention or affirmative defense, e.g., non-infringement, invalidity, or laches; thus, they are more similar to the contention interrogatories at issue in *Stamps.com*, *Inc.*, 2009 WL 2576371 at *1, than the interrogatory in *Earhugger* which asked generally about all of the alleged infringer's affirmative defenses. *See* 257 F.R.D. at 218.

Moreover, the reasoning in *Stamps.com* falls in line with the relative consensus among courts as to what generally constitutes a discrete subpart under Rule 33(a)(1), as discussed above. Subparts asking for facts, documents, and witnesses relating to a primary contention or allegation are logically or factually related, and thus should be construed as subsumed in the primary question. The court notes that the outcome could be different depending on how the subparts relate to each other. For example, in a non-contention interrogatory context, subparts which were unrelated to each other constituted discrete subparts. In *Erfindergemeinschaft Uropep* GbR, 315 F.R.D. at 197, the court found two discrete subparts where an interrogatory asked for a description of the mechanism underlying the pharmaceutical effects of a particular drug, as well as all persons involved in the design, testing, or other aspects of developing the drug. The second subpart asking for the identification of all persons who were involved in the development of the drug had "no direct relationship" to the prior subpart; in other words, a "full and complete" answer to questions about the drug's mechanism would not "necessarily entail" the identification of persons and documents requested in the second subpart. *Id*.

In sum, to the extent the subparts to a contention interrogatory ask for facts, documents, and persons relating to one subject or contention, the court will count it as one interrogatory.

### C. Application of Principles to Interrogatory Nos. 1-5

The court now applies these principles to Interrogatory Nos. 1-5.

### 1. **Interrogatory No. 1**

Interrogatory No. 1 asks ATopTech to identify each accused instrumentality made, used, sold, licensed, or offered for sale in the United States since June 26, 2007. [Docket No. 811-1 at 7]. The subparts seek information about each accused instrumentality including an identification of the product name and version (e.g., release number), the date(s) on which the accused instrumentality was made, used, sold, licensed, and offered for sale, and the person(s) most knowledgeable about this response. *Id*.

ATopTech argues that this interrogatory should be treated as comprising at least two discrete subparts: the first asking for information about each accused instrumentality, and the second asking for the person(s) most knowledgeable about this response..

The court counts Interrogatory No. 1 as one interrogatory. There is one accused product, as discussed above, and the subparts to Interrogatory No. 1 are "subsumed within and necessarily related to the primary question." *Safeco*, 181 F.R.D. at 445; *see also In re Lithium Ion Batteries Antitrust Litig.*, 2015 WL 1221924, at *2 (N.D. Cal. Mar. 13, 2015). The primary question relates to the identification of each accused instrumentality made, used, sold, licensed, or offered for sale in the United States since June 26, 2007. ATopTech appears to concede that the subparts immediately following the primary question are "logically . . . subsumed within and necessarily related" to the primary question, because it counts these subparts as one interrogatory. This makes sense, since these subparts specify the information that ATopTech must provide in identifying each accused instrumentality, e.g., product name and version, date on which the accused instrumentality was made, sold, licensed, and offered for sale. The last subpart asks ATopTech to identify the person(s) most knowledgeable about the response, and is thus factually subsumed into the main question.

### 2. **Interrogatory No. 2**

Interrogatory No. 2 asks ATopTech to provide information about each accused instrumentality identified in response to Interrogatory No. 1, including the number of units made, used, sold, licensed, or offered for sale, the revenue realized, the cost of goods sold, the profit realized, and the personal knowledgeable about ATopTech's response. [Docket No. 811-1 at 8].

8

ATopTech counts at least two discrete subparts, the first asking for information about each accused instrumentality, and the second asking for the person(s) most knowledgeable about this response. For the same reasons discussed with respect to Interrogatory No.1, the court finds that the subparts to Interrogatory No. 2 are "subsumed within and necessarily related to the primary question." *Safeco*, 181 F.R.D. at 445.

### 3. Interrogatory No. 3

Interrogatory No. 3 asks ATopTech to state all the factual and legal bases for its denial of infringement as to each patent-in-suit in claim chart format, in which ATopTech must identify each non-infringing claim limitation and certain information as to each non-infringing claim limitations, all documents relating to the facts in the interrogatory or reviewed in preparing the response, and all witnesses/persons most knowledgeable about the response. [Docket No. 811-1 at 10].

ATopTech counts at least three discrete subparts, the first asking for all facts relating to ATopTech's denial of infringement, the second asking for all documents relating to all facts or assertions in the response, and the third asking for the person(s) most knowledgeable about this response.

Although Interrogatory No. 3 does not specifically use the word "contend," it is essentially a contention interrogatory. The "facts, documents, and people" subparts are subsumed within the interrogatory because they are logically related to a primary question, which seeks the bases for ATopTech's non-infringement allegations. For the reasons discussed above, the court counts it as one interrogatory.

### 4. Interrogatory Nos. 4 and 5

Interrogatory No. 4 asks ATopTech to identify the bases for ATopTech's twelfth affirmative defense of invalidity. [Docket No. 811-1 at 12]. The subparts ask ATopTech to identify all facts supporting such bases, all documents relating to such facts, and the persons most knowledgeable about ATopTech's response. *Id.* ATopTech counts at least twelve (12) discrete subparts, which include three discrete subparts (facts, documents, and persons most knowledgeable) for each of the four patents at issue.

9

1    Interrogatory No. 5 asks ATopTech to identify the bases for ATopTech's fourteenth and
2    fifteenth affirmative defenses that Synopsys' claims for relief are barred, in whole or in part, by
3    (or under) "the doctrine of laches." [Docket No. 811-1 at 14]. The subparts ask ATopTech to
4    identify all facts supporting such bases, all documents relating to such facts, and the persons most
5    knowledgeable about ATopTech's response. *Id*. ATopTech counts at least three discrete subparts,
6    the first asking for all facts relating to ATopTech's fourteenth and fifteenth affirmative defenses,
7    the second asking for all documents relating to all facts or assertions in the response, and the third
8    asking for the person(s) most knowledgeable about this response.

The court counts Interrogatory No. 4 as one interrogatory because the "facts, documents, and witnesses" subparts are subsumed within the interrogatory as they are logically related its primary topic, e.g. the bases for ATopTech's affirmative defense of invalidity.

The court also counts Interrogatory No. 5 and its subparts as a single interrogatory. Although the interrogatory nominally addresses two separate affirmative defenses, both the fourteenth and fifteenth affirmative defenses appear to raise the same defense of laches.

## II.   CONCLUSION

Synopsys' motion to compel is **GRANTED**. Since Interrogatory Nos. 1-5 did not exceed the twenty-five interrogatory limit, ATopTech's objections to Set Two, Interrogatory Nos. 6-25 on this ground are overruled. To the extent that ATopTech continues to assert that Interrogatories Nos. 6-25 contain an impermissible number of discrete subparts, ATopTech must meet and confer with Synopsys, using this order as guidance for counting the number of interrogatories comprised in Set Two. The court orders ATopTech to provide substantive responses to Set Two, Interrogatory Nos. 6-25 within fourteen days.

**IT IS SO ORDERED.**

Dated: November 16, 2016

_____
Donna M. Ryu
United States Magistrate Judge

