1 | Paul Alexander (#49997)
Sean M. Callagy (#255230)
2 | Willow White Noonan (#277584)
ARNOLD & PORTER LLP
3 | Three Embarcadero Center, 7th Floor
San Francisco, CA 94111-4024
4 | Telephone: (415) 471-3100
Fax: (415) 471-3400
5 | E-Mail: Paul.Alexander@aporter.com
E-Mail: Sean.Callagy@aporter.com
6 | E-Mail: Willow.Noonan@aporter.com

7 | Philip W. Marsh (#276383)
Jedediah Phillips (#218083)
8 | ARNOLD & PORTER LLP
1801 Page Mill Road, Suite 110
9 | Palo Alto, CA 94304-1216
Telephone: (650) 798-2920
10 | Fax: (650) 798-2999
E-Mail : Philip.Marsh@aporter.com
11 | E-Mail : Jed.Phillips@aporter.com

12 | Attorneys for Defendant
ATOPTECH, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SYNOPSYS, INC.,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ATOPTECH, INC.,<br><br>　　　　Defendant. | Case No. 3:13-cv-02965 MMC (DMR)<br><br>**DEFENDANT ATOPTECH, INC.'S ADMINISTRATIVE MOTION TO ENLARGE TIME FOR HEARING ON MOTIONS FOR SUMMARY JUDGMENT**<br><br>**Judge:**　　Hon. Maxine M. Chesney<br>**Courtroom:**　7, 19th Floor |

1   Pursuant to Civil Local Rules 6-3 and 7-11, Defendant ATopTech, Inc. respectfully requests
2   that the Court move the hearing date for Plaintiff's and Defendant's Motions for Summary
3   Judgment (Dkt. Nos. 923, 926) to January 24, 2017, or another mutually convenient date for the
4   Court and parties.  ATopTech requests this change because of a scheduling conflict ATopTech's
5   counsel has on January 20, 2017, the currently noticed hearing date. The parties filed summary
6   judgment motions on December 15, 2016.  *See* Dkt. Nos. 923, 926.  Thirty-five days after the
7   December 15 filing date is January 19, 2017, so the parties noticed the motion for the following
8   day, January 20, 2017, the next available date when the Court regularly holds its Civil Law and
9   Motion Calendar. [1]

10   Because ATopTech's undersigned lead patent counsel is currently scheduled to be out of the
11   country for work on another client matter from January 16, 2017 through January 21, 2017,
12   ATopTech seeks by this motion to move the summary judgment hearing to January 24, 2017, or
13   another date that is mutually convenient for the Court and the parties.  Because ATopTech
14   understands that counsel for Synopsys has a conflict from Wednesday through Friday of the
15   following week (January 25 – 27), and because a delay of two weeks to February 3 would schedule
16   the summary judgment hearing at the same time that motions *in limine* and other pretrial filings are
17   due, ATopTech respectfully requests that the Court hear argument on the summary judgment
18   motions on the afternoon of Tuesday, January 24, 2017, if possible, or at another time mutually
19   convenient to the Court and the parties.[2]

20   ATopTech does not make this request lightly.  The requested change is necessary because
21   ATopTech's undersigned lead patent counsel in this case, is scheduled to be out of the country in
22   Asia for meetings on another client matter from January 16, 2017 through January 21, 2017, some

---

[1] *See* Civil L.R. (hearing notice "not less than 35 days after filing of the motion"); Judge Chesney's Civil Pretrial Order (requiring dispositive motions to "be noticed for hearing 35 days" after filing of motion).

[2] ATopTech understands that it can simply notice the hearing on its motions for summary judgment (Dkt. No. 926) for another date pursuant to Civil L.R. 7-7(a), because Synopsys has not yet filed an opposition to the motion. But because Synopsys' counsel is not available the following Friday, January 27, and the next Friday, February 3, potentially conflicts with other pre-trial filings, ATopTech is seeking administrative relief to move the hearing to Tuesday, January 24, a date not normally available for Civil motion hearing pursuant to the Judge's Standing Order.

