1  Paul Alexander (#49997)
   Sean M. Callagy (#255230)
2  Willow White Noonan (#277584)
   ARNOLD & PORTER LLP
3  Three Embarcadero Center, 7th Floor
   San Francisco, CA 94111-4024
4  Telephone: (415) 471-3100
   Fax: (415) 471-3400
5  E-Mail: Paul.Alexander@aporter.com
   E-Mail: Sean.Callagy@aporter.com
6  E-Mail: Willow.Noonan@aporter.com

7  Philip W. Marsh (#276383)
   Jedediah Phillips (#218083)
8  ARNOLD & PORTER LLP
   1801 Page Mill Road, Suite 110
9  Palo Alto, CA 94304-1216
   Telephone: (650) 798-2920
10 Fax: (650) 798-2999
   E-Mail: Philip.Marsh@aporter.com
11 E-Mail: Jed.Phillips@aporter.com

12 Attorneys for Defendant
   ATOPTECH, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SYNOPSYS, INC., <br><br> Plaintiff, <br><br> v. <br><br> ATOPTECH, INC., <br><br> Defendant. | Case No. 3:13-cv-02965 MMC (DMR) <br><br> **DECLARATION OF PHILIP W. MARSH IN SUPPORT OF DEFENDANT ATOPTECH, INC.'S ADMINISTRATIVE MOTION TO ENLARGE TIME FOR HEARING ON MOTIONS FOR SUMMARY JUDGMENT** <br><br> **Judge:** Hon. Maxine M. Chesney <br> **Courtroom:** 7, 19th Floor |

I, PHILIP W. MARSH, declare as follows:

1. I am an attorney with the law firm of Arnold & Porter LLP, counsel of record for Defendant ATopTech, Inc. ("ATopTech"). I am licensed to practice law in the State of California. I make this declaration in support of Defendant ATopTech's Administrative Motion to Enlarge Time for Hearing on Motions for Summary Judgment. I have personal knowledge of the facts stated herein.

2. I am ATopTech's lead counsel for its defense of Synopsys' patent claims in this case.

3. I am scheduled to be out of the country in Asia for meetings on another client matter from January 16, 2017 through January 21, 2017. I am expected to lead at least parts of these meetings.

4. A team that includes four other attorneys from Palo Alto, California, Denver, Colorado, and Washington, DC, and will also be making the trip to Asia for the same meetings, and have coordinated their travel for these same meetings, during this same time frame.

5. The client involved in these meetings abroad has also scheduled to have several of its employees attend the same meetings.

6. On September 27, 2016, I spoke with Synopsys' counsel about the possibility of reaching agreement to extend the summary judgment schedule. Synopsys' counsel indicated a potential willingness to extend the schedule but did not commit to do so.

7. On December 12, 2016, I spoke with Synopsys' counsel about the possibility of the parties stipulating to extending the summary judgment briefing schedule by a week and to move the hearing date from January 20, 2016 to the following week.

8. On December 15, 2016, Synopsys' counsel responded that it would agree to join a request to extend the briefing schedule by one week, and that it would not join, but would not oppose ATopTech's request to continue the January 20 hearing to the following Tuesday or Wednesday.

9. On December 19, 2016, I spoke with Synopsys' counsel and informed him that if Synopsys would not agree to stipulate to a new hearing date, ATopTech would not seek to change the briefing schedule, but move for a new hearing date.

1    10.  On December 21, 2016, Synopsys' counsel indicated that it would oppose ATopTech's motion for a new hearing date.

2    11.  On December 22, 2016, I spoke with Synopsys' counsel regarding ATopTech's anticipated motion to move the summary judgment hearing date.  During those discussions, Synopsys' counsel informed me that its counsel has a conflict on Wednesday, January 25, 2016, through Friday, January 27, 2016.  Synopsys' counsel also indicated that Synopsys' counsel did not have a conflict on Tuesday, January 24, 2016.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed on December 23, 2016, at Palo Alto, California.

    /s/  Philip W. Marsh
    Philip W. Marsh