of which he is expected to lead himself.  Declaration of Philip W. Marsh ("Marsh Decl."), ¶ 3.  A team that includes four other attorneys will also be making the trip abroad for the same meetings from several different locations across the United States, and have coordinated their travel based on these same meetings during the same timeframe.  *Id*., ¶ 4.  Additionally, the client involved in these meetings abroad has also scheduled to have several of its employees attend the same meetings.  *Id*, ¶ 5.  ATopTech would have simply noticed its motion for later than January 20, 2016 to avoid the conflict in the first place, but understood that the Court, by the combination of its local rules and the sample Civil Pretrial Order, wished the parties to notice hearings on dispositive motions 35 days after the motions are filed.[3]  Additionally, ATopTech's counsel had already communicated with Synopsys' counsel, understood Synopsys would also notice its motion for January 20, and wished to continue to meet and confer with Synopsys to try to reach agreement to stipulate to a new hearing date, if possible.

     ATopTech discussed the possibility of extending the summary judgment schedule several months ago in September, but the parties had never reached a resolution.  Marsh Decl., ¶ 6.  Several days before the parties filed summary judgment motions, on December 12, 2016, ATopTech's counsel again contacted Synopsys' counsel and asked about the possibility of stipulating (a) to extend the briefing schedule by a week and (b) to move the hearing date from January 20, 2017 to the following week.  *Id*., ¶ 7.  Synopsys counsel responded on December 15, 2016 that it would agree to join a request to extend the briefing schedule by one week, and that it would not join, but would not oppose ATopTech's request to continue the January 20 hearing to the following Tuesday or Wednesday.  *Id*., ¶ 8.  But Synopsys did not agree to stipulate to the new hearing date as ATopTech had requested.  *See id*., ¶¶ 7-8.  ATopTech's counsel attempted to obtain a stipulation to the time change (*see* Civil L.R. 6-3(a)(2)), and informed Synopsys' counsel that, if Synopsys would not agree to stipulate to a new hearing date, ATopTech would live with the current briefing schedule and would move for a new hearing date.  *Id*., ¶ 9.  Synopsys did not agree to stipulate to a new hearing date, and on December 21 indicated that it would oppose ATopTech's motion for a new hearing date.  *Id*., ¶ 10.  Through further discussions, Synopsys informed ATopTech that its

---

[3] *See* note 1, *supra*.

counsel has a conflict on Wednesday through Friday, January 25 – January 27, of the following week, but does not have a conflict on Tuesday, January 24, 2017. *Id*., ¶ 11. Accordingly, ATopTech is requesting that the Court move the hearing to January 24, which ATopTech understands could work for both parties, if that date will work for the Court.

ATopTech will be prejudiced absent a change in the hearing date on the summary judgment motions. The undersigned is ATopTech's lead counsel for its defense against Synopsys' patent claims. As such, the undersigned authored and signed ATopTech's summary judgment brief, as well as the supporting declaration and related administrative motion to seal. ATopTech's undersigned counsel also has guided ATopTech's defense to Synopsys' patent claims and the general strategy of that defense, and is instrumental to argue on behalf of ATopTech at the summary judgment hearing. Accordingly, if the hearing date is not changed from January 20, ATopTech would be prejudiced if the undersigned is out of the country and ATopTech is not able to have the benefit of its lead patent counsel at this important hearing. Likewise, the other client and attorneys relying on the undersigned to be at the meetings abroad will be prejudiced if the undersigned is forced to change travel plans because the hearing date is not moved. Either way, absent a change in the hearing date, some party will be prejudiced.

While several changes in the schedule in this case have happened, to date no changes have been made to the schedule with respect to the summary judgment briefing or hearing schedule.

It appears that the Court already has several hearings scheduled for January 20, 2017, and so ATopTech is hopeful that rescheduling the summary judgment hearings to another date will not pose an inconvenience for the Court. It is believed that continuing the hearing date for the dispositive motions should not affect other dates in the schedule for this matter. Additionally, because Synopsys' counsel has indicated that it is available on Tuesday, January 24, 2017, if the hearing is scheduled for that date, it is believed that there will also be no prejudice to Synopsys.

Accordingly, ATopTech respectfully requests that the Court move the hearing on the parties' summary judgment motions (Dkt. Nos. 923, 926) to January 24, 2017, or another mutually convenient date for the parties and the Court.

Dated:  December 23, 2016.

ARNOLD & PORTER LLP

By:   /s/ Philip W. Marsh
           Philip W. Marsh

Counsel for Defendant
ATOPTECH, INC